```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 6, 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
:
:
IN RE ALUMINUM WAREHOUSING   :   13 MD 2481 (KBF)
ANTITRUST LITIGATION         :
:
:   ORDER
:
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

The Court intends to use the attached draft case management order as a template for discussion at today's conference. Copies will be available thirty minutes prior to the conference in the courtroom.

SO ORDERED.

Dated:   New York, New York
         February 6, 2014

                                       _____
                                       KATHERINE B. FORREST
                                       United States District Judge

DRAFT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
                                                            :    13 MD 2481 (KBF)
                                                            :
IN RE ALUMINUM WAREHOUSING                                  :
ANTITRUST LITIGATION                                        :    CASE MANAGEMENT
                                                            :       ORDER NO. 1
                                                            :
                                                            :
------------------------------------------------------- X

KATHERINE B. FORREST, District Judge:

This matter has come before the Court for certain preliminary matters, issues related to the consolidation and coordination of these actions, and the appointment of Plaintiffs' Executive Committee and Steering Committee.

Having met with counsel for the several plaintiffs and defendants, IT IS HEREBY ORDERED as follows:

I.     CAPTIONS AND FILING

    A.     **Master Docket and File**

The Clerk will maintain a master docket and case file under the style <u>In re Aluminum Warehousing Antitrust Litigation</u>, 13 MD 2481.

    B.     **Captions; Separate Filing**

All orders, pleadings, motions, and other documents filed in any or all of the actions now or hereafter subject to this order shall bear the following caption:

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
                                              :
                                              :
                                              :
IN RE ALUMINUM WAREHOUSING         :          13 MD 2481 (KBF)
ANTITRUST LITIGATION               :
                                              :
                                              :
                                              :
                                              :
----------------------------------------------------------- X
```

A paper pertinent to all of the actions consolidated for discovery purposes by Section I.B of this Order shall state that it applies to "ALL CASES." A paper pertinent to fewer than all of the actions shall state the docket number of each individual case to which it pertains. All papers filed in any of these cases shall be docketed on the master docket and on the docket of each individual case to which it pertains.

### C. Pleadings

To the extent actions are consolidated and listed in Section II.A below, a consolidated complaint shall be served and filed no later than 21 days after the date hereof. Defendants thereafter shall answer, more or otherwise respond no later than 21 days later. Unless otherwise ordered, the briefing schedule for any motions to dismiss shall be in accordance with the local rules of this District.

### D. Motions

No motion (other than under Fed. R. Civ. P. 12 or 56) shall be filed unless it includes a certification that the movant has conferred with opposing parties and made a good faith effort to resolve the matter without court action.

### E.  Discovery

Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court except when specifically so ordered by the Court or to the extent needed in connection with a motion.

### F.  Later Cases

The provisions of this Order, including pretrial consolidation, shall apply automatically to actions later instituted in or removed or transferred to this Court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) that involve similar claims.

## II.  CONSOLIDATION

### A.  Substantive Consolidation [into a single complaint(s)]

[Case names]

### B.  Discovery Coordination [remain as separate complaints]

[Case names]


## III. APPOINTMENT OF PLAINTIFFS' EXECUTIVE COMMITTEE AND STEERING COMMITTEE

The Court designates the following counsel to act on behalf of plaintiffs with respect to those items enumerated in § IV, infra.

### A. Plaintiff's Executive Committee

The Court designates the following counsel as Plaintiffs' Executive Committee:

    1. Lead Counsel

    2. Liaison Counsel

    3. Coordinating Counsel

B.  **Plaintiffs' Steering Committee**

The Court designates the following counsel as Plaintiffs' Steering Committee:

## IV. RESPONSIBILITIES OF PLAINTIFFS' EXECUTIVE COMMITTEE AND STEERING COMMITTEE

The Plaintiffs' Executive Committee and Steering Committee shall have the following duties and responsibilities:

A.  **Plaintiffs' Executive Committee**

The Plaintiffs' Executive Committee shall be responsible for coordinating the activities of plaintiffs during pretrial proceedings and, in consultation with and with the assistance of the Plaintiffs' Steering Committee, shall: determine and present to the Court and opposing parties the position of the plaintiffs on all coordinated matters arising during pretrial proceedings; coordinate the initiation and conduct of discovery for the common benefit of the plaintiffs; enter into agreements with opposing counsel necessary for the conduct of the coordinated pretrial proceedings; submit, where needed, additional committees and counsel for designation by the Court; and perform such other duties as may be incidental to the proper coordination of plaintiffs' pretrial activities. With the consultation and advice of the

other members of the Plaintiffs' Steering Committee, the Plaintiffs' Executive Committee shall make the decisions pertaining to these previously referenced matters. In the event that the Plaintiffs' Executive Committee is evenly split on any such issue, the tie shall be resolved by the vote of Lead Counsel.

The only person authorized to speak on behalf of and bind the Plaintiffs' Steering Committee shall be Lead Counsel, or, Liaison Counsel in his stead, or other members of the Plaintiffs' Executive Committee as expressly authorized by Lead Counsel.

### B. Plaintiffs' Steering Committee

At the request of and under the supervision of the Plaintiffs' Executive Committee, the whole of the Plaintiffs' Steering Committee shall have the following responsibilities:

(1) Initiate, coordinate, and conduct all common benefit pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant MDL.

(2) Develop and propose to the Court schedules for the commencement, executions, and completion of all discovery on behalf of all plaintiffs.

(3) Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.

(4) Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all MDL plaintiffs.

(5) Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

(6) Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court.

(7) Submit and argue any motions to the Court, and file any briefs in opposition to motions, on behalf of all plaintiffs, which involve matters within the sphere of responsibilities of the Plaintiffs' Steering Committee.

(8) Explore, develop, and pursue all settlement options pertaining to the common benefit of all plaintiffs.

(9) Maintain adequate files for all pretrial matters, including establishing and maintaining a document depository, and having those documents available, under reasonable terms and conditions, for examination by all MDL plaintiffs or their attorneys.

(10) Perform any task necessary and proper for the Plaintiffs' Steering Committee to accomplish its responsibilities as defined by the Court's orders, including organizing sub-committees comprised of plaintiffs' attorneys both on the Plaintiffs' Steering Committee and not on the Plaintiffs' Steering Committee, and assigning them tasks consistent with the duties of the Plaintiffs' Steering Committee.

(11) Perform such other functions as may be expressly authorized or directed by further orders of the Court.

## V. COMPENSATION AND TIME AND EXPENSE RECORDS

Counsel who anticipate seeking an award of attorneys' fees and reimbursement of expenditures from the Court shall comply with the directives contained in The Manual for Complex Litigation, Fourth § 14.213 regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred.

SO ORDERED.

Dated:   New York, New York
         February ___, 2014

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge