```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 6, 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                            :
                            :
                            :     13 MD 2481 (KBF)

IN RE ALUMINUM WAREHOUSING     :
ANTITRUST LITIGATION                 :     <u>CASE MANAGEMENT
                            :     ORDER NO. 2</u>
                            :
                            :
------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

      This matter has come before the Court for certain preliminary matters, issues related to the consolidation and coordination of these actions, and the appointment of Plaintiffs' Interim Co-Lead Counsel and Plaintiffs' Steering Committee.

      Having heard the parties at the initial pretrial conference on February 6, 2014, and having considered the parties' subsequent submissions, IT IS HEREBY ORDERED as follows:

## I. CONSOLIDATION AND COORDINATION OF RELATED ACTIONS

      A.    As discussed during the February 6, 2014 status conference, plaintiffs intend to file three separate consolidated complaints on behalf of each of the following three Plaintiff Groups and Proposed Classes, and defendants reserve their rights to object to the filing of these three separate consolidated complaints:

           1.    Direct Purchaser Plaintiffs;

           2.    Commercial End User Plaintiffs; and

           3.    Consumer End User Plaintiffs.

B. Each of the three Proposed Classes shall have their own respective Interim Co-Lead Counsel, as appointed herein, which shall have the rights and responsibilities enumerated in § III, infra, but solely with respect to their respective Proposed Class.

C. The separate amended complaints of plaintiffs Mag Instrument, Inc. and Agfa Corp., represented by Scott + Scott LLP, must be filed in accordance with the schedule entered by the Court on February 6, 2014.[1] These actions shall be coordinated for all pretrial purposes with the other actions. For the avoidance of doubt, all discovery and other pretrial matters shall occur through the procedures set forth in this Order. In particular, there shall not be separate discovery demands, negotiations, or motions.

D. All cases shall be coordinated with regard to scheduling and discovery.

E. No communication between or among any plaintiffs' counsel, or all of them, or among any defendant's counsel, or all of them, shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

## II. APPOINTMENT OF PLAINTIFFS' INTERIM CO-LEAD COUNSEL AND STEERING COMMITTEE

Having considered the submissions of Direct Purchaser Plaintiffs, Commercial End User Plaintiffs, and Consumer End User Plaintiffs, the Court designates the following counsel to act on behalf of the three respective plaintiff groups pursuant to Rules 16 and 23 of the Federal Rules of Civil Procedure and the

---

[1] The Court notes that these plaintiffs filed these two actions in the Central District of California and the Eastern District of Michigan, respectively, and timely requested the filing of separate amended complaints by letter dated February 17, 2014. (ECF No. 167.)

2

inherent authority of this Court. These firms all have the rights and responsibilities enumerated in § III, infra.

    A.    Plaintiffs' Interim Co-Lead Counsel

        1.    Interim Co-Lead Counsel for Direct Purchaser Plaintiffs and the Proposed Direct Purchaser Class

The Court appoints the following counsel as Interim Co-Lead Counsel for all Direct Purchaser Plaintiffs and the Proposed Direct Purchaser Class:

            a.    Grant & Eisenhofer P.A.;

            b.    Lovell Stewart Halebian Jacobson LLP; and

            c.    Robbins Geller Rudman & Dowd LLP.

        2.    Interim Co-Lead Counsel for Commercial End User Plaintiffs and the Proposed Commercial End User Class

The Court appoints the following counsel as Interim Co-Lead Counsel for all Commercial End User Plaintiffs and the Proposed Commercial End User Class:

            a.    Cuneo Gilbert & LaDuca, LLP;

            b.    Girard Gibbs LLP; and

            c.    Kessler Topaz Meltzer & Check, LLP.

        3.    Interim Co-Lead Counsel for Consumer End User Plaintiffs and the Proposed Consumer End User Class

The Court designates the following counsel as Interim Co-Lead Counsel for all Consumer End User Purchaser Plaintiffs and the Proposed Consumer End User Class:

a. Finkelstein Thompson LLP; and

b. Strange & Carpenter.

B. <u>Plaintiffs' Steering Committee</u>

The Court appoints the following counsel to the Plaintiffs' Steering Committee for the Direct Purchaser Plaintiffs:

1. Bonsignore, LLC

2. Emerson Poynter, LLP

3. Gold Bennett Cera & Sidener, LLP

4. Heins Mills & Olson, P.L.C.

5. Lieff Cabraser Heimann & Bernstein, LLP

6. Lowey Dannenberg Cohen & Hart, P.C.

7. Morgan & Morgan, P.C.

8. Oliver Law Group, P.C.

9. Vanek, Vickers & Masini, P.C.

The Court does not appoint a Plaintiffs' Steering Committee for the Commercial End User Plaintiffs at this time.

The Court does not appoint a Plaintiffs' Steering Committee for the Consumer End User Plaintiffs at this time.

## III. RESPONSIBILITIES OF PLAINTIFFS' INTERIM CO-LEAD COUNSEL AND STEERING COMMITTEE

Plaintiffs' Interim Co-Lead Counsel for each of the three Proposed Classes and the Plaintiffs' Steering Committee described above shall have the following duties and responsibilities:

4

A. <u>Plaintiffs' Interim Co-Lead Counsel</u>

1. Interim Co-Lead Counsel shall be responsible for the overall conduct of the litigation on behalf of their respective Proposed Classes. Except to the extent that Interim Co-Lead Counsel has specifically delegated an assignment to the Plaintiffs' Steering Committee or other counsel, Interim Co-Lead Counsel shall:

   a. Initiate, coordinate, and conduct all common benefit pretrial discovery on behalf of plaintiffs in all actions which are consolidated or coordinated[2] with the instant MDL;

   b. Develop and propose to the Court schedules for the commencement, executions, and completion of all discovery on behalf of all plaintiffs;

   c. Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation;

   d. Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all MDL plaintiffs;

   e. Examine witnesses and introduce evidence at hearings on behalf of plaintiffs;

---

[2] As discussed <u>supra</u>, the Court expects that plaintiffs Mag Instrument, Inc. and Agfa Corp. shall coordinate discovery and all other matters with the members of the Proposed Classes, with the exception of any individual settlement discussions or dispositive motions.

f. Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court;

g. Submit and argue any motions to the Court, and file any briefs in opposition to motions, on behalf of all plaintiffs, which involve matters within the sphere of responsibilities of Interim Co-Lead Counsel;

h. Explore, develop, and pursue all settlement options pertaining to the common benefit of all plaintiffs in the consolidated actions;[3]

i. Maintain adequate files for all pretrial matters, including establishing and maintaining a document depository, and having those documents available, under reasonable terms and conditions, for examination by all MDL plaintiffs or their attorneys;

j. Perform any task necessary and proper to accomplish its responsibilities as defined by the Court's orders, including, in its discretion, organizing sub-committees comprised of plaintiffs' attorneys both on the Plaintiffs' Steering Committee and not on the Plaintiffs' Steering Committee, and assigning them tasks consistent with the duties of the Plaintiffs' Steering Committee;

---

[3] The Court leaves to the parties and counsel how if at all to involve those plaintiffs not part of one of the three Proposed Classes described above in any settlement discussions that may occur.

6

k. Collect time and expense reports from each firm (either personally or by designee), including paralegals and any other staff members whose time is expected to be included in any fee petition;

  (i) To this end, all plaintiffs' counsel shall keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours and particular activities performed;

  (ii) By the fifteenth day of each month, each firm that may seek an award (or approval) of a fee by the Court shall file with Interim Co-Lead Counsel (or designee established by Interim Co-Lead Counsel), a report summarizing, according to each separate activity, the time and expenses spent by its attorneys, paralegals or staff during the preceding month (and the ordinary billing rates of such personnel in effect during the month) and the accumulated total of the firm's time, hourly rates, and expenses to date;

  (iii) All plaintiffs' counsel shall endeavor to keep fees reasonable and to choose the most appropriate level of staffing for the tasks required in this litigation; and

  (iv) Interim Co-Lead Counsel shall be responsible for preparing any application for an award (or approval) of fees and reimbursement of expenses by plaintiffs, consistent with the Rules and Orders of this Court. Provided, the provisions of this subparagraph do not limit the discretion of Interim Co-Lead Counsel in basing an allocation of any fee award among plaintiffs' counsel, whether based on lodestar, a percentage-based allocation, a combination of the two, or any other reasonable method of allocation, consistent with the Rules and Orders of this Court.

l. Make and collect assessments (either personally or by designee) from some or all of Plaintiffs' counsel for the purpose of paying the costs necessary to prosecute the case;

m. Employ and consult with experts;

n. Convene meetings of plaintiffs' counsel when deemed appropriate;

o. Conduct settlement negotiations with defense counsel on behalf of the respective Proposed Classes;

p. Be the contact between all Plaintiffs' counsel and the Court; and

q. Perform such other functions as may be expressly authorized or directed by further orders of the Court.

2. The only person authorized to speak on behalf of each of the Plaintiff Groups shall be Interim Co-Lead Counsel or an expressly authorized designee.

3. Defendants shall serve papers on respective Interim Co-Lead Counsel by electronic means or otherwise in compliance with the Rules and Orders of this Court.

4. Any agreement reached between Defendant(s) and Interim Co-Lead Counsel or its designee(s) for a particular Plaintiff Group, shall be binding on all other plaintiffs within each Plaintiff Group to which such plaintiff is a member (and their counsel), as set forth herein.

B. Plaintiffs' Steering Committee

1. Interim Co-Lead Counsel for the respective Plaintiff Groups shall supervise their respective Plaintiffs Steering Committee, if any, and assign work to members of the Plaintiffs Steering Committee as reasonably required by the demands of the case, in sole discretion of Interim Co-Lead Counsel. No Plaintiffs' Steering Committee, or member thereof, shall have independent authority to assign work to itself or to other firms, and will not be able to do so without the approval and consent of Interim Co-Lead Counsel. The Plaintiffs' Steering Committee shall further not be authorized to convene

meetings of counsel without the approval and consent of Interim Co-Lead Counsel.

2.  Interim Co-Lead Counsel may assign work to firms not members of the Plaintiffs' Steering Committee whenever reasonably required by the demands of the case, so long as they abide by this Court's admonition that class counsel be efficient, avoid duplication of effort, and protect the interests of the class they represent.

C.  <u>Coordination Among Interim Co-Lead Counsel</u>

Interim Co-Lead Counsel in their discretion shall communicate from time to time to facilitate coordination of the related matters.

## IV.  APPLICABILITY TO LATER FILED CASES

The provisions of this Order, including pretrial consolidation and coordination, shall apply automatically to actions later instituted in or removed or transferred to this Court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) that involve similar claims, unless a plaintiff in such a case objects to the applicability of this Order to its case by filing with the Court, within twenty-one (21) days after being instituted in or removed or transferred to this Court, an application for relief from this Order, and that application is granted by the Court for good cause shown.

The Clerk of Court is directed to close the motion at ECF No. 175.

SO ORDERED.

Dated:      New York, New York
            March 6, 2014

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge