**Margaret M. Zwisler**
Direct Dial: 202-637-1092
margaret.zwisler@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

April 14, 2014

**VIA ECF**

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   *In re Aluminum Warehousing Antitrust Litig.*, No. 1:13-md-02481-KBF

Dear Judge Forrest:

**Defendants The London Metal Exchange ("the LME") and LME Holdings ("Holdings") respectfully move to stay all discovery in the above-referenced matter as to them until the Court determines whether it can properly exercise jurisdiction over them, and, if so, whether plaintiffs have stated a legally cognizable claim against them.[1]** On April 25th, the LME will move to dismiss all complaints on the ground that this Court lacks subject matter jurisdiction over it because the LME is immune from this Court's jurisdiction under the Foreign Sovereign Immunities Act (the "Immunities Act"). And, Holdings will move to dismiss on the grounds that the Court lacks personal jurisdiction over it.[2]

If a court lacks jurisdiction over defendants, it does not have authority to compel them to engage in merits discovery. For this reason, courts frequently stay discovery when a motion to dismiss challenges their jurisdiction. *See, e.g.*, *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 75 (S.D.N.Y. 2013) ("we have been mindful of the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack subject matter jurisdiction"); *Picture Patents, LLC v. Terra Holdings LLC*, No. 07 Civ. 5465, 2008 WL 5099947, at *2-3 (S.D.N.Y. Dec. 3, 2008) (staying discovery because defendant's subject-matter jurisdiction argument appeared "substantial"); *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *3-4 (S.D.N.Y. Dec. 14, 1994) (staying discovery where defendant's personal jurisdiction argument appeared "to be not unfounded in the law"); *Lama Holding Co. v. Shearman & Sterling*, No. 89 Civ. 3639, 1991 WL 117062, at *1 (S.D.N.Y. Mar.

---

[1]   At the February 6, 2014 conference, the Court invited defendants to seek a discovery stay after plaintiffs filed their amended complaints. (Transcript, dated Feb. 6, 2014 ("Tr."), at 37:17-19.)

[2]   Neither defendant intends to waive these defenses by submitting this stay motion.

**LATHAM&WATKINS**LLP

12, 1991) ("Shearman & Sterling's motion to stay discovery is granted. The pending motion to dismiss raises sufficiently serious arguments addressed to the Court's jurisdiction so as to warrant the relief sought.").

The LME is immune from the jurisdiction of this Court under the Immunities Act because it is an "agency or instrumentality" of the United Kingdom. 28 U.S.C. § 1603. Indeed, it has never before been a defendant in a U.S. litigation. The LME is a recognised investment exchange under the United Kingdom's Financial Services and Markets Act of 2000 ("FSMA"). Pursuant to the FSMA, the LME is statutorily tasked with the public regulatory function of maintaining an orderly market and affording proper protection to investors. *See* Paragraph 4 of Schedule, FSMA Recognition Requirement for Investment Exchanges and Clearing Houses Regulations 2001 (2001/995). English courts have expressly held that, although the LME is a private entity, the very conduct that plaintiffs challenge here—the LME's regulation of its warehouses—is a "public function" that is "woven into a system of governmental control of investment business" in the United Kingdom and therefore is not subject to civil law procedures there. *R v. The London Metal Exch. Ltd. ex p Albatros Warehousing Ltd. BV* (unpublished Mar. 30, 2000), ¶¶ 27-29. In fact, the public function that the LME performs is so important that the government of the United Kingdom has granted statutory immunity to the LME from liability for its activities. FSMA § 291(1). The UK government, through the Financial Conduct Authority, actively supervises the LME's conduct. Because the Immunities Act is "the sole basis for obtaining jurisdiction" over foreign agencies and instrumentalities, this Court lacks subject matter jurisdiction over the LME. 28 U.S.C. § 1603; *see also, e.g., Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993); *In re 650 Fifth Ave. & Related Props.*, 881 F. Supp. 2d 533, 545 (S.D.N.Y. 2012) (Forrest, J.).

With respect to Holdings, the complaints fail to allege any basis for the Court to exercise personal jurisdiction over it, and no such basis exists. The evidence that Holdings will submit on April 25th will show that Holdings is not organized under the laws of the United States, and does not do business in the United States. It will also show that Holdings has no operations or physical presence in the United States. Holdings has in no way purposely availed itself of the privilege of doing business in the United States, and has not undertaken any conduct aimed at the United States, much less conduct giving rise to plaintiffs' claims. Thus, Holdings does not have the requisite minimum contacts with the United States to allow this Court to exercise general or specific personal jurisdiction over it. *See, e.g., Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 416 (1984).

These motions present the substantial grounds necessary to obtain a stay until they are decided. Importantly, this Court should not prejudge their strength on the basis of these letter briefs, but should await full briefing and argument before deciding issues of such importance to the LME entities.

Although the jurisdictional motions are themselves sufficient to warrant a stay, the LME and Holdings also have substantial additional grounds for dismissal of all of the complaints on their merits and will move separately on those grounds. First, even accepting their allegations as

LATHAM&WATKINS LLP

true, all of the plaintiffs' antitrust claims fail as a matter of law because no plaintiff has established that it has antitrust standing to assert them. Only a consumer or competitor in the market in which the allegedly illegal conduct occurred or an instrumentality of the defendants' scheme can establish antitrust injury (and even many of those cannot). But plaintiffs do not allege that they are any of these things. Plaintiffs do not allege that they store metal in the defendants' warehouses, that they are competing warehouse companies, or even that they trade on the LME. Plaintiffs instead allege that they participate in a market entirely separate from the financial market for the warehousing of LME-exchange traded aluminum and the trading of aluminum futures contracts in which defendants operate—the physical market for aluminum. Even if plaintiffs had alleged antitrust injury, they would still lack standing to assert their antitrust claims because they are not proximately connected to any of the purported antitrust misconduct and none of their alleged injuries flow *directly* from it. That means they are not "efficient enforcers" of the antitrust laws. *Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 76. 78 (2d Cir. 2013).

Second, plaintiffs have failed to allege the required legal elements of the type of antitrust conspiracy and monopoly claims that they try to plead. Plaintiffs allege no direct evidence of a conspiracy between the LME and either the trader defendants or the warehousing defendants, and no facts that permit the conclusion that the LME is the hub of a conspiracy among either of the other sets of defendants. Plaintiffs also allege no facts that plausibly suggest that the LME is a sham entity, controlled by the trader defendants or the warehousing defendants. Plaintiffs also fail to state a plausible claim against the LME for monopolization of any legally cognizable relevant market, allege no facts of any exclusionary conduct, nor of harm to competition. As to Holdings, plaintiffs say virtually nothing at all, except that it is the LME's parent. But merely being the parent entity of an alleged conspirator is not enough to state a claim against the parent for its subsidiary's conduct.

Numerous courts have stayed discovery when a motion to dismiss presents precisely this type of substantial grounds for relief. *See, e.g.*, *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) ("courts in this district have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law" (internal quotation omitted)); *Picture Patents*, 2008 WL 5099947, at *2 ("[t]he factor that weighs most heavily" on whether a stay should be granted "is the strength of defendants' motion"); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (even where the court "cannot . . . predict the outcome of the motion to dismiss," a stay is appropriate as long as the court finds that defendants at least "appear to have substantial arguments for dismissal of many, if not all, of the claims asserted").

Because there are, at a minimum, serious questions as to whether this Court can even exercise jurisdiction over the LME or Holdings, much less whether plaintiffs have stated legally cognizable claims against them, it would be grossly unfair to compel them to respond to plaintiffs' enormously burdensome discovery requests. Plaintiffs seek documents that span more than eight years (*i.e.*, more than twice the length of the proposed class period) and relate to the LME's activities worldwide and not just in the U.S. The LME has less than 200 employees and

LATHAM&WATKINS LLP

does not have billions of dollars in revenues to absorb the extraordinary expense, both in time and dollars, that it would take to respond to plaintiffs' discovery. In any event, plaintiffs are not entitled to *any* merits discovery (even limited discovery) from the LME or Holdings until, at a bare minimum, the Court concludes that it has jurisdiction over them.

The parties met and conferred regarding plaintiffs' discovery requests on April 3, 2014. Plaintiffs would not consent to stay discovery as to the LME or Holdings pending the resolution of their motions to dismiss.

Respectfully submitted,

*/s/ Margaret M. Zwisler*
Margaret M. Zwisler

cc: All Counsel of Record (via ECF)