# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

Telephone
212.608.1900

Facsimile
212.719.4775

April 15, 2014

**BY ECF AND HAND DELIVERY**

The Honorable Katherine B. Forrest
500 Pearl Street, Room 1950
New York, New York 10007-1312

Re:   *In Re Aluminum Warehousing Antitrust Litig.*, 13-md-2481 (KBF) (S.D.N.Y.)

Dear Judge Forrest:

Pursuant to Your Honor's Individual Practices In Civil Cases, Rule 2(f), and p. 48 of February 6, 2014 Status Conference Hearing Transcript ("Transcript") the Direct Purchaser Plaintiffs ("Plaintiffs") respectfully submit this letter motion to request a **Local Rule 37.2 pre-motion conference to compel the Goldman Defendants[1] to produce relevant documents on a rolling basis in the "two track" process that, Plaintiffs believe, is required by the Scheduling Order** ("Order") [Docket No. 154].  Attached is the Transcript.

As is set forth below, after three meet and confer sessions, Goldman states that it will not begin to produce documents, will not search for documents, and will not even agree to search terms unless and until its anticipated motion for a stay has been denied.

Plaintiffs' "rationale", within the meaning of Your Honor's Rule 2(f), for the relief sought, is as follows.  Goldman's position is contrary to the Order, contrary to the Court's directives at the February 6, 2014 initial pre-trial conference, and contrary to the Federal Rules of Civil Procedure.  The only way that the Court-ordered deadlines referenced in paragraph 2 below may be satisfied, is if the relief requested herein is granted.

**FACTS.**  1. On February 6, 2014, this Court held an initial pre-trial conference during which Your Honor stated:

> The second thing is that the document discovery occurs while that's going on and also while the motions to dismiss are being briefed and decided.  Let me address this last point.  In terms of motions to dismiss, there is an argument -- there's always an argument that discovery should be stayed pending resolutions of motions to dismiss, because if cases get narrowed, if cases go away, obviously then there's money and time wasted in connection with doing all of that when it turns out to have not been needed.
>
> Here there may well be a motion to dismiss.  I don't know.  I will tell you that it's not leaping out to me from the complaint for the direct purchasers at this point, though it may -- I don't know what the indirect purchaser arguments will be, and if there's going to be Illinois Brick type arguments that people are going to raise and that they believe are critical.

---

[1] The Goldman Sachs Group, Inc., GS Power Holdings LLC, MCEPF Metro I, Inc., Mitsi Holdings LLC, and Metro International Trade Services LLC

> There are also tactical issues, which I'm sure you folks consider all the time, as to whether you'd want to raise market and a motion to dismiss or market in a form of a summary judgment motion and go for judgment. That's obviously up for you folks. If you believe you've got a good argument on market, there are reasons to hold. But I say that because there's nothing that's jumping out at me. … So with that said, discovery would commence right away.

Transcript, pp. 17-18. In response to Defendants' renewed suggestions of a stay of discovery, this Court stated:

> I'm not imposing a stay. I'm not staying discovery. So there will be no stay right now.

*Id.* p. 37.

****

> Now, if, when you get the consolidated amended complaint, it becomes clear that the discovery that's being sought is irrelevant to you, then bring it on. Then bring on a letter motion, okay, because then you've got a different kettle of fish going on there, right? But what I want to do is I want to have this train leave the station. And right now you're going to see their complaint on March 12th. You don't have to serve your discovery objections until March 20th. So you're not going to be producing documents until April. If you think after March 12th that you've got a very good basis for a stay, bring it on. I'm not telling you you can't.

*Id.* p. 37.

2 .Based (Plaintiffs believe) upon Your Honor's foregoing rationale, on February 6, 2014, this Court entered the Scheduling Order, ECF 154. The Order provided, among other things, for a deadline for motions for class certification of October 6, 2014, and the close of all fact discovery on January 29, 2015. On February 24, 2014, Plaintiffs timely served on Goldman the Direct Purchaser Plaintiffs' First Requests for the Production of Documents. Plaintiffs timely filed their consolidated complaint on March 12, 2014. On March 20, 2014, Goldman served Reponses And Objections. Therein, Goldman stated: "Defendants reserve their right to raise again with the Court their request for a stay of discovery in whole or in part after such motions [to dismiss] are filed."

3. Rather than either (i) moving to stay upon seeing the complaint in mid-March, or (ii) producing documents in April, however, as expected by Plaintiffs, Goldman has refused to produce or search for any documents. On March 27, 2014, April 4, 2014 and April 10, 2014, Plaintiffs held meet and confer sessions with Goldman. These included Plaintiffs' efforts to argue against any stay and then to accelerate the resolution of the issue of any stay of discovery. Despite Plaintiffs' efforts, Goldman has stated that they are not producing nor even searching for documents now, in reliance upon Goldman's hope for a stay of discovery. Plaintiffs certify that they have conferred in good faith with counsel for Goldman on the dates set forth above in an effort to resolve this dispute without the necessity for Court intervention. Plaintiffs engaged in an all-day meeting yesterday at Kennedy Airport with their experts to prepare for class certification but **need** Defendants' to begin producing documents immediately in order to file their motion on a timely basis.

