USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 1 8 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
:
:
IN RE ALUMINUM WAREHOUSING     :      13 MD 2481 (KBF)
ANTITRUST LITIGATION            :
:           ORDER
:
:
:
--------------------------------------------------------- X

KATHERINE B. FORREST, District Judge:

By way of background for this matter, the Court would like to better understand the business and economic structure of the relevant industry. To do so, the Court would like to schedule a hearing—akin to a tutorial—in order to better understand the parties' positions on, inter alia, the following topics and questions:

1. The structure of the aluminum warehousing industry—the key players, whether long or short-term contracts are used, the role of warrant trading, and relevant trade organizations;

2. A more thorough description of the aluminum warehousing business than is contained in the current complaints—who are the customers, where are they located geographically, and what are the steps involved in getting aluminum into and out of the warehouses;

3. The pricing structure or structures used in the industry—how does pricing differ (if at all) across the United States, and what are the elasticities;

4. What is the average distribution area for a warehouse? That is, how far can aluminum be transported before the cost impact (or other factors) renders transport economically impractical?

5. Is aluminum imported into the United States? What percentage of total domestic utilization are foreign imports?

6. Historically, how many daily load-out tons were provided by contract per city per day, and how was that number decided? What are its economic inputs, if any?

7. What are the substitutes for aluminum, if any? Which industries have more flexibility for substitutes?

8. Are there "grades" or tolerances of aluminum that affect which product is designated for load-out? If so, were there any macro-economic issues in play from 2010 to the present?

9. What are the common trade publications and what sorts of topics do they cover?

10. What are the types of relevant documents? (E.g., databases of load in/out contracts; warrant data?)

The Court does not expect that the parties will necessarily agree as to their views on these topics; each side can present its views. The Court believes that a less than one-day tutorial will be sufficient. The parties may conduct the tutorial either as attorney argument (with appropriate demonstratives) or through experts. The tutorial shall not be considered evidence in connection with any pending

motions. (The purpose of this tutorial is to enable the Court to better understand likely discovery disputes, arguments on dispositive motions, and the like.)

In advance of the conference on April 25, 2014 at 2:30 p.m., IT IS HEREBY ORDERED that the parties shall confer as to their availability for such a tutorial on **May 27 or 28, 2014**, as well as the other questions and issues raised in this Order.

SO ORDERED.

Dated:   New York, New York
         April 18, 2014

_____
KATHERINE B. FORREST
United States District Judge