# APPENDIX 1

# STATES THAT APPLY FEDERAL ANTITRUST PRECEDENT
# WHEN INTERPRETING THEIR OWN LAWS

| State | Authority |
|---|---|
| **Arizona** | *Luscher v. Bayer AG*, No.2004-014835, 2005 WL 6959406, at *1-2 (Ariz. Super. Ct. Sept. 16, 2005) (applying *AGC*); *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-MD-02042, 2013 WL 1431756, at *8-10 (E.D. Mich. Apr. 9, 2013) (applying *AGC* to Arizona claim); *In re Magnesium Oxide Antitrust Litig.*, Civ. No. 10-5943, 2011 WL 5008090, at *7 n.9 (D.N.J. Oct. 20, 2011) (same); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1093-96 (N.D. Cal. 2007) (same); *Johnson v. Pac. Lighting Land Co.*, 817 F.2d 601, 604-05 (9th Cir. 1987) (dismissing Sherman Act claim due to lack of antitrust injury and dismissing Arizona claim on the same grounds); *In re Plavix Indirect Purchaser Antitrust Litig.*, No. 1:06-cv-226, 2011 WL 335034, at *5 (S.D. Ohio Jan. 31, 2011) (same); *see also* Ariz. Rev. Stat. § 44-1412 ("[C]ourts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes."). |
| **California** | *Vinci v. Waste Mgmt., Inc.*, 36 Cal. App. 4th 1811, 1814 (Cal. Ct. App. 1995) (applying *AGC*); *In re Credit/Debit Card Tying Cases*, No. J.C.C.P. NO. 4335, 2004 WL 2475287, at *3 (Cal. Ct. App. Oct. 14, 2004) ("I believe that the standards in *Associated General Contractors*, while perhaps flexible, while perhaps guidelines, still exist and still clearly establish minimum requirements for standing to file a lawsuit of this kind."); *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *8-10 (applying *AGC* to California claim); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *7 n.9 (same); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d at 1086-96. |
| **District of Columbia** | *Peterson v. Visa U.S.A., Inc.*, No. 03-8080, 2005 WL 1403761, at *4-6 (D.C. Super. Ct. Apr. 22, 2005) (applying *AGC*); *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *8-10 (applying *AGC* to D.C. claim); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *7 n.9 (same); *see also* D.C. Code § 28-4515 ("[I]n construing this chapter, a court of competent jurisdiction may use as a guide interpretations given by federal courts to comparable antitrust statutes."). |
| **Iowa** | *Southard v. Visa U.S.A. Inc.*, 734 N.W.2d 192, 198-99 (Iowa 2007) ("[W]e apply the *AGC* factors to determine whether the plaintiffs may recover under Iowa law."); *Lawrinenko v. Cedar Valley Med. Specialists*, No. LACV117529, 2012 WL 7992872 (Iowa Dist. Ct. Dec. 28, 2012); *see also* Iowa Code § 553.2 ("This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter."). |

| State | Authority |
|---|---|
| **Kansas** | *Wrobel v. Avery Dennison Corp.*, No. 05CV1296, 2006 WL 7130617, at *3 (Kan. Dist. Ct. Feb. 1, 2006) ("Viewed in this context, the Court finds that the *AGC* standing test may be applied to this action even though the [Kansas Restraint of Trade Act] specifically contemplates indirect purchaser suits."); *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *8-10 (applying *AGC* to Kansas claims); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *7 n.9 (same); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d at 1093-96 (same); *Orr v. Beamon*, 77 F. Supp. 2d 1208, 1211-12 (D. Kan. 1999) (same); *see also Bergstrom v. Noah*, 974 P.2d 520, 531 (Kan. 1999) (recognizing that federal antitrust cases are "persuasive authority" for interpreting Kansas antitrust laws). |
| **Maine** | *Knowles v. Visa U.S.A., Inc.*, No. CV-03-707, 2004 WL 2475284, at *5 (Me. Super. Ct. Oct. 20, 2004) (applying *AGC* "except to the extent that those factors cannot be reconciled with the legislature's adoption of the *Illinois Brick* repealer"); *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *8-10 (applying *AGC* to Maine claim); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *7 n.9 (same); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d at 1093-96 (same); *see also In re Motor Vehicles Canadian Export Antitrust Litig.*, 235 F.R.D. 127, 134 (D. Me. 2006) (recognizing that under *Knowles*, Maine "follow[s] the factors set forth in [*AGC*]"). |
| **Michigan** | *Stark v. Visa U.S.A. Inc.*, No. 03-055030-CZ, 2004 WL 1879003, at *2-4 (Mich. Cir. Ct. July 23, 2004) (applying *AGC*); *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *8-10 (applying *AGC* to Michigan claims); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *7 n.9 (same); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d at 1093-96 (same); *see also* Mich. Comp. Laws § 445.784(2) ("[I]n construing all sections of this act, the courts shall give due deference to interpretations given by the federal courts to comparable antitrust statutes . . . ."); *Am. Council of Certified Podiatric Physicians & Surgeons v. Am. Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606, 619 n.4 (6th Cir. 1999) ("Because Michigan antitrust law follows federal precedents, our reasoning regarding the federal antitrust claims applies equally to the state antitrust claims."). |
| **Nebraska** | *Kanne v. Visa U.S.A., Inc.*, 723 N.W.2d 293, 298 (Neb. 2006) (applying *AGC*); *see also* Neb. Rev. Stat. § 59-829 (where the Nebraska act's language is "same as or similar to the language of a federal antitrust law, the courts of this state in construing such sections or chapter shall follow the construction given to the federal law by the federal courts."). |
| **New Mexico** | *Nass-Romero v. Visa U.S.A., Inc.*, 279 P.3d 772, 778-80 (N.M. Ct. App. 2012) (applying *AGC*); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *7 n.9 (applying *AGC* to New Mexico claim); *see also* N.M. Stat. § 57-1-15 ("[T]he Antitrust Act shall be construed in harmony with judicial interpretations of the federal antitrust laws."). |

