**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

May 1, 2014

<u>VIA ECF</u>

The Honorable Judge Katherine B. Forrest
United States District Court for the
   Southern District of New York
500 Pearl St., Courtroom 15A
New York, NY 10007-1312

      Re:    *In re Aluminum Warehousing Antitrust Litigation*,
            No. 13 MD 2481 (KBF)

Dear Judge Forrest:

      We write in response to your Order dated April 28, 2014 (Dkt. No. 347). In that Order, Your Honor listed the cases that were to be included on the Direct Purchaser Plaintiffs' new civil action docket. It included (13 Civ. 9095) (*River Parish Contractors Inc. v. Goldman Sachs Group, Inc.*) and (14 Civ. 1855) (*Energy Beverage Mgmt., LLC v. Goldman Sachs Group, Inc.*). Those two entities are not Direct Purchaser Plaintiffs.[1]

      Direct Purchaser Plaintiffs called Mr. Becnel to confirm that these were indeed not intended to be consolidated with the Direct Purchaser Plaintiffs' Second Corrected Consolidated Amended Class Action Complaint (Dkt. No. 271) and he confirmed that was the case.

---

[1]    *See River Parish* Complaint at 37 (Defining the class as: "All persons who from February 1, 2010 forward purchased aluminum pursuant to a contract with a price term based, in any part, on the Midwest Premium or Platts MW Premium or similar terminology, including but not limited to an averaging over a period of days of any such premium. Excluded from the Class are Defendants, any parent, subsidiary, affiliate, agent or employee of any Defendant, and any co-conspirator."); and *Energy Beverage* Complaint at 33 (Defining the class as: "All distributors of beverages which are packaged in aluminum containers who purchased said beverages from manufacturers and/or suppliers of said beverages for distribution to retailers, and who thereby, from January 1, 2009 through the present, paid artificially inflated prices due to Defendants' unlawful, manipulative and anticompetitive conduct. Excluded from the Class are defendants and their employees, affiliates, parents, subsidiaries and co-conspirators, whether or not named in this Complaint.").

**Robbins Geller
Rudman & Dowd LLP**

The Honorable Judge Katherine B. Forrest
May 1, 2014
Page 2

      Finally, the Court lists "14 Civ. 206" in the last sentence of the Order. Plaintiffs believe that this is a typo and that the Court meant to list 14 Civ. 216 (*Hall Enters. Metals, Inc. v. Goldman Sachs Group, Inc.*).

      Very truly yours,

| /s/ *Bonny E. Sweeney* | /s/ *Linda P. Nussbaum* | /s/ *Christopher Lovell* |
|---|---|---|
| **Robbins Geller Rudman & Dowd LLP** | **Grant & Eisenhofer P.A** | **Lovell Stewart Halebian Jacobson LLP** |

Interim Co-Lead Counsel for Direct Purchaser Plaintiffs

cc:    All Counsel of Record (via ECF)