Forrest, K.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 2 2 2014

_____ x

In re ALUMINUM WAREHOUSING       :    No. 13 MD 2481 (KBF)
ANTITRUST LITIGATION             :
                                 :    CLASS ACTION
_____  :
                                 :
This Document Relates To:        :    STIPULATION AND [PROPOSED] ORDER
                                 :    REGARDING DISCOVERY RELATED TO
    ALL ACTIONS.                 :    TESTIFYING EXPERTS
                                 :
_____ x

Plaintiffs and Defendants (collectively, "Parties") in MDL 2481 stipulate and agree as to discovery related to testifying experts in this litigation as follows:

1.    This Stipulation and Order shall govern discovery related to testifying experts in this litigation. The Parties agree that there shall be no disclosures with respect to consulting experts. To the extent that this Stipulation and Order imposes limitations on discovery that would otherwise be available pursuant to the Federal Rules of Civil Procedure, the Parties agree to such limitations on discovery. Neither the terms of this Stipulation and Order nor the Parties' agreement to them implies that any of the information exempted from discovery in this Stipulation and Order would otherwise be discoverable.

2.    Each Party shall make all disclosures required by Rule 26(a)(2)(A) and (B)(i), (iii), (iv), (v), and (vi) of the Federal Rules of Civil Procedure, as modified by this Stipulation and Order, and shall disclose the facts or data relied upon by the witness in forming his or her opinion, at the times provided in the Court's February 6, 2014 Scheduling Order (or as provided in any subsequent scheduling order issued by the Court) for the service of written expert reports. To the extent that the disclosures describe or include exhibits, information or data processed or modeled by computer at the direction of a disclosed expert in the course of forming the expert's opinions, machine readable copies of the final data (including all input and output files) along with the appropriate computer program and instructions shall be produced to all Parties. If data used by an expert witness is derived from electronic data produced by any Party to this litigation, a list of the data utilized by the expert shall be produced in a format sufficient to allow all Parties to identify and access such data and replicate the data set used by the expert. If for any reason a Party or its expert is unable to identify and access the data utilized by the producing expert, copies of that original electronic data in machine readable format shall be produced, together with any programs and instructions necessary

to access and use the data. No Party need produce computer programs that are reasonably and readily commercially available. All electronic data, together with programs and instructions, shall be made available within three (3) days of the disclosure of the expert witness's report to all Parties. Copies of the electronic data together with any programs and instructions, and all other materials required to be produced, shall be delivered by hand, overnight express, or electronic means (*e.g.*, FTP) to: (i) counsel for each Defendant (one copy per Defendant or group of Defendants represented by the same counsel); (ii) counsel for each Plaintiff class or proposed Plaintiff class (one copy per Plaintiff class or proposed Plaintiff class); and (iii) counsel for each opt-out Plaintiff (one copy per opt-out Plaintiff or group of opt-out Plaintiffs represented by the same counsel).

   3.    The following categories of data, information, documents or materials need not be produced by any Party, and are not subject to discovery in this matter, including at deposition or trial:

   (a)    drafts of expert witness's reports, opinions, written testimony or work papers prepared for this litigation; preliminary calculations, computations, modeling or data runs prepared in connection with this litigation; or other preliminary or draft materials prepared by, for or at the direction of an expert witness; but any facts, data or information upon which the expert witness relies in rendering his or her expert opinion(s) in this litigation, or which form the basis of summaries or tables of information relied on by the expert in rendering the expert witness's opinion(s) in this litigation (*e.g.*, surveys and instructions for surveys) shall be produced and subject to discovery;

   (b)    any notes taken or other writings prepared by or for an expert witness in connection with this litigation, including correspondence or memos to or from, and notes of conversations with the expert's assistants and/or clerical or support staff, other expert witnesses or non-testifying expert consultants, or attorneys for the Party offering the testimony of such expert

- 2 -

witness, unless the expert witness relied on those notes or other writing in rendering the expert witness's opinion(s) in this litigation; and

(c)     any written correspondence between an expert witness retained for this litigation and the expert witness's assistants and/or clerical or support staff, other expert witnesses or non-testifying expert consultants, or attorneys for the Party offering the testimony of such expert witness, except that facts, data or information, or assumptions, that the Party's attorney provided and that the expert relied on in rendering the expert witness's opinion(s) in this litigation shall be provided. Written engagement letters between a testifying expert retained for this litigation and attorneys for the Party offering the testimony of such expert witness are not exempted from discovery and must be produced.

