

Writer's Direct Dial:  610-822-2210
E-Mail: jmeltzer@ktmc.com
*Please reply to the Radnor Office*

June 13, 2014

**VIA ECF and OVERNIGHT MAIL**

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 15A
New York, New York 10007

    Re:    *In re Aluminum Warehousing Antitrust Litigation*
               Case No. 13-md-02481-KBF

Dear Judge Forrest:

      I write regarding Your Honor's Order entered on June 10, 2014 (ECF No. 430) in the above-referenced action (the "Aluminum Warehousing MDL").  Earlier today, this firm (together with certain co-counsel) filed a proposed class action complaint styled Oklahoma Steel and Wire Co., Inc., et al. v. Glencore Xstrata, plc et al. ("Oklahoma Steel") (Civ. Action No. 14-4290) on behalf of direct purchasers of zinc.[1]  The Oklahoma Steel action involves similar allegations to the proposed class action styled Duncan Galvanizing Corporation v. The London Metal Exchange Ltd., et al. (Civ. Action No. 14-3728) ("Duncan Galvanizing").[2]

      Both Oklahoma Steel and Duncan Galvanizing bring claims on behalf of direct purchasers for alleged violations of Sections 1 and 2 of the Sherman Antitrust Act in connection with defendants' conspiracy to restrain trade and monopolize the market for zinc warehousing and physical zinc in the United States (the Oklahoma Steel and Duncan Galvanizing cases are collectively referred to as the "Zinc Actions").  For the reasons stated herein, we believe the Aluminum Warehousing MDL and the Zinc Actions should not be consolidated.  We respectfully suggest that the Zinc Actions and any later-filed zinc action proceed as separately consolidated cases.

---

[1] The Oklahoma Steel action is filed on behalf of plaintiffs Oklahoma Steel and Wire Co., Inc., Iowa Steel and Wire Co., and Southwestern Wire, Inc.
[2] The Oklahoma Steel action has been marked as related to Duncan Galvanizing.

280 King of Prussia Road, Radnor, Pennsylvania 19087   T. 610-667-7706   F. 610-667-7056   info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104   T. 415-400-3000   F. 415-400-3001   info@ktmc.com
www.ktmc.com

The Honorable Katherine B. Forrest
June 13, 2014
Page 2

      Although there is some factual overlap between the Zinc Actions and the cases in the Aluminum Warehousing MDL, the Zinc Actions are fundamentally distinct for a variety of reasons.  First, and most critically, the Zinc Actions involve a separate market for a separate and distinct commodity metal, i.e. zinc.  As a result, these cases will be distinct from the aluminum cases in many ways including that they will involve different producers and different purchasers.  In addition, the cases will involve different (1) classes; (2) class periods; (3) market dynamics; and (4) damages.

      Indeed, because zinc has different applications and uses, there is a different distribution network and, unlike the aluminum cases which focus on trade in and out of warehouses in Detroit, the Zinc Actions are focused on trade in and out of warehouses in New Orleans.  The Zinc Actions also are focused on Glencore's market dominance.

      Consequently, discovery will differ in materials respects.  There will be documents relevant to zinc but not aluminum and vice versa.  Likewise, there will be witnesses that have information relevant to only one of the commodity metals and expert discovery also will differ as between the two sets of cases.

      Given this, we respectfully submit that the most appropriate course is not to consolidate the Zinc Actions with the Aluminum MDL but rather to have the Zinc Actions proceed as a separately consolidated action.

      We are available to answer any questions or provide additional information at the Court's convenience.

                                                  Respectfully submitted,

                                                  Joseph H. Meltzer

JHM/reg
cc:    Counsel of Record in MDL No. 2481 (via ECF)

