UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| In re ALUMINUM WAREHOUSING ANTITRUST LITIGATION | : : : | |
| | : | Master Docket No. |
| This Document Relates To: | : | 13-MD-2481 (KBF) |
| DIRECT PURCHASER PLAINTIFFS | : : | No. 14-CV-03116 |
| 14 Civ. 3116 | : : : : | |
| | x | |

MEMORANDUM IN SUPPORT OF MOTION BY PACORINI METALS AG
TO DISMISS THE DIRECT PURCHASER PLAINTIFFS' AMENDED COMPLAINT

SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP

John M. Nannes
1440 New York Avenue, N.W.
Washington, D.C.  20005
Telephone:  (202) 371-7500
Facsimile:  (202) 661-9191

Jay B. Kasner
Four Times Square
New York, New York, 10036
Telephone: (212) 735-3000
Facsimile:  (917) 777-2628

*Attorneys for Pacorini Metals AG*

August  5, 2014

# TABLE OF CONTENTS

Page

I.  The Direct Purchaser Plaintiffs' Complaint Should be Dismissed for Failure to State a
Claim as to Pacorini AG Under *Twombly*..............................................................................1

II.  Other Grounds for Dismissal..................................................................................................6

III.  Conclusion ...............................................................................................................................6

**TABLE OF AUTHORITIES**

**CASES**

PAGE

*Appalachian Enters., Inc. v. ePayment Solutions Ltd.*,
No. 01 Civ. 11502, 2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004)................................................ 4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................................................. 2, 3

*Atuahene v. City of Hartford*,
10 F. App'x 33 (2d Cir. 2001) ...................................................................................................... 2

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................................. passim

*In re Elevator Antitrust Litigation*,
502 F.3d 47 (2d Cir. 2007) ........................................................................................................... 3

*In re Lithium Ion Batteries Antitrust Litigation*,
No. 13-MD-2420, 2014 WL 309192 (N.D. Cal. Jan. 21, 2014) ................................................... 4

*In re TFT-LCD (Flat Panel) Antitrust Litigation*,
586 F. Supp. 2d 1109 (N.D. Calif. 2008)................................................................................... 2, 4

*Mayor and City Council of Baltimore, Md. v. Citigroup, Inc.*,
709 F.3d 129 (2d Cir. 2013) ......................................................................................................... 3

*Medina v. Bauer*,
No. 02 Civ. 8837, 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004)..................................................... 5

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*,
No. 91 Civ. 2923, 1994 WL 88129 (S.D.N.Y. Mar. 15, 1994) ..................................................... 5

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
No. 12 Civ. 2837, 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) (Forrest, J.),
*aff'd*, 530 F. App'x 19 (2d Cir. 2013).................................................................................... 2, 4

Pacorini Metals AG ("Pacorini AG") submits this memorandum of law in support of its motion for dismissal of all of the Direct Purchaser Plaintiffs' claims against it.[1]  The Direct Purchaser Plaintiffs' Complaint ("DPP Complaint") is lengthly, containing over 430 paragraphs, but the allegations as to Pacorini AG  are too sparse, too generalized, and too conclusory to give Pacorini AG fair notice of the claims against it under Federal Rule of Civil Procedure 8 or to state a cause of action under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"), and relevant decisions in this Circuit and District.[2]

At base, the DPP Complaint alleges that certain practices by warehouses have created queues for delivery of aluminum in the Detroit area that have adversely affected Plaintiffs, but the DPP Complaint does not specifically allege that Pacorini AG has warehouses in Detroit or engaged in those practices.  Additionally, the DPP Complaint alleges that behavior by aluminum traders adversely impacted prices for aluminum, but the DPP Complaint does not, nor can it, allege that Pacorini AG is a trader.

I.  The Direct Purchaser Plaintiffs' Complaint Should be Dismissed
for Failure to State a Claim as to Pacorini AG Under *Twombly*

Memoranda of law previously filed with this Court by Pacorini Metals USA, LLC and other Defendants in support of their motions to dismiss extensively discuss Federal Rule of Civil

---

[1] In light of this Court's order of July 31, 2014 (ECF 508) setting a briefing schedule to ensure that all of the pending motions to dismiss in this action are decided together, we have conferred with counsel for plaintiffs regarding a briefing schedule for this motion that would be consistent with that order.  If the Court should so desire, plaintiffs are prepared to file their opposition to the motion by August 15, 2014, and Pacorini Metals AG would reply no later than August 19, 2014.

[2] Pacorini AG was not named as a defendant in any of the other pending aluminum actions except for the complaint filed by the Consumer End Users, but it has not been served in that action.

Procedure 8, *Twombly*, and its progeny.  To avoid undue duplication, Pacorini AG joins in those

motions[3] and only addresses those concepts that are particularly applicable to this motion.

Federal Rule of Civil Procedure 8 "requires, at a minimum, that a complaint give each

defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."

*Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (internal quotation marks and

citation omitted).  Where a complaint names multiple defendants, "that complaint must provide a

plausible factual basis to distinguish the conduct of each of the defendants."  *Ochre LLC v.*

*Rockwell Architecture Planning & Design, P.C.*, No. 12 Civ. 2837 (KBF), 2012 WL 6082387, at

\*6 (S.D.N.Y. Dec. 3, 2012) (Forrest, J.), *aff'd*, 530 F. App'x 19 (2d Cir. 2013).  This principle has

particular application when applied to members of the same corporate family.  Lumping

corporate affiliates together under the umbrella name of the parent "is insufficient to put specific

defendants on notice of the claims against them."  *In re TFT-LCD (Flat Panel) Antitrust Litig.*,

586 F. Supp. 2d 1109, 1116, 1117 (N.D. Cal. 2008).  Thus, by "lumping all the defendants

together in each claim and providing no factual basis to distinguish their conduct," a complaint

"fail[s] to satisfy this minimum standard" and should therefore be dismissed.  *Atuahene*, 10 F.

App'x at 34.

Furthermore, the Supreme Court ruled in *Twombly* that a Plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face."  550 U.S. at 570.  To meet the

"plausibility" standard, the "well-pleaded facts" in a complaint must allow "the court to infer

more than the mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[3] *See* Memorandum of Law in Support of Motion by Pacorini Metals USA, LLC to Dismiss the
Amended Complaints (ECF No. 332), Reply Memorandum in Support of Motion by Pacorini
Metals USA, LLC to Dismiss the Amended Complaints (ECF No. 453), and Memorandum of
Warehouse Defendants and Financial Firm Defendants in Support of Their Motion to
Dismiss Plaintiffs' Antitrust Claims for Failure to State a Claim (ECF No. 317).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id*. (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).  Importantly, the Supreme Court rejected the notion that allegations in the nature of "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" can suffice.  *Twombly*, 550 U.S. at 555.  Therefore, a complaint must be dismissed if a plaintiff's allegations do not suffice to establish a plausible claim.

The Second Circuit has followed suit.  "To survive a motion to dismiss under *Twombly*, it is not enough to make allegations of an antitrust conspiracy that are consistent with an unlawful agreement."  *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007).  "The ultimate existence of an 'agreement' under antitrust law, however, is a legal conclusion, not a factual allegation. . . .  A plaintiff's job at the pleading stage, in order to overcome a motion to dismiss, is to allege enough facts to support the inference that a conspiracy actually existed."  *Mayor and City Council of Baltimore, Md. v. Citigroup, Inc.*, 709 F.3d 129, 135-36 (2d Cir. 2013) (citation omitted).

Here, only three of the 431 paragraphs in the DPP Complaint even mention Pacorini AG. The first reference purports to identify Pacorini AG as follows:

> Defendant Pacorini Metals AG ("PMAG"), whose principal place of business is located in Zug, Switzerland, and which is owned and controlled by Glencore, is a leading provider of LME-certified warehousing throughout the world, including the United States, where it operates through its wholly-owned subsidiary, Defendant Pacorini Metals USA LLC ("PMUSA").

3

DPP Comp. ¶133.[4]   The remaining two allegations do no more than define Pacorini AG collectively with other defendants (such as "Glencore" or "Warehouse Defendants") in an attempt to improperly impute collective and undifferentiated conduct to it.  *See* DPP Comp. ¶¶136 and 346.  A fourth paragraph alleges that "Pacorini" had a representative on the LME Warehousing Committee, *see* DPP Comp. ¶360, but even if the LME is regarded as a trade association of sorts, such an allegation is not a basis for inferring an antitrust conspiracy. *Twombly*, 550 U.S. at 567 n.12.

Thus, all plaintiffs have done here is to employ group pleading techniques to lump Pacorini AG together with either affiliated entities or completely unrelated defendants.  Pacorini AG therefore lacks sufficient notice of *its* alleged misconduct, as required by Rule 8, and the DPP Complaint against it should be dismissed for failure to state a claim.  *See, e.g.*, *Ochre*, 2012 WL 6082387, at *6-7 (dismissing complaint where facts were "'lumped' together and thus d[id] not afford each defendant adequate notice of the factual allegations it faces," and noting that "[s]uch 'lumping' of allegations is exactly what the Second Circuit warned against . . . ; plaintiff cannot force the various defendants to guess at the nature of its claims"); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 (YGR), 2014 WL 309192, at *13 (N.D. Cal. Jan. 21, 2014) (dismissing complaint against U.S. subsidiaries absent adequate allegations of conscious participation by the subsidiaries in the alleged conspiracy); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d at 1117 (lumping together corporate affiliates under the umbrella name of the parent "is insufficient to put specific defendants on notice of the claims against them").[5]

---

[4] For purposes of this motion only, Pacorini AG treats these allegations as true.

[5] *See also Appalachian Enters., Inc. v. ePayment Solutions Ltd.*, No. 01 CV 11502 (GBD), 2004 WL 2813121, at *1, *7, *9 (S.D.N.Y. Dec. 8, 2004) (dismissing complaint against, *inter alia*, six "affiliated companies" as "woefully inadequate" where, as here, it "lumps together all of

*(cont'd)*

In addition to its improper group pleading, the DPP Complaint fails to state a plausible claim against Pacorini AG.  For example, the DPP Complaint broadly alleges coordinated, unlawful conduct by "Warehouse Defendants" that does not involve Pacorini AG, and indeed could not:

> The DPP Complaint alleges that the "Warehouse Defendants" caused "delivery delays" for aluminum at LME warehouses in Detroit (DPP Comp. ¶363), but the only specific reference is to conduct by the Goldman Defendants and there are no specific allegations of such delivery delays by Pacorini AG (or any other Pacorini entity, for that matter).

> The DPP Complaint alleges that the "Warehouse Defendants" trade in commodities as aluminum owners and trade commodities derivatives (DPP Comp. ¶¶371-372), but there are no allegations that Pacorini AG engages in trading at all, nor could there be because LME warehouses are prohibited from trading.[6]

And, even where the allegations are more specific, they do not allege conduct by Pacorini AG:

> The DPP Complaint alleges that the Goldman Defendants offered and paid financial incentives to parties storing aluminum at their warehouses in Detroit (DPP Comp. ¶¶35-40), but there are no allegations that Pacorini AG (or any other Pacorini entity, for that matter) offered incentives to store aluminum at warehouses in the U.S.

> The DPP Complaint alleges that the Goldman Defendants "shuttled aluminum from warehouse to warehouse" in Detroit (DPP Comp. ¶¶55-56), but there are no allegations that Pacorini AG (or any other Pacorini entity, for that matter) did so.

> The DPP Complaint alleges that the Goldman Defendants created queues at their warehouses in Detroit that had the effect of increasing the Midwest Premium for aluminum (DPP Comp. ¶384), but there are no allegations that Pacorini AG (or any other Pacorini entity, for that matter) had aluminum queues in Detroit.

_____

*(cont'd from previous page)*
the defendants in each claim without providing any factual allegations to distinguish their conduct"); *Medina v. Bauer*, No. 02 Civ. 8837 (DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) ("By lumping all the defendants together and failing to distinguish their conduct, plaintiff's amended complaint fails to satisfy the requirements of Rule 8."); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, No. 91 Civ. 2923 (CSH), 1994 WL 88129, at *20 (S.D.N.Y. Mar. 15, 1994) (finding that "[t]he allegations' impermissible failure to distinguish between the Werner Krebs Defendants mandates dismissal under … Rule 8(a).").

[6] The LME Warehouse Notice Terms and Conditions cited by the Direct Purchaser Plaintiffs (DPP Comp. ¶158) provide that a warehouse may not deal in contracts (i.e., trade).

These allegations are insufficient to state a plausible claim against Pacorini AG under *Twombly*.

## II.  Other Grounds for Dismissal

Pacorini AG also submits that the DPP Complaint should be dismissed as to it because the DPPs lack standing and the allegations fail to state a claim under the various state laws alleged.  Pacorini AG thus joins in the motions previously filed in this matter to dismiss the DPP Complaint on those grounds.[7]

## III.  Conclusion

Taken as a whole – looking at the allegations as to Pacorini AG individually or collectively – the DPP Complaint fails to meet Plaintiffs' Rule 8 obligation and cannot survive *Twombly*.  The allegations as to Pacorini AG are too sparse, too generalized, and too conclusory.  Accordingly, the DPP Complaint against Pacorini AG should be dismissed.  *See, e.g.*, *Twombly*, 550 U.S. at 570 (dismissal required where, as here, "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible").

Moreover, the DPP Complaint should be dismissed with prejudice.  The Direct Purchaser Plaintiffs have had four bites at the apple already:  in multiple separate complaints that they filed beginning in August 2013 and in the amended complaint that they filed as directed by this Court on March 12, which the Direct Purchaser Plaintiffs re-filed twice to correct inaccuracies.  If they had a factual predicate for alleging Pacorini AG's participation in any unlawful agreement to

---

[7] *See* Defendants' Memorandum of Law In Support of Their Joint Motion to Dismiss all Federal and State Antitrust Claims for Lack of Antitrust Standing (ECF No. 314), Defendants' Reply Memorandum In Support of Their Joint Motion to Dismiss all Federal and State Antitrust Claims for Lack of Antitrust Standing (ECF No. 455), Defendants' Memorandum of Law in Support of Joint Motion to Dismiss State Law Claims (ECF No. 342), and Defendants' Reply in Support of Joint Motion to Dismiss State Law Claims (ECF No. 469).

cause lengthy delivery delays or queues for aluminum at LME warehouses in Detroit or that Pacorini AG offered and paid financial incentive payments to customers storing aluminum at LME warehouses in Detroit, they certainly would have done so.  Plaintiffs cannot fix the deficiencies that plague the DPP Complaint, and dismissal of the DPP Complaint as to Pacorini AG with prejudice is therefore warranted.


Dated:       August  5, 2014
             New York, New York


                                      _____/s/ John M. Nannes_____
                                      John M. Nannes
                                      (john.nannes@skadden.com)
                                      SKADDEN, ARPS, SLATE,
                                      MEAGHER & FLOM LLP
                                      1440 New York Avenue, N.W.
                                      Washington, D.C.  20005
                                      Telephone:  (202) 371-7500
                                      Facsimile:  (202) 661-9191


                                      _____/s/ Jay B. Kasner_____
                                      Jay B. Kasner
                                      (jay.kasner@skadden.com)
                                      SKADDEN, ARPS, SLATE,
                                      MEAGHER & FLOM LLP
                                      Four Times Square
                                      New York, New York, 10036
                                      Telephone:    (212) 735-3000
                                      Facsimile:  (917) 777-2628

                                      *Attorneys for Pacorini Metals AG*