**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

IN RE ALUMINUM WAREHOUSING
ANTITRUST LITIGATION

This Document Relates To:

    Direct Purchaser Plaintiffs (14 Civ. 3116)

    AGFA Corporation, et al. v. The Goldman
    Sachs Group, Inc., et al. (14 Civ. 0211)

    Mag Instrument Inc. v. The Goldman Sachs
    Group Inc., et al. (14 Civ. 0217)

---

13 MD 2481 (KBF)

Hon. Katherine B. Forrest

**MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFFS' JOINT
MOTION FOR
RECONSIDERATION OF
DISMISSAL OF THE LONDON
METAL EXCHANGE ON FOREIGN
SOVEREIGN IMMUNITY
GROUNDS WITHOUT LEAVE TO
REPLEAD (ECF 564)**

## TABLE OF CONTENTS

I.  INTRODUCTION AND SUMMARY OF ARGUMENT ................................................ 1

II.  STANDARD OF REVIEW ........................................................................................... 2

III.  RECONSIDERATION IS WARRANTED BECAUSE THE COURT DECIDED THE
     MOTION TO DISMISS WITHOUT THE BENEFIT OF INTERVENING AND
     CONTROLLING CASE LAW .................................................................................. 3

IV.  THE COURT SHOULD RECONSIDER ITS DECISION ON LEAVE TO REPLEAD
     AS AGAINST THE LME FOR ADDITIONAL REASONS ........................................... 6

     A.   Plaintiffs will allege that the LME has U.S. trademarks, including one that was
          registered during FSIA motion practice, showing that the LME's conduct at the
          heart of this case is commercial in nature ............................................................. 6

     B.   Plaintiffs will allege that the LME is engaged in an extensive application process
          with the Commodity Futures Trading Commission to enjoy CFTC-regulated
          Foreign Board of Trade status, showing that the LME is no sovereign organ ....... 8

V.   RECONSIDERATION OF THE DENIAL OF LEAVE TO REPLEAD IS
     WARRANTED IN LIGHT OF THE NEW LAW AND ADDITIONAL FACTS
     PLAINTIFFS CAN ALLEGE AGAINST THE LME ....................................................... 9

VI.  CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Burkina Wear, Inc. v. Campagnolo, S.R.L.*,
    07 CIV 3610, 2011 WL 70563 (S.D.N.Y. Jan. 7, 2011).........................................................8

*Filler v. Hanvit Bank*,
    378 F. 3d 213 (2d Cir. 2004)...............................................................................................4, 5

*Filus v. Lot Polish Airlines*,
    907 F.2d 1328 (2d Cir. 1990)...................................................................................................6

*First City v. Rafidain Bank*,
    150 F.3d 172 (2d Cir. 1998).....................................................................................................6

*Foman v. Davis*,
    371 U.S. 178 (1962)................................................................................................................10

*La Societe Anonyme des Parfums Le Galion v. Jean Patou, Inc.*,
    495 F.2d 1265 (2d Cir. 1974)...................................................................................................8

*Mare Shipping Inc. v. Squire Sanders (US) LLP*,
    2014 U.S. App. LEXIS 14525 (2d Cir. July 30, 2014)............................................................5

*Oliver Schools, Inc. v. Foley*,
    930 F.2d 248 (2d Cir. 1991)...................................................................................................10

*Republic of Argentina v. NML Capital, Ltd.*,
    134 S. Ct. 2250 (2014)......................................................................................................4, 5, 6

*Ronzani v. Sanofi S.A.*,
    899 F.2d 195 (2d Cir. 1990)...................................................................................................10

*Scott v. City of White Plains*,
    2012 U.S. Dist. LEXIS 53212 (S.D.N.Y. Apr. 10, 2012)....................................................2, 3

*Stevens v. City of New York*,
    2012 U.S. Dist. LEXIS 165936 (S.D.N.Y. Nov. 14, 2012)..................................................2, 3

STATUTES

15 U.S.C. § 1058.................................................................................................................................8

15 U.S.C. § 1127.................................................................................................................................9

18 U.S.C. § 1001.................................................................................................................................8

**RULES AND REGULATIONS**

Local Civil Rule 6.3 ........................................................................................................1, 2

17 C.F.R. § 48.2(a) ..............................................................................................................9

17 C.F.R. § 48.8(a)(5)(ii) .....................................................................................................9

Direct Purchaser Class Plaintiffs and Direct Action Plaintiffs ("Plaintiffs") respectfully submit this memorandum in support of their Joint Motion for Reconsideration of the Court's Order, dismissing the LME without leave to replead their claims as against the LME under Local Civil Rule 6.3.

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs respectfully request that the Court reconsider its Order, which granted the Rule 12(b)(1) motion to dismiss of the London Metal Exchange ("LME") on sovereign immunity grounds, and did so without leave to replead as against the LME.  (ECF 564.)  This is in contrast to the Court's Rule 12(b)(6) dismissal order, which allows Plaintiffs to propose an amended complaint.  (ECF 571.)  The Court will, therefore, be reviewing a proposed amended complaint in the very near term.  (ECF 577.)

Plaintiffs are working diligently to put together an amended complaint, and respectfully request that the Court wait to consider whether to grant leave to replead against the LME until it has the opportunity to see the proposed amended complaint that Plaintiffs will be filing in about 30 days.

The Court decided the LME's motion to dismiss without the benefit of the most recent U.S. Supreme Court and Second Circuit cases interpreting the Foreign Sovereign Immunities Act.  The relevant law changed between the time the motion was argued and the time the motion was decided.  The new cases call into question the "prevailing case law," which, the Court held, "dictated" the "surprising and counterintuitive" result that the LME is immune from the jurisdiction of the Court.  (ECF 564 at 3.)

Deferring the repleading question until the amended complaint is filed is further warranted due to additional facts that plaintiffs could allege in an amended complaint and others,

which, combined with those already on the record, would show that the LME is not entitled to foreign sovereign immunity.  These include:

- The LME had U.S. trademarks registered during FSIA motion practice, including a federal trademark for LMEsword® to use in U.S. commerce; and

- The LME has deigned to engage a long registration process with the CFTC in compliance with (and in deference to) Dodd-Frank.

Plaintiffs request that the Court reconsider its decision on leave to amend, and ask that the Court reconsider that decision after having reviewed Plaintiffs' forthcoming proposed amended complaint, to be filed in accordance with the Court's procedures.

## II.    STANDARD OF REVIEW

Reconsideration under Local Civil Rule 6.3 is proper where, as here, there is "an intervening change of controlling law," or there is "the availability of new evidence."[1]  This means intervening decisions of the "Second Circuit Court of Appeals or the U.S. Supreme Court,"[2] or other matters "that might reasonably be expected to alter the conclusion reached by the court."[3]  However, "[a]t bottom, the decision to grant or deny the motion for reconsideration is within 'the sound discretion of the district court.'"[4]

---

[1] *Stevens v. City of New York*, 2012 U.S. Dist. LEXIS 165936, at *4 (S.D.N.Y. Nov. 14, 2012) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d. 1245, 1255 (2d Cir. 1992)).

[2] *Scott v. City of White Plains*, 2012 U.S. Dist. LEXIS 53212, at **5-6 (S.D.N.Y. Apr. 10, 2012) (quoting *Ivan Visin Shipping, Ltd. v. Onego Shipping & Chartering B.V.*, 543 F. Supp. 2d 338, 339 (S.D.N.Y. 2008)).

[3] *Scott*, 2012 U.S. Dist. LEXIS 53212, at **5-6 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

[4] *Stevens*, 2012 U.S. Dist. LEXIS 165936, at *5 (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

### III.   RECONSIDERATION IS WARRANTED BECAUSE THE COURT DECIDED THE MOTION TO DISMISS WITHOUT THE BENEFIT OF INTERVENING AND CONTROLLING CASE LAW

The most recent opinions on the Foreign Sovereign Immunities Act decided by the United States Supreme Court and the Second Circuit Court of Appeals were not issued until <u>after</u> the LME's motion was briefed and heard by the Court.  These cases were not brought to the Court's attention by any Plaintiff or Defendant prior to the motion being decided.  Regardless, the law changed between the time the motion was argued and the motion was decided.  The new cases call into question the "prevailing case law," which, this Court held, "dictated" the "surprising and counterintuitive" result that the LME is immune from the jurisdiction of the Court.  (ECF 564 at 3.)

The Court's initial inclination was the correct one.  In deciding the case with the (now outdated) case law before it, the Court relied heavily on a factor-by-factor immunity analysis using the "*Filler* factors," which it apparently understood it was bound to employ under *Filler v. Hanvit Bank*,[5] and its progeny.  (ECF 564 at 16.)

In *Republic of Argentina v. NML Capital, Ltd*.,[6] however, decided after oral argument was held on the FSIA motion, the Supreme Court expressly stated that multi-factor analyses, such as the "*Filler* factors" analysis briefed by the parties and applied by the Court, are not determinative in interpreting and applying the FSIA.  In *NML Capital*, the Supreme Court admonished that federal courts are not in the "immunity-by-factor-balancing business,"[7] and that only the text of the FSIA can answer the immunity question.  The Second Circuit, in another

---

[5] 378 F. 3d 213 (2d Cir. 2004).

[6] 134 S. Ct. 2250 (June 16, 2014).

[7] 134 S. Ct. at 2258.

opinion the Court apparently did not have the benefit of reviewing, quoted the teaching of *NML Capital*: "The Supreme Court recently underscored that . . . 'any sort of immunity defense made by a foreign sovereign in an American court must stand on the Act's text.  Or it must fall.'"[8] "Either way, '[t]he question . . . is not what Congress 'would have wanted' but what Congress enacted in the FSIA."[9]

The Supreme Court went on to hold that the permissive discovery allowed by Rule 26 is just as applicable in the FSIA context as it is elsewhere, since the FSIA has no general "discovery-immunity protections."[10]  "Far from containing the 'plain statement' necessary to preclude application of federal discovery rules, the Act says not a word on subject."[11]  A discovery target's "self-serving legal assertion" that no discovery could show that it is not immune cannot be credited and discovery should proceed where immunity presents factual questions.[12]

*NML Capital* provides two strong bases for reconsideration of the Court's dismissal without leave to replead.  As to the dismissal generally, the Court's ruling was unambiguously based on a dutiful application of the *Filler* factors.  (ECF 564 at 16 & 25 ("It is certainly appropriate, however, for this Court to extend *Filler* to its logical conclusion.").)  As the intervening *NML Capital* case teaches, however, immunity-by-factor analysis is no longer the

---

[8] *Mare Shipping Inc. v. Squire Sanders (US) LLP*, 2014 U.S. App. LEXIS 14525, 8-9 (2d Cir. July 30, 2014) (quoting *NML Capital*, 134 S. Ct. at 2256).

[9] *NML Capital*, 134 S. Ct. at 2258 (quoting *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 618 (1992)).

[10] *Id*. at 2257.

[11] *Id*. at 2256-57.

[12] *Id*. at 2258.

way to determine sovereign immunity under the FSIA.  As to the dismissal without leave to replead, the Court stated in its ruling that "the factual record here has been amply developed," and, therefore, "[n]o amendment could change this Court's determination."  (*Id*. at 31.) Respectfully, the "factual record" is incomplete.  Under *NML Capital*, jurisdictional discovery is a necessity to develop an adequate factual record, especially, where, as here, the record, as it stands, is replete with "self-serving" statements urging immunity.  In making its decision, which the Court acknowledged, "has a non-merits-based focus," (ECF 564 at 22), the Court did not have the benefit of a discovery record, since all discovery of the LME has been stayed from the outset of the case.[13]  *NML Capital* counsels that cases should not be dismissed on a factual basis under the FSIA without discovery.

Plaintiffs respectfully request that the Court reconsider its decision on this basis.

---

[13] Even prior to *NML Capital*, District Court decisions dismissing on FSIA grounds prior to discovery have been overturned on appeal in the Second Circuit.  *See, e.g., First City v. Rafidain Bank*, 150 F.3d 172, 177 (2d Cir. 1998) (vacating district court's order granting defendants' motion to dismiss on sovereign immunity grounds, and ordering court to allow plaintiff additional jurisdictional discovery); *Filus v. Lot Polish Airlines*, 907 F.2d 1328 (2d Cir. 1990) (reversing district court's grant of motion to dismiss on sovereign immunity grounds, and remanding with instructions that plaintiffs' interrogatories on the commercial activities prong should be answered if the district court finds that defendant is a foreign state and was served with lawful process).

**IV.    THE COURT SHOULD RECONSIDER ITS DECISION ON LEAVE TO REPLEAD AS AGAINST THE LME FOR ADDITIONAL REASONS**

> **A.    Plaintiffs will allege that the LME has U.S. trademarks, including one that was registered during FSIA motion practice, showing that the LME's conduct at the heart of this case is commercial in nature**

The LME is the holder of a number of U.S. trademarks, including one trademark registered during FSIA motion practice, concerning its purported "regulation" of LME aluminum warehousing in the United States, including monitoring, tracking, and recording load-ins and load-outs of aluminum from LME warehouses in the United States: LMEsword®.[14]

LMEsword® was registered on April 29, 2014, a mere six days after the LME moved to dismiss.  Thus, the trademark was registered with the U.S. Patent and Trademark Office at the very same time that the LME was arguing that its conduct was not commercial in nature and that this Court lacks jurisdiction as a result.  In contrast to its claims of immunity here, the LME, there, both acknowledged the power and authority of the USPTO over it and claimed (and claims) the right to exclude others from use of the trademark under the Lanham Act in federal court.

As the Court will recall from the tutorial hearing held during FSIA motion practice on May 28, 2014, according to LME executive Mark Bradley, "All of the information on the LME is contained within LMEsword."[15]  Each time aluminum within an LME warehouse is traded, the

---

[14] Ex. A, LMEsword, Reg. No. 4,520,912 (registered Apr. 29, 2014).

[15] Tutorial Hearing Tr., Ex. B, 80:12-13 (May 28, 2014).  Indeed, the only type of documents responsive to inquiry of the Court identified by the LME as relevant to load-in, load-out, and warrant data are in the LMEsword system itself.  Ex. C, LME Tutorial Presentation (excerpts), p. 11, 36-37 (May 28, 2014).

6

LME records the transaction "through a central depository that the LME [ha]s built and owned, a secure electronic transfer service called LMEsword."[16]

By statutory definition, use of the term "trademark" requires use or a bona fide intent to use the mark <u>in commerce</u>.[17]  As described by the Second Circuit, "the right to exclusive use of a trademark derives from its appropriation and subsequent use in the marketplace."[18]  "The requirement of a bona fide intention is meant to eliminate 'token use' and to require, based on an objective view of the circumstances, a good faith intention to use the mark in a real and legitimate commercial sense."[19]

Plaintiffs will also allege that the LME also holds the U.S. trademark London Metal Exchange®.[20]  More recently, the LME applied for and received trademark protection from the U.S. federal government for LME Clear® for its in-U.S. electronic trading platform, which also was registered this year, on June 10, 2014 (one week after the FSIA hearing).[21]

Plaintiffs will further allege that, with regard to its London Metal Exchange® trademark, the LME has long asserted to the federal government that it operates in U.S. commerce.  Within ten (10) years of the federal registration of a trademark, the holder is required by federal law and

---

[16] Tutorial Hearing Tr., Ex. B, 41:2-4.

[17] 15 U.S.C. § 1127.

[18] *La Societe Anonyme des Parfums Le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1271 (2d Cir. 1974).

[19] *Burkina Wear, Inc. v. Campagnolo, S.R.L.*, 07 CIV 3610, 2011 WL 70563, at *4 (S.D.N.Y. Jan. 7, 2011) (citing *Lane Ltd. v. Jackson Int'l Trading Co.*, 33 U.S.P.Q.2d 1351, 1355 (T.T.A.B. 1994)).

[20] Ex. D, London Metal Exchange, Reg. No. 2,181,659 (last renewed Aug. 21, 2008).

[21] Ex. E, LME Clear, Reg. No. 4,545,584 (registered June 10, 2014).

under penalty of false statement to "state that the mark is in use <u>in commerce</u>."[22]  With the mark

having been federally registered in 1998, the LME submitted a declaration so stating to the

USPTO under penalty of false statement under 18 U.S.C. § 1001.[23]

      **B.**      **Plaintiffs will allege that the LME is engaged in an extensive application process with the Commodity Futures Trading Commission to enjoy CFTC-regulated Foreign Board of Trade status, showing that the LME is no sovereign organ**

Plaintiffs will allege that the LME has applied to the Commodity Futures Trading

Commission for registration as a Foreign Board of Trade ("FBOT") under the Dodd-Frank

Consumer Financial Protection Act.[24]   Under Dodd-Frank, the CFTC adopted rules and

regulations requiring FBOT's that operate in U.S. commerce to register with the CFTC.  As part

of the process, federal law mandates that the FBOT file with the CFTC a "valid and binding

appointment of an agent for service of process in the United States,"[25] as part of a federally

mandated detailed application and registration process.  Plaintiffs will further allege that the

LME thus has bowed to federal enforcers and submitted to the federal application process,

acknowledging that it is subject to the mandates of federal regulation.

---

[22] 15 U.S.C. § 1058 (emphasis added).

[23] Ex. F, Notice of Acceptance of Affidavit of Continued Use, London Metal Exchange, Reg. No. 2,181,659 (Aug. 21, 2008).

[24] *See* Ex. G, *available at* http://sirt.cftc.gov/sirt/sirt.aspx?Topic=ForeignBoardsofTradeAD&Key=23619.  *See also* ECF 481 at 2-3.  An FBOT is defined as any "board of trade, exchange or market located outside the United States, its territories or possessions, whether incorporated or unincorporated."  17 C.F.R. § 48.2(a).

[25] 17 C.F.R. § 48.8(a)(5)(ii).

## V.   RECONSIDERATION OF THE DENIAL OF LEAVE TO REPLEAD IS WARRANTED IN LIGHT OF THE NEW LAW AND ADDITIONAL FACTS PLAINTIFFS CAN ALLEGE AGAINST THE LME

Reconsideration of the denial of leave to replead as to the LME will allow Plaintiffs to efficiently cure together by cohesive amendment the LME allegations alongside those made as against the LME's alleged conspirators—allegations the Court already is permitting Plaintiffs to propose.  "Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course."[26] Plaintiffs simply ask that Court reconsider dismissal with prejudice after having reviewed Plaintiffs' forthcoming proposed amended complaint, to be filed in accordance with the Court's procedures set forth in the dismissal Order of August 29, 2014, (ECF 571.)  The Court will be reviewing a proposed amended Complaint within weeks.  In any event, the case continues to pend against the LME's owners, LME Holdings and HKEx, which share counsel with the LME, and which will remain in the case at least until then.

Plaintiffs will allege the facts summarized above, among others,[27] which will bear on the jurisdictional question.  Plaintiffs respectfully request that the Court keep the door open just a little longer until the Court can see forthcoming proposed amended complaint.

---

[26] *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991) (reversing denial of leave to amend).  *See also Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (reversing denial of leave to amend when plaintiff had not previously been given leave to amend after service of a responsive pleading, and when plaintiff had asked to amend to cure identified deficiencies).  *Accord Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.  . . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

[27] By way of example only, other facts could be alleged would include information about the U.S. activity of the LME's Head of Business Development concerning aluminum warehousing, including giving commercial seminars in the U.S. on LME warehousing.  Ex. H, *available at* http://www.platts.com/IM.Platts.Content/ProductsServices/ConferenceandEvents/2014/gc403/pr

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their Motion for Reconsideration be GRANTED.

Dated:  September 8, 2014.

Respectfully submitted.

  s/ Linda P. Nussbaum
Linda P. Nussbaum
Peter A. Barile III
GRANT & EISENHOFER, P.A.
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8500
Fax: (646) 722-8501
Email: lnussbaum@gelaw.com
        pbarile@gelaw.com

Christopher Lovell
Benjamin M. Jaccarino
Gary S. Jacobson
LOVELL STEWART HALEBIAN JACOBSON LLP
61 Broadway, Suite 501
New York, NY 10006
Tel: (212) 608-1900
Fax: (212) 719-4677
Email: clovell@lshllp.com
        gsjacobson@lshllp.com
        bjaccarino@lshllp.com

Bonny E. Sweeney
Carmen Medici
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Tel.: (619) 231-1058
Fax: (619) 231-7423

---

esentations/Matt_Chamberlain.pdf  The LME advertised the conference on its website and solicited business meetings to be held there.  Ex. I, *available at* http://www.lme.com/en-gb/news-and-events/events/events/2014/01/platts-aluminum-symposium-2014/

Email: bonnys@rgrdlaw.com
cmedici@rgrdlaw.com

***Interim Co-Lead Counsel for Direct
Purchaser Plaintiffs and the Proposed
Direct Purchaser Plaintiff Class***

  s/ Derek Y. Brandt
Derek Y. Brandt
John R. Phillips
SIMMONS HANLY CONROY
One Court Street
Alton, IL  62002
Tel.: 618-259-2222

Andrea Bierstein
SIMMONS HANLY CONROY
112 MADISON AVE., 7TH FLOOR
New York, New York 10016
Tel.: (212) 784-6400

David R. Scott
Sylvia M. Sokol
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
Tel.: (212) 223-6444

Christopher M. Burke
Walter W. Noss
Kristen M. Anderson
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
707 Broadway, Suite 1000
San Diego, CA  92101
Tel.: (619) 233-4565

Todd M. Schneider
Jason H. Kim
SCHNEIDER WALLACE COTTRELL KONECKY
LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel.: (415) 421-7100

11

Garrett W. Wotkyns
SCHNEIDER WALLACE COTTRELL KONECKY LLP
8501 North Scottsdale Road, Suite 270
Scottsdale, AZ 85253
Tel.: (480) 428-0144

Christopher M. Santomassimo
NICOLL DAVIS & SPINELLA LLP
95 Route 17 South, Suite 316
Paramus, NJ  07652
Tel.: (201) 712-1616

Daniel J. Mogin
THE MOGIN LAW FIRM, P.C.
707 Broadway, Suite 1000
San Diego, CA 92124
Tel.:  (619) 687-6611

Joseph C. Peiffer
PEIFFER ROSCA ABDULLAH & CARR, L.L.P.
201 St. Charles Avenue, Suite 4610
New Orleans, LA 70170
Tel.:  (505) 586-5259

***Counsel for Plaintiffs Mag Instrument, Inc., Agfa Corporation, and AGFA Graphics, N.V.***

## ECF CERTIFICATION

The filing attorney attests to having obtained concurrence regarding the filing of this document from the signatories to this document.

Dated: September 8, 2014.

Respectfully Submitted.

s/ Linda P. Nussbaum
Linda P. Nussbaum
GRANT & EISENHOFER, P.A.
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8500
Fax: (646) 722-8501
Email: lnussbaum@gelaw.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs and the Proposed Direct Purchaser Plaintiff Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2014, I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access redacted copies of the forgoing through the Court's system, and notice will be sent to these parties by operation of the Court's electronic filing system.

Dated: September 8, 2014.

Respectfully Submitted.

s/ Linda P. Nussbaum
Linda P. Nussbaum
GRANT & EISENHOFER, P.A.
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8500
Fax: (646) 722-8501
Email: lnussbaum@gelaw.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiffs and the Proposed Direct Purchaser Plaintiff Class*