

**Grant & Eisenhofer P.A.**

123 Justison Street
Wilmington, DE 19801
Tel: 302-622-7000
Fax: 302-622-7100

485 Lexington Avenue   New York, NY 10017   Tel: 646-722-8500   Fax: 646-722-8501

1747 Pennsylvania Avenue, N.W., Suite 875
Washington, DC 20006
Tel: 202-386-9500
Fax: 202-386-9505

Linda P. Nussbaum
Director
Tel: 646-722-8504
lnussbaum@gelaw.com

30 N. LaSalle Street, Suite 1200
Chicago, IL 60602
Tel: 312-214-0000
Fax: 312-214-0001

VIA ECF

October 7, 2014

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

    Re:    In re Aluminum Warehousing Antitrust Litigation (13-md-2481 (KBF)), Direct Purchaser Plaintiffs (14 Civ. 3116 (KBF)); AGFA Corporation, et al. v. The Goldman Sachs Group, Inc., et al. (14 Civ. 0211 (KBF)); Mag Instrument Inc. v. The Goldman Sachs Group Inc., et al. (14 Civ. 0217 (KBF))

Dear Judge Forrest:

    I write to correct the record with respect to Plaintiffs' Motion for Reconsideration of the Court's dismissal of the LME without leave to replead.

    The LME maintains on surreply that Plaintiffs only asked the Court to reconsider a part of its Order dismissing the LME. (ECF 603 at n.1.)

    This is incorrect.

    In their motion, Plaintiffs requested "reconsideration of its Opinion and Order of August 25, 2014, dismissing The London Metal Exchange for lack of subject matter jurisdiction on grounds of foreign sovereign immunity without leave to replead." (ECF 578 at 1.) Plaintiffs did not move the Court for partial reconsideration, but, rather, Plaintiffs' request was for "reconsideration of its Opinion and Order of August 25, 2014," to quote the motion. (*Id.*)

    In their accompanying moving brief, Plaintiffs asked the Court for (1) reconsideration of its dismissal generally, as well as for (2) reconsideration of its denial of leave to replead, particularly (3) without allowing Plaintiffs the opportunity to take any discovery of the LME. Indeed, one illustrative passage from the moving brief, (ECF 579 at 4-5), asks for reconsideration in all three respects:

Hon. Katherine B. Forrest<br>
October 7, 2014<br>
Page 2 of 2

    **1.**    **Dismissal**.  Plaintiffs first argued for reconsideration of the "dismissal" portion of the Order (emphasis added):

> **As to the dismissal generally,** the Court's ruling was unambiguously based on a dutiful application of the Filler factors. (ECF 564 at 16 & 25 ("It is certainly appropriate, however, for this Court to extend *Filler* to its logical conclusion.").) As the intervening *NML Capital* case teaches, however, immunity-by-factor analysis is no longer the way to determine sovereign immunity under the FSIA.

(*Id.* at 4-5.)

    **2.**    **Repleading**.  After that, Plaintiffs went on to argue for reconsideration of the "leave to replead" portion of the Order (emphasis added):

> **As to the dismissal without leave to replead,** the Court stated in its ruling that "the factual record here has been amply developed," and, therefore, "[n]o amendment could change this Court's determination." (*Id.* at 31.) Respectfully, the "factual record" is incomplete. Under *NML Capital*, jurisdictional discovery is a necessity to develop an adequate factual record, especially, where, as here, the record, as it stands, is replete with "self-serving" statements urging immunity.

(*Id.* at 5.)

    **3.**    **Discovery**.  After that, Plaintiffs went on to argue for reconsideration of the decision to dismiss without leave to replead, and without allowing Plaintiffs the opportunity for any discovery of the LME (emphasis added):

> In making its decision, which the Court acknowledged, "has a non-merits-based focus," (ECF 564 at 22), the Court did not have the benefit of a discovery record, since all discovery of the LME has been stayed from the outset of the case. *NML Capital* counsels that **cases should not be dismissed on a factual basis under the FSIA without discovery.**

(*Id.*)

Plaintiffs continue to respectfully request that the Court reconsider its dismissal of the LME without to leave to replead, particularly without them having the opportunity to take any discovery of the LME, notwithstanding the LME's inaccurate portrayal of Plaintiffs' motion.

Respectfully submitted,<br><br>
*/s/ Linda P. Nussbaum*<br>
Linda P. Nussbaum

cc: Counsel of Record via ECF