# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

| Telephone | | Facsimile |
|---|---|---|
| 212.608.1900 | January 7, 2015 | 212.719.4775 |

**VIA ECF**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1950
New York, New York 10007

      Re:    *In re Aluminum Warehouse Antitrust Litigation* (13-md-2481)
               (KBF), Direct Purchaser Plaintiffs (14 Civ. 3116)

Dear Judge Forrest,

      I write this letter as Court appointed counsel for the Direct Purchaser Plaintiffs ("DPP's")[1], who Defendants refer to as the First Level Purchaser Plaintiffs ("FLPs").[2] We generally do not object to Defendants' proposed sur-reply. After reviewing the actual arguments that Defendants raise in their sur-replies, DPP's may seek leave of Court to submit a brief response to any new arguments made by Defendants.

      DPP's limited objection concerns antitrust standing. DPP's briefed the standing issue for a sum total of 5 pages compared to 25 pages initially submitted by Defendants. Plaintiffs' primary, though not sole arguments were that Defendants failed to respond to the TAC, and created a convoluted standing test for traditional direct purchasers.

      Defendants now seek to brief standing for an additional 8 pages despite the already large imbalance in the amount of pages thus far submitted. If the Court is inclined to allow Defendants again to have their say on standing, then Plaintiffs must reserve their right to review Defendants'

---

[1] *See e.g*., Case Management Order #2, ECF No. 216, (dated March 6, 2014) ("The Court appoints the following counsel as Interim Co-Lead Counsel for all Direct Purchaser Plaintiffs and the Proposed Direct Purchaser Class").

[2] DPP's have now made clear in the Proposed Third Amended Complaint ("TAC") that they made direct purchases from the Defendants, including Defendant Glencore Ltd., who is a party to the so-called Smart Ass Plan aluminum shuffling agreements with Defendant Metro International Trade Services, L.L.C. ("Metro"). *Compare* TAC ¶¶44-52, 280-86 (Ampal standing and Glencore-Metro agreements) *with* Reply Brief In Further Support Of Direct Purchaser Plaintiffs' Motion For Leave To Amend [ECF No. 687] pp. 34-39 (dealing with standing and referring to Glencore Ltd., as the entity that dealt with Metro and entered the agreements) *and* Memorandum Of Glencore Ltd. In Opposition To Motions For Leave To File Amended Complaints And In Support Of Motion To Dismiss Amended Complaint [ECF No. 678] pp. 4-6 (specifying that Glencore Ltd., was the entity engaged in the transaction with Metro.

actual standing arguments to see whether Plaintiffs' will request leave of Court to submit a brief response.

      Thank you very much.

                                Respectfully submitted,

                                */s/ Christopher Lovell*
                                Christopher Lovell

cc:  Counsel of Record (via ECF)