

**WALTER W. NOSS**

Writer's Direct Dial Number
(619) 798-5301

Writer's Direct Email Address
wnoss@scott-scott.com

February 3, 2015

<u>**VIA ECF**</u>

Hon. Katherine B. Forrest
United States District Judge
U.S. District Court for the
Southern District of New York
500 Pearl Street, Room 1950
New York, NY  10007

    Re:    *In re Aluminum Warehousing Antitrust Litigation*, 13-md-2481, (KBF)
               *Direct Purchaser Plaintiffs*, No. 1:14-cv-3116
               *Agfa Corp. v. The Goldman Sachs Group, Inc.*, No. 1:14-cv-211
               *Mag Instrument, Inc. v. The Goldman Sachs Group, Inc.*, No. 1:14-cv-217
               *Eastman Kodak Co. v. The Goldman Sachs Group, Inc.,* No. 1:14-cv-6849

Dear Judge Forrest:

      Plaintiffs Agfa Corporation, Agfa Graphics, N.V., Mag Instrument, Inc., and Eastman Kodak Company (collectively, the "Individual Plaintiffs" or "IPs") write to provide the Court notice of supplemental authority.  On January 28, 2015, in *In re Foreign Exchange Benchmark Rates Antitrust Litigation*, 13 Civ. 7789 (LGS) ("*Forex*"), the Honorable Lorna G. Schofield denied the motion to dismiss by Goldman Sachs, JPMorgan, and other multinational banks brought against allegations of a conspiracy to fix and manipulate foreign exchange benchmark rates.  (Opinion and Order, ECF No. 242)  A copy of that decision is attached.

      Notably, in *Forex*, the Court ruled that consumers of a product suffer antitrust injury when horizontal competitors engage in a price-fixing conspiracy.  This is precisely the harm IPs allege.  (*See* IPs' Reply at 36-38, filed under seal January 2, 2015).  Because this is "the quintessential antitrust injury," *Forex* noted that pleadings-stage arguments about the possibility of unilateral conduct or of "normal competitive conduct" miss the mark as they "do[] not even implicate the concept of antitrust injury." *Forex* at 22-25.[1]

---

[1]     Even so, "Simply because conduct can be legal when undertaken individually, does not prevent it from becoming illegal if undertaken collusively – that is the essence of a conspiracy." *Forex* at 22.

Hon. Katherine B. Forrest
February 3, 2015
Page 2

      IPs respectfully submit that they have alleged an economically plausible conspiracy to increase prices and that the Court should apply the three-part test set forth in the Second Circuit's decision in *Gatt Communications v. PMC Associates, L.L.C.*, 711 F.3d 68, 76 (2d Cir. 2013) and find antitrust injury.  (*See Forex* at 20-21; ECF No. 608 at 14-15; IPs' Reply at 38 n.17).

      We thank the Court for its continued attention to this matter.[2]

                                                Very truly yours,
                                                SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

                                                /s/Walter W. Noss
                                                Walter W. Noss

cc: Counsel of Record (via ECF)

WWN/pm

---

[2]    I have been authorized by counsel for the class plaintiffs to inform the Court that they join in this submission.