UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

:
:
:
IN RE ALUMINUM WAREHOUSING                          :            13-md-2481 (KBF)
ANTITRUST LITIGATION                                :          and all related cases
                                                    :
                                                    :            CORRECTED[1]
                                                    :          OPINION & ORDER
------------------------------------------------------------------ X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 23, 2015
```

KATHERINE B. FORREST, District Judge:

This is the second of three Opinions & Orders in this large multidistrict

litigation ("MDL") in which various plaintiffs have brought federal antitrust and

state law claims against a number of defendants.  There are two proposed pleadings

before the Court: the Third Amended Complaint ("TAC") filed by four plaintiffs who

are self-styled "Direct Purchaser Plaintiffs," who the Court has referred to as the

"First Level Purchasers" or "FLPs," and the Joint Amended Complaint ("JAC") from

plaintiffs Agfa Corporation, Agfa Graphics, N.V. (collectively, "Agfa"), Mag

Instrument, Inc. ("Mag"), and Eastman Kodak Company ("Kodak").[2]  Both proposed

---

[1] A previous version of this Opinion & Order incorrectly referred to plaintiffs Agfa Corporation, Agfa
Graphics, N.V., Mag Instrument, Inc., and Eastman Kodak Company as "defendants" in the opening
paragraph.

[2] Plaintiffs filed the JAC and the TAC in connection with two consolidated motions to amend in
support thereof.  (ECF Nos. 608, 610.)  As the Court noted in footnote 1 of its Opinion & Order dated
March 3, 2015 (ECF No. 728), Kodak is in a different procedural posture from the other plaintiffs.
That difference does not have substantive significance for purposes of the instant motions.  The JAC
is in fact an amended pleading for Kodak and motions to dismiss it are therefore evaluated under
Rule 12(b)(6).  For the remaining plaintiffs, the pleadings are "proposed" and evaluated under the
futility standard for amendments set forth in Rule 15 and interpreting case law.  See Xiang Li. v.
Morrisville State Coll., 434 Fed. App'x 34, 35 (2d Cir. 2011) (summary order) (justice does not require
a court to grant a plaintiff leave to amend a complaint under Rule 15(a)(2) "if amendment would be
futile").  But at bottom, the 12(b)(6) standard and the Rule 15 futility standard are essentially the
same.  Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a
pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R.
Civ. P. 12(b)(6).").

pleadings allege that defendants, who consist of companies operating both metals warehouse storage businesses and the commodities trading arms of several investment banks, engaged in anticompetitive acts that drove up prices for aluminum.  All defendants have moved to dismiss, and this Court has already resolved certain motions as to four foreign defendants.  This Opinion and Order resolves the pending motions as to five of the many remaining defendants.

Two of the defendants that are the subject of this Opinion are holding companies: The Goldman Sachs Group, Inc. and JPMorgan Chase & Co.  The allegations with regard to three other defendants, Glencore International AG, Glencore UK Ltd., and Pacorini Metals AG, are insufficient under the basic pleading standards set forth in Rule 8 and Supreme Court precedent.[3]

## I.    LEGAL STANDARD ON MOTION TO DISMISS

To survive a Rule 12(b)(6) motion to dismiss, the factual allegations in a complaint must raise plaintiffs' right to relief above the speculative level.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In other words, a complaint must allege enough facts to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  In applying that standard, a court accepts as true all well-pleaded factual allegations, but does not credit "mere conclusory

[3] In the TAC, plaintiffs group "Glencore," Pacorini Metals USA LLC, Pacorini Metals AG, and non-defendant Pacorini BV into the single collective term "Pacorini."  (TAC ¶ 125.)  Mag, Agfa, and Kodak have not named Glencore International AG or Glencore UK Ltd. as defendants.

statements" or "threadbare recitals of the elements of a cause of action."  Id.

Similarly, a court need not accept "legal conclusions couched as factual allegations."

Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Port

Dock, 507 F.3d at 121).

If the Court can infer no more than "the mere possibility of misconduct" from

the factual averments—that is, if the well-pleaded allegations of the complaint have

not "nudged [plaintiffs'] claims . . . across the line from conceivable to plausible"—

dismissal is appropriate.  Iqbal, 556 U.S. at 679-80 (quoting Twombly, 550 U.S. at

570).

The "plausibility" requirement should not, however, be misunderstood as a

"probability" standard.  Twombly, 550 U.S. at 556; Anderson News, L.L.C. v. Am.

Media, Inc., 680 F.3d 162, 184 (2d Cir. 2012).  "Because plausibility is a standard

lower than probability, a given set of actions may well be subject to diverging

interpretations, each of which is plausible."  Anderson News, 680 F.3d at 184.  On a

Rule 12(b)(6) motion, the Court may not choose between two plausible inferences

that may both be drawn from the factual allegations.  Id. at 185.  This is so even if a

court finds one of the two versions more plausible.  Id.

Rule 8 provides that a defendant is entitled to notice of the claims brought

against him; Twombly makes clear that at the pleading stage in this antitrust case,

that means that each defendant is entitled to know how he is alleged to have

conspired, with whom and for what purpose.  See Twombly, 550 U.S. at 557-58.

Mere generalizations as to any particular defendant—or even defendants as a

group—are insufficient.  See Twombly, 550 U.S. at 555-56.  The fact that two separate legal entities may have a corporate affiliation does not alter this pleading requirement.  In the absence of allegations that corporate formalities have been ignored, courts appropriately and routinely adhere to legal separateness.  See, e.g., De Letelier v. Republic of Chile, 748 F.2d 790, 794-95 (2d Cir. 1984).

## II.    FACTS ALLEGED AS TO THESE FIVE DEFENDANTS

Both the JAC and the TAC allege a bare number of specific facts as to the five defendants who are the subject of this Opinion.  Both pleadings then purport to lump these defendants together within a grouping with several affiliated companies, and both assert a naming convention that purports to capture all of the affiliated companies together.  For instance, after introducing myriad separate companies affiliated with Pacorini Metals USA LLC, plaintiffs then state that thereafter they will refer to all of them together as "Pacorini."  (JAC ¶ 80; TAC ¶ 125.)  The same is true with regard to the TAC's use of the term "Glencore."  (TAC ¶ 114.)  In the JAC, plaintiffs state generally that the term "Defendant" or "Defendants" refers to any company's wholly owned subsidiaries or affiliates.  (JAC ¶ 82.)  Plaintiffs further allege that each defendant named therein "acted as the agent or joint-venturer of or for the other Defendants with respect to the acts, violations and common course of conduct alleged [t]herein."  (JAC ¶ 84; TAC ¶ 131.)

Plaintiffs allege that The Goldman Sachs Group, Inc. is an international finance company headquartered in New York.  (JAC ¶ 50; TAC ¶ 86.)  The Goldman Sachs Group, Inc. is not alleged to itself have any operations; rather, it is alleged to act through its principal operating subsidiaries, Goldman Sachs & Co. and Goldman

Sachs International (JAC ¶ 52; TAC ¶¶ 87, 89, 90, 91), and through its ownership of two other defendants, Metro International Trade Services LLC ("Metro") and J. Aron & Company.  (JAC ¶¶ 50, 53, 55; TAC ¶¶ 86, 92.)

Plaintiffs allege that JPMorgan Chase & Co. is also an international finance company headquartered in New York. (JAC ¶ 57; TAC ¶ 96.)  It is alleged to engage in storage, transportation, marketing, or trading of commodities. (TAC ¶ 96; JAC ¶ 57.)  Other allegations in the pleadings make it clear that these operations are conducted through JPMorgan Chase & Co.'s operating subsidiaries, including JPMorgan Securities plc and Henry Bath LLC.  (See JAC ¶¶ 58-60, 68; TAC ¶¶ 97-99, 107.)

Both the JAC and the TAC seek to join various Glencore-affiliated companies as defendants.  The pleadings differ as to which entities they seek to join.  The TAC (but not the JAC) includes Glencore International AG as a defendant, alleging that it is a Swiss company that is wholly owned by Glencore plc.  (TAC ¶¶ 110, 115.)  The TAC (but not the JAC) also includes Glencore AG as a defendant.  (TAC ¶¶ 116-17.)  It alleges that Glencore AG is a customer of Metro, and is the largest shareholder of Century Aluminum Company, one of the largest aluminum producers in the United States.  (TAC ¶¶ 116-17).  Finally, the TAC (but not the JAC), includes Glencore UK Ltd. as a defendant.  (TAC ¶ 119.)  In the TAC, plaintiffs allege that Glencore UK Ltd. is an operating company engaged in commodities trading, organized under the laws of the U.K. and with its headquarters in the U.K.  (TAC ¶ 119.)

III.   DISCUSSION

Each of The Goldman Sachs Group, Inc. and JPMorgan Chase & Co.,

Glencore International AG, Glencore UK Ltd., and Pacorini Metals AG are alleged

to be separate and distinct corporate entities; there are no factual allegations that

any of these entities failed to observe corporate formalities.  As independent

entities, claims against them are plausible only if there are factual allegations that

specifically pertain to them—as distinct from those applicable to their corporate

affiliates—that are sufficient to state a claim as to them individually.

Here, plaintiffs have alleged various federal antitrust and state law claims

against these defendants.  Neither of the two complaints sets forth any specific facts

that suggest any participation by any one of these specific entities in the allegedly

unlawful conduct.  Instead, the claims as to them are based solely on corporate

proximity.  Both Rule 8 of the Federal Rules of Civil Procedure and Twombly

require more than that—mere speculative generalizations as to a defendant are

insufficient.  See Twombly, 550 U.S. at 555-57.  The fact that two separate legal

entities may have a corporate affiliation does not alter this pleading requirement.

In the absence of allegations that corporate formalities have been ignored,

defendants are presumed to be legally separate.[4]  See, e.g., De Letelier, 748 F.2d at

794-95.

---

[4] All of the foregoing analysis is equally applicable to the FLPs' proposed Fourth Amended
Complaint (ECF No. 691), which was filed by the FLPs in connection with their reply brief in further
support of their motion for leave to amend.  The Fourth Amended Complaint does not add any
allegations that would alter the result herein.

IV.     CONCLUSION

For all of the reasons set forth above, defendants' motion to dismiss the JAC (ECF No. 649) is GRANTED as to The Goldman Sachs Group, Inc., JPMorgan Chase & Co., and Pacorini Metals AG.[5]  The motion by Pacorini Metals USA, LLC and Pacorini Metals AG to dismiss the JAC (ECF No. 648) is GRANTED as to Pacorini Metals AG.  Plaintiffs' motions for leave to amend their complaints (ECF Nos. 608, 610, 631) are DENIED to the extent they seek to join The Goldman Sachs Group, Inc., JPMorgan Chase & Co., Glencore International AG, Glencore UK Ltd., and Pacorini Metals AG as defendants.

SO ORDERED.

Dated:       New York, New York
             March 23, 2015


_____
KATHERINE B. FORREST
United States District Judge

---

[5] This Opinion does not address any motions by any other companies affiliated with these companies.

7