# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

April 29, 2015

*Via ECF*

The Honorable Katherine B. Forrest,
   United States District Court,
      Southern District of New York,
         500 Pearl Street,
           New York, New York  10007.

        Re:   In re Aluminum Warehousing Antitrust Litigation, No. 13-md-02481 (KBF)

Dear Judge Forrest:

        On behalf of all defendants, I write to answer the following question posed by the Court's April 27, 2015 Order (ECF No. 772): "What is the status and timing of the End-User appeal?" The short answer is that the End-User appeal was stayed pending this Court's ruling on leave to amend in the other aluminum cases. Although that stay now has expired, no briefing schedule thus far has been set in the End-User appeal. A more detailed discussion follows.

        On September 24, 2014, the End Users filed Notices of Appeal from this Court's Orders dismissing their claims without leave to replead. (ECF Nos. 590, 591.)

        The London Metal Exchange ("LME") thereafter filed a consent motion with the Second Circuit, asking that the End-User appeal be held in abeyance until the Supreme Court issued its decision in the *Gelboim* case arising out of the *In re LIBOR-Based Financial Instruments Antitrust Litigation* regarding appellate jurisdiction in multidistrict litigation. (Exhibit A hereto.) The Second Circuit granted the LME's consent motion. (Exhibit B hereto.) The Supreme Court issued its *Gelboim* decision on January 21, 2015, holding that when a district court grants a dispositive motion on all issues in some (but not all) cases coordinated for pretrial proceedings under 28 U.S.C. § 1407, the ruling in those particular cases is immediately appealable. *Gelboim* v. *Bank of Am. Corp.*, 135 S. Ct. 897, 905-06 (2015).

        Following the Supreme Court's decision, the End Users filed an unopposed motion asking the Second Circuit to continue to hold their appeal in abeyance

The Honorable Katherine B. Forrest -2-

until this Court ruled on plaintiffs' motions for leave to amend (and defendants' motion to dismiss Kodak's claims) in the other aluminum cases remaining before this Court. (Exhibit C hereto.) The End Users argued that those pending motions involved "some of the very issues [the End Users] raise on appeal," including antitrust standing, that having "*any and all appeals . . . proceed together [would be] a more efficient process than piecemeal appeals*," and that "the interests of judicial economy and those of the parties to this appeal are best served by holding this appeal in abeyance until the district court renders its decision." (*Id.* at 3 & 4 (emphasis added).) The Second Circuit granted the End Users' motion. (Exhibit D hereto.)

On March 26, 2015, this Court granted in part and denied in part plaintiffs' motions for leave to amend (and defendants' motion to dismiss Kodak's claims). (ECF No. 733.) Following this Court's decision, the End Users requested that their appeal continue to be held in abeyance, "for purposes of clarity *and the efficient prosecution of the present appeal*," until the deadlines for plaintiffs to move for reconsideration or to appeal the March 26 decision had passed. (Exhibit E hereto (emphasis added).)

Earlier this morning, the End Users filed another status update with the Second Circuit noting that the time for the parties in these cases to seek reconsideration now had expired and requesting that the court enter a briefing schedule. (Exhibit F hereto.) Thus far, however, no briefing schedule has been set in the End-User appeal.

Respectfully,

Richard C. Pepperman, II

(Enclosures)

cc: All Counsel (via ECF)