# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

May 5, 2015

Via ECF

The Honorable Katherine B. Forrest,
    United States District Court,
        Southern District of New York,
            500 Pearl Street,
                New York, New York  10007.

Re: In re Aluminum Warehousing Antitrust Litigation, No. 13-md-02481 (KBF)

Dear Judge Forrest:

On behalf of all defendants, I write to answer the following questions posed by the Court's April 30, 2015 Order (ECF No. 777): "Isn't the theory underlying the allegations of antitrust injury – as well as the factual allegations themselves – different between the 2 actions?  If the 2d Cir resolved standing against defendants, that wouldn't alter this case; and if it *affirmed* this Court's standing, it also wouldn't alter this case, right?  What am I missing?"

In defendants' view, the answer to the Court's first question is no because the theory of antitrust injury is the same in all cases.  No group of plaintiffs is alleged to be a competitor or consumer in the markets for warehouse services for aluminum or for trading financial instruments tied to aluminum in which defendants supposedly conspired.  Because plaintiffs are not competitors or consumers in these supposed markets, in each instance, the antitrust-injury question turns on whether defendants used each plaintiff group as a "fulcrum, conduit or market force" to injure competition in the allegedly restrained markets for warehouse services and financial-instrument trading.

On appeal, the End Users will no doubt contend, relying on this Court's March 26 Order, that they, too, are "real world actors necessary for the effectuation of the conspiracy – the fulcrum, in the words of *McCready*." (March 26 Order at 30.) Defendants will respond (among other things) that the Second Circuit should not adopt that interpretation of *Blue Shield of Virginia v. McCready*, 457 U.S. 465 (1982), but rather should join the First Circuit in holding that, because McCready was a consumer in the allegedly restrained market, her injury did not expand the categories of plaintiffs that

The Honorable Katherine B. Forrest                                                    -2-

suffer antitrust injury. *See Serpa Corp. v. McWane, Inc.*, 199 F.3d 6, 13 (1st Cir. 1999); *SAS of Puerto Rico, Inc. v. Puerto Rico Tel. Co.*, 48 F.3d 39, 45-46 (1st Cir. 1995). Certainly, the distinct factual allegations relating to each plaintiff group in these cases may differ. But in enunciating the legal standard for antitrust injury, the Second Circuit should have the benefit – for efficiency and completeness – of considering all of the groups along the spectrum that the standard will affect in these cases. Indeed, if the FLPs and IPs lack antitrust injury, then it follows *a fortiori* applying the same legal principles that the End Users occupying positions further down the supply/distribution chain lack antitrust injury as well.

We do not presume to know precisely how the Second Circuit will rule on the End Users' appeal, or on which grounds that ruling will be based. There are, however, multiple potential outcomes of that appeal:

- The Second Circuit may articulate antitrust-injury principles that indisputably foreclose the claims of the FLPs and IPs—for example, by adopting the First Circuit's interpretation of *McCready* or the Sixth Circuit's holding that harm that is merely a by-product of an antitrust violation does not constitute antitrust injury. *See Province v. Cleveland Press Publishing Co.*, 787 F.2d 1047 (6th Cir. 1986).

- The Second Circuit may articulate antitrust-injury principles whose application to the claims of the FLPs and IPs could be subject to further argument by the parties in this Court.

- The Second Circuit may articulate antitrust-injury principles that are consistent with this Court's March 26 Order but hold that the End Users lack antitrust standing because they are not "efficient enforcers" of the antitrust laws.

By certifying the March 26 Order to the Second Circuit, this Court will enable the appellate court to rule definitively and efficiently on the antitrust-injury question once in a single appeal involving all of the potentially affected parties. As such, certifying the order "*may* materially advance the ultimate termination of the litigation" in this Court. 28 U.S.C. § 1292(b) (emphasis added). Absent certification, if the Second Circuit rules in defendants' favor on antitrust injury in the End User appeal, defendants will ask this Court to reconsider its March 26 Order. Depending on the nature of the Second Circuit's ruling as applied to the FLPs and IPs, that motion could require extensive further briefing in this Court and could spark another appeal to the Second

The Honorable Katherine B. Forrest -3-

Circuit, resulting in piecemeal appeals. Such protracted litigation in this Court and the Second Circuit could be short-circuited by an interlocutory appeal.

Respectfully,

Richard C. Pepperman, II

cc: All Counsel (via ECF)