UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                        :
                                                        :
                                                        :
IN RE ALUMINUM WAREHOUSING                              :
ANTITRUST LITIGATION                                    :
                                                        :
                                                        :
                                                        :
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 14, 2015

13-md-2481 (KBF)
and all related cases

ORDER

KATHERINE B. FORREST, District Judge:

On March 26, 2015, this Court issued an Opinion & Order (the "Opinion")

denying defendants' motions to dismiss.  (ECF No. 733 ("Op.").)  On April 24, 2015,

defendants submitted a motion to certify the Opinion for interlocutory review under

28 U.S.C. § 1292(b).[1]  (13-md-2481 ECF No. 765; 14-cv-3116 ECF No. 265; 14-cv-211

ECF No. 144; 14-cv-217 ECF No. 159; 14-cv-6849 ECF No. 73.)  That motion is

DENIED.

Defendants argue that the Court's Opinion turns on a controlling question of

law as to which there is substantial ground for difference of opinion—namely, that

as neither competitors of defendants, nor consumers of defendants' products,

plaintiffs can adequately allege antitrust standing.  Defendants further argue that

an interlocutory appeal is appropriate because a related question of law is currently

before the Second Circuit because of the pending appeals by the Commercial End

_____

[1] After receiving defendants' opening brief (ECF No. 766), the Court set an expedited briefing
schedule and requested an update as to the status of the Commercial End User plaintiffs' and
Consumer End User plaintiffs' pending appeal of the Court's August 29, 2014 Opinion & Order (ECF
No. 772.  Defendants submitted a letter providing the Court with the requested update on April 29,
2015.  (ECF No. 774.)  Plaintiffs filed their opposition brief on May 4, 2015.  (ECF No. 778.)

User plaintiffs and the Consumer End User plaintiffs[2] (collectively, the "End User" plaintiffs[3]) of the Court's dismissal of their complaints in an Opinion & Order dated August 29, 2014.  (ECF No. 571.)

As with all antitrust cases, the question of antitrust standing is a threshold issue.  Faced with a dispute as to the existence of such standing, the Court must evaluate the pleadings against the legal requirements.  This is required of any court whenever such an issue is raised.  Here, the Court determined that plaintiffs have pled sufficient facts to support standing.  The Court does not expect defendants to agree with that ruling—particularly as it was so vigorously disputed—but the Court also does not believe that its ruling presents a particularly "close call."  It cannot be that all decisions on contested antitrust standing can be subject to interlocutory review.  Such review would slow cases and result in piecemeal appeals.

Nor is there any reason to believe an appeal would assist in the termination of the litigation.  For instance, if the appeal proceeded, and this Court were affirmed, the Court does not expect that defendants would immediately settle this matter.  The Court anticipates that defendants would pursue a number of other substantive defenses and litigate the case vigorously.  This means, of course, that if defendants were to lose on the merits, another appeal would likely follow; if plaintiffs lost, an appeal would likely follow.  Short of settlement, then, an appeal in

---

[2] More detail on the identities of the Commercial End Users and the Commercial End Users is provided in the Court's August 29, 2014 Opinion & Order.  (ECF No. 571 at 21-22.)

[3] Throughout this Order, any references to "plaintiffs" refer to the plaintiffs who are who are self-styled "Direct Purchaser Plaintiffs," to whom the Court has referred as the "First Level Purchasers" or "FLPs," and to Agfa Corporation, Agfa Graphics, N.V., Mag Instrument, Inc., and Eastman Kodak Company, unless otherwise specified.

this case is highly likely.  An interlocutory appeal at this stage could therefore result in precisely the type of piecemeal appeal disfavored by the Second Circuit. This litigation would only be terminated by the interlocutory appeal sought here if defendants were successful.  But that rationale is applicable to all cases in which a district court denies a motion to dismiss, and an immediate and successful appeal could similarly terminate those litigations.

It is certainly the case, as the Court stated in its opinion on this issue, that the alleged § 1 scheme involves a complicated and atypical fact pattern. Nevertheless, the facts giving rise to antitrust standing are relatively clear: plaintiffs' injury is inextricably intertwined with the alleged anticompetitive conduct of the defendants (which consists of actions designed to interfere with and manipulate the market processes that determine the price of physical aluminum). Supreme Court precedent dictates that that is sufficient for standing.  So long as McCready is good law, and it currently is, the facts presented here support standing at the pleading stage.  (The Court does not expect that defendants will cease to litigate the issue of standing; the Court assumes defendants will now proceed to try to demonstrate why the facts plead are unsupported.)

As the parties might have anticipated, when drafting its Opinion the Court chose its words carefully.  Among the words so chosen was "collateral damage" as used in its description of plaintiffs' injury.  Collateral damage does not, however, mean that the damage is minor, unclear, or unnecessary; it simply means that, as alleged, defendants' crosshairs were not trained on plaintiffs, but rather on a

different and more primary target.  The antitrust laws do not require that antitrust injury be only the foremost targeted effect of alleged conduct; rather, the question is whether the conduct results in injury of the type that the antitrust laws were designed to address.

The Court has spent a great deal of time considering whether to certify interlocutory appeal here.  The issue for the Court is whether generally—given the amount of resources to be spent on discovery, class certification, and dispositive motion practice—appellate review would provide the defendants with additional comfort that their resources were not being spent unnecessarily.  On reflection, however, the Court has had to consider that this District has many cases of substantial size and it cannot be that size alone pushes a court towards certification.  It may be that there are cases where a combination of a close call and size leads to such a result—but here, the Court believes that only 50% of that equation has been met.[4]

Finally, the Court does not believe that the fact that the End User plaintiffs will be pursuing an appeal provides any basis for certification.  The preliminary issue for the End User plaintiffs relates to their position in the chain—the AGC factors and whether they are efficient enforcers.  That is a different issue than that as to which defendants here would seek review.  In any event, the scheme alleged as

---

[4] Litigants of all sizes are frequently confronted with the need to spend what is, relative to their individual financial means, vast resources to litigate a case.  This Court is therefore wary of using a dollar amount alone as a justification for certification.

a basis for the § 1 claim has evolved beyond that in the End User plaintiffs'
complaint: the issues surrounding antitrust standing there are simply different.

Accordingly, for the foregoing reasons, defendants' motion for leave to appeal
under 28 U.S.C. § 1292(b) is DENIED.

The Clerk of Court is directed to close the motions at 13-md-2481 ECF No.
765, 14-cv-3116 ECF No. 265, 14-cv-211 ECF No. 144, 14-cv-217 ECF No. 159, and
14-cv-6849 ECF No. 73.

SO ORDERED.

Dated:      New York, New York
            May 14, 2015

_____
         KATHERINE B. FORREST
         United States District Judge