**ARGUMENT.**      The imposition of a stay of civil discovery is an "extraordinary remedy."

*Abraham v. Aquilone*, 2012 U.S. Dist. LEXIS 70205 (S.D.N.Y. May 15, 2012) (Forrest, J.). "Discovery [under the Fed. R. Civ. P.] is meant to proceed 'at the initiative of the parties, free from the time consuming and costly process of court intervention.'" *Spring Valley Water Company v. Cosco Industries*, No. 91 Civ. 0410 (PKL), 1992 WL 8230, at *3 (S.D.N.Y. Jan. 10, 1992). The "imposition of a stay is not appropriate simply on the basis that a motion to dismiss has been filed, as the Federal Rules make no such provisions." *In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (Pauley, J).

Fed.R.Civ.P. 26(c) permits a stay or limitations of discovery ONLY if the proponent demonstrates good cause therefor. In determining whether the movant (here, Goldman) has demonstrated good cause justifying a discovery stay, the Court considers the following three factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; (3) the risk of unfair prejudice to the party opposing the stay." *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *1. As this Court stated at the February 6 hearing*:*

> "[T]he legislature has not imposed a PSLRA-like stay. So there is a presumption that for civil cases, except when the Court otherwise decides that there's a real reason for a stay, that even in the event that there are motions to dismiss a proceeding, the Court can go ahead even sometimes into a second or third round of pleadings and discovery is also still proceeding. So it does happen all the time."

February 6, 2014 Status Conference Hearing Transcript, at 30. Far from the Private Securities Litigation Reform Act ("PSLRA"), the federal antitrust laws are our most important commercial laws, and the "Magna Carta of free enterprise." *U.S. v. Topco Associates. Inc.*, 405 U.S. 596, 610 (1972). Our most important commercial laws expressly empower and depend upon private claims like this one in order to deter violations and obtain redress therefor. Moreover, the conduct at issue here defeats all four purposes of the antitrust laws [Docket # 271 ¶2]. Having profited from inefficiency, Goldman has, at the very least, a significant social responsibility that warrants a prompt production of relevant documents and prompt search.

To warrant a stay of discovery pending a motion to dismiss, Defendants must show that their motion to dismiss is a "pure legal motion," rather than a motion challenging the sufficiency of the factual allegations (i.e., a *Twombly* motion). *See, e.g., Currency Conversion Fee*, 2002 WL 88278, at *2; *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. September. 25, 1992) (Leisure, J.) ("In deciding whether a stay should issue, a court must consider the stage of the litigation, the type of motion currently pending [whether it is a challenge as a 'matter of law' or to the 'sufficiency' of the allegations], and other case-specific factors in determining whether to grant a stay.").

Unless and until this Court finds that Goldman has made the foregoing showing, Goldman must produce documents, search for documents, and pursue the "two track" process --- discovery and, simultaneously, motion practice against the complaint --- that was described by the Court at the February conference and, Plaintiffs believe, embedded in the Order. But Goldman has created a penumbra of the Order which is prejudicing Plaintiffs. That penumbra provides that Goldman may wait until the ruling on its anticipated stay motion before producing or searching for documents. But by that time, it will be too late for Plaintiffs to meet the Court ordered deadlines. Goldman is, thus, self-granting itself not only an adjournment of its discovery obligations. Goldman is also self-granting itself an adjournment of all of the Court ordered

deadlines hereafter.

  This violates the letter of the Order, renders most of the deadlines in the Order a nullity, and is wholly inconsistent with any coherent reading of the spirit of the Order. This Court should order Goldman to produce relevant documents and begin to search for same (to the extent not already collected for Goldman's production to the government) forthwith.

  Plaintiffs have edited the first paragraph of this letter motion to include the request for a pre-motion conference based upon advice from the Clerk of Court that this document was bounced yesterday because of the failure to request a pre-motion conference. Plaintiffs have added the citation to the Transcript at p. 48 in the first paragraph of this letter in order to reference Your Honor's specification of a three page limit on letter motions. Plaintiffs have amended paragraph 3 in order to specify that the meeting at Kennedy Airport was yesterday. Otherwise, this letter motion is the same as that filed yesterday, except that Plaintiffs have also attached the Transcript.

        Respectfully submitted,

        */s/ Christopher Lovell*
        Christopher Lovell

cc: Counsel of Record (by ECF notification)