| State | Authority |
|---|---|
| **New York** | *Ho v. Visa U.S.A. Inc.*, No. 112316/00, 2004 WL 1118534, at *2-3 (N.Y. Sup. Ct. Apr. 21, 2004) (applying *AGC*), *aff'd* 16 A.D.3d 256 (N.Y. App. Div. 2005); *see Cont'l Guest Servs. Corp. v. Int'l Bus Servs., Inc.*, 92 A.D.3d 570, 571-72 (N.Y. App. Div. 2012) ("The motion court properly dismissed the antitrust claims for failure to state a cause of action. . . Plaintiff is neither a consumer nor a competitor in the Tour Bus Market[, which] 'diminishes the justification for allowing a more remote party such as [plaintiff] to perform the office of a private attorney general.'" (quoting *AGC*)); *see also In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *8-10 (applying *AGC* to New York claim). |
| **North Dakota** | *Beckler v. Visa U.S.A., Inc.*, No. 09-04-C-00030, 2004 WL 2115144, at *2-3 (N.D. Dist. Ct. Aug. 23, 2004) (referencing *AGC* factors in determining lack of standing for claims by indirect purchasers under North Dakota law); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *7 n.9 (applying *AGC* to North Dakota claim); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d at 1093-96 (same). |
| **South Dakota** | *Cornelison v. Visa U.S.A. Inc.*, Hearing Transcript, No. 03-CV-011323 (S.D. Cir. Ct. 2004) (noting state trial court's employment of *AGC* factors in dismissing claims based on lack of antitrust standing); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *7 n.9 (applying *AGC* to South Dakota claim); *see also In re S.D. Microsoft Antitrust Litig.*, 707 N.W.2d 85, 99 (S.D. 2005) ("Because of the similarity of language between federal and state antitrust statues . . . great weight should be given to the federal cases interpreting the federal statute." (*citing Byre v. City of Chamberlain*, 362 N.W.2d 69, 74 (S.D. 1985))); S.D. Codified Laws § 37-1-22 ("It is the intent of the Legislature that in construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes."). |
| **Tennessee** | *Tenn. Med. Ass'n v. Blue Cross Blue Shield of Tenn., Inc.*, 229 S.W.3d 304, 307 (Tenn. Ct. App. 2007) (citing *AGC* for its causation standard and applying that standard to the Tennessee consumer protection and trade practices claims); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *7 n.9 (applying *AGC* to Tennessee claim). |
| **Vermont** | *Fucile v. Visa U.S.A. Inc.*, No. S1560-03 CNC, 2004 WL 3030037, at *2-3 (Vt. Super. Ct. Dec. 27, 2004) (applying *AGC* "to the extent that these factors are consistent with allowing 'indirect purchaser' standing"); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *7 n.9 (applying *AGC* to Vermont claim). |
| **Wisconsin** | *Strang v. Visa*, No. S1560-03, 2005 WL 1403769, at *3 (Wis. Cir. Ct. Feb. 8, 2005) (applying *AGC*); *In re Refrigerant Compressors Antitrust Litig.*, 2013 WL 1431756, at *8-10 (applying *AGC* to Wisconsin claim); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *7 n.9 (same); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 516 F. Supp. 2d at 1093-96 (same). |