4.     For avoidance of doubt, notwithstanding the Federal Rules of Civil Procedure, the following types of information shall not be the subject of discovery, except to the extent that an expert relied upon it in forming opinions to which the expert may testify: communications, written or otherwise, among and between (i) counsel and the expert and/or the expert's staff and/or supporting firms; (ii) counsel and any non-testifying expert consultant and/or the consultant's staff; (iii) the expert and other experts and/or other non-testifying expert consultants; (iv) experts and their staff and/or supporting firms; (v) non-testifying expert consultants and their staffs; (vi) the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.

5.     Notwithstanding any other provision in this Stipulation and Order, this Stipulation and Order does not preclude or limit discovery regarding expert work, data, calculations, or other material filed with or otherwise submitted to the Court outside of written expert reports, without regard to whether such material was prepared by testifying or consulting experts.

- 3 -

6.  This Stipulation and Order should not be construed to preclude reasonable questions at deposition going to the expert witness's compensation, or to the number of hours expended in preparing his or her report and testimony, or to any facts or assumptions provided by a Party and relied upon by that expert witness, or to the frequency and duration of meetings with counsel in connection with this litigation.

7.  Any Party proffering the testimony of an expert witness in this litigation shall make reasonable efforts to produce the contact information for the attorneys or other individuals who have copies of that witness's trial and deposition testimony, along with the witness's written opinions, for each case in which the witness has testified as an expert at trial or by deposition within the preceding four years.  Subject to obtaining any other required consents, any Party proffering the testimony of an expert witness in this litigation who also proffered that person's testimony as an expert witness in a prior matter shall not unreasonably withhold its consent to the production in this litigation of the testimony or opinions from such expert that it proffered in the prior matter.

DATED: May ___ , 2014

ROBBINS GELLER RUDMAN
   & DOWD LLP
BONNY E. SWEENEY
CARMEN A. MEDICI


_____
BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
631/367-1173 (fax)

- 4 -

ROBBINS GELLER RUDMAN
   & DOWD LLP
PAUL J. GELLER
MARK DEARMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

Interim Co-Lead Counsel for Direct Purchaser
Plaintiffs

DATED: May ___ , 2014

GRANT & EISENHOFER P.A.
LINDA P. NUSSBAUM
PETER A. BARILE III


_____
       LINDA P. NUSSBAUM

485 Lexington Avenue
New York, NY 10017
Telephone: 646/722-8500
646/722-8501 (fax)

Interim Co-Lead Counsel for Direct Purchaser
Plaintiffs

DATED: May ___ , 2014

LOVELL STEWART HALEBIAN
   JACOBSON LLP
CHRISTOPHER LOVELL
BENJAMIN M. JACCARINO
AMANDA N. MILLER


_____
      CHRISTOPHER LOVELL

61 Broadway, Suite 501
New York, NY 10006
Telephone: 212/608-1900
212/719-4677 (fax)

Interim Co-Lead Counsel for Direct Purchaser
Plaintiffs

- 5 -

DATED:  May 12, 2014

GIRARD GIBBS, LLP
JOHN A. KEHOE


_____
JOHN A. KEHOE

711 Third Avenue, 20th Floor
New York, NY 10017
Telephone: 212/798-1059
212/867-1767 (fax)

GIRARD GIBBS LLP
DANIEL C. GIRARD
AMANDA M. STEINER
ADAM POLK

601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: 405/981-4800
415/981-4846 (fax)

Interim Co-Lead Counsel for Commercial End
User Plaintiffs

DATED:  May 15, 2014

KESSLER TOPAZ MELTZER & CHECK, LLP
JOSEPH H. MELTZER
KIMBERLY A. JUSTICE
TERENCE S. ZIEGLER
J. QUINN KERRIGAN


_____
KIMBERLY A. JUSTICE

280 King of Prussia Rd.
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

Interim Co-Lead Counsel for Commercial End
User Plaintiffs

- 6 -

DATED:  May 15, 2014

CUNEO GILBERT & LaDUCA, LLP
JONATHAN W. CUNEO
JOEL DAVIDOW
YIFEI LI

_____
JONATHAN W. CUNEO

507 C. Street, NE
Washington, D.C. 20002
Telephone: 202/789-3960
202/789-1813 (fax)

Interim Co-Lead Counsel for Commercial End
User Plaintiffs

DATED:  May ___, 2014

FINKELSTEIN THOMPSON LLP
ROSALEE B.C. THOMAS
DOUGLAS G. THOMPSON JR.

_____
DOUGLAS G. THOMPSON JR.

1077 30th Street, NW, Suite 150
Washington, DC 20007
Telephone:  202/337-8000
202/337-8090 (fax)

Interim Co-Lead Counsel for Consumer End User
Plaintiffs

DATED:  May ___, 2014

STRANGE & CARPENTER
BRIAN R. STRANGE
KEITH BUTLER

_____
BRIAN R. STRANGE

12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
Telephone: 310/207-5055
310/826-3210 (fax)

- 7 -

DATED:  May ___ , 2014

CUNEO GILBERT & LaDUCA, LLP
JONATHAN W. CUNEO
JOEL DAVIDOW
YIFEI LI

_____
JONATHAN W. CUNEO

507 C. Street, NE
Washington, D.C. 20002
Telephone: 202/789-3960
202/789-1813 (fax)

Interim Co-Lead Counsel for Commercial End
User Plaintiffs

DATED:  May 16 , 2014

FINKELSTEIN THOMPSON LLP
ROSALEE B.C. THOMAS
DOUGLAS G. THOMPSON JR.

_____
DOUGLAS G. THOMPSON JR.

1077 30th Street, NW, Suite 150
Washington, DC 20007
Telephone:  202/337-8000
202/337-8090 (fax)

Interim Co-Lead Counsel for Consumer End User
Plaintiffs

DATED:  May 16 , 2014

STRANGE & CARPENTER
BRIAN R. STRANGE
KEITH BUTLER

_____
BRIAN R. STRANGE

12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
Telephone: 310/207-5055
310/826-3210 (fax)

- 7 -

Interim Co-Lead Counsel for Consumer End User
Plaintiffs

DATED: May /5, 2014

SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
CHRISTOPHER M. BURKE
WALTER W. NOSS

_____
WALTER W. NOSS

707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/233-4565
619/233-0508 (fax)

SCHNEIDER WALLACE COTTRELL
KONECKY LLP
TODD M. SCHNEIDER
JASON H. KIM
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: 415/421-7100
415/421-7105 (fax)

GARRETT W. WOTKYNS
SCHNEIDER WALLACE COTTRELL
KONECKY LLP
8501 North Scottsdale Road, Suite 270
Scottsdale, AZ 85253
Telephone: 480/428-0144
480/505-8036 (fax)

SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC
DEREK Y. BRANDT
JOHN R. PHILLIPS
One Court Street
Alton, IL 62002
Telephone: 618/259-2222

Attorneys for Plaintiffs Mag Instrument, Inc.,
Agfa Corporation, and Agfa Graphics, N.V.

- 8 -

DATED: May 21, 2014

LATHAM & WATKINS LLP
MARGARET M. ZWISLER
WILLIAM R. SHERMAN
JENNIFER L. GIORDANO
JEFFREY H. NEWHOUSE


*Margaret Zwisler* /SDC
MARGARET M. ZWISLER

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone:  202/637-2200
202/637-2201 (fax)

Attorneys for Defendant The London Metal
Exchange

DATED: May 21, 2014

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
JOHN M. NANNES
JOHN H. LYONS


*John Nannes* /SDC
JOHN M. NANNES

1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  202/371-7500
202/661-9191 (fax)

Attorneys for Defendant Pacorini Metals USA,
LLC

DATED: May 21, 2014

SULLIVAN & CROMWELL LLP
RICHARD C. PEPPERMAN, II
SUHANA S. HAN
JOSEPH J. MATELIS
YAVAR BATHAEE


RICHARD C. PEPPERMAN, II

- 9 -

125 Broad Street
New York, New York 10004
Telephone:  212/558-4000
212/558-3588 (fax)

Attorneys for Defendants GS Power Holdings,
LLC, The Goldman Sachs Group, Inc. and Metro
International·Trade Services, L.L.C.

DATED:  May 21 , 2014

COVINGTON & BURLING LLP
ROBERT D. WICK
NEIL K. ROMAN
HENRY LIU


_Robert Wick / SDC_
ROBERT D. WICK

1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202/662-5758
202/778-5758 (fax)

Attorneys for Defendants Henry Bath, LLC and
JP Morgan Chase & Co

DATED:  May 21 , 2014

CURTIS, MALLET-PREVOST, COLT
   & MOSLE LLP
ELIOT LAUER
JACQUES SEMMELMAN
CHELSEA MCLEAN


_Eliot Lauer / SDC_
ELIOT LAUER

101 Park Avenue
New York, NY 10178-0061
Telephone:  212/696-6000
212/697-1559 (fax)

Attorneys for Defendant Glencore Ltd.

- 10 -

IT IS SO ORDERED.

DATED:   5/22/14

Ken B. Forrest

THE HONORABLE KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE