# NUSSBAUM LAW GROUP, P.C.

570 Lexington Avenue, 19th Floor
New York, New York 10022
Telephone: (212) 702-7053 / Fax: (212) 681-0300

Bradley J. Demuth
Direct Dial: (212) 702-7055
Email: bdemuth@nussbaumpc.com

July 30, 2015

*Via ECF*
The Honorable Katherine B. Forrest, U.S.D.J.
United States District Court
 For the Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007-1312

      Re:    *In re Aluminum Warehousing Antitrust Litig.*, 13-md-2481 (KBF) (S.D.N.Y.)

Dear Judge Forrest:

      I write on behalf of Class Plaintiffs ("Plaintiffs") in the above matter. Pursuant to Rules 37 and 45 of the Federal Rule of Civil Procedure, and Rule 2(F) of Your Honor's Individual Rules of Practice in Civil Cases, Plaintiffs respectfully move this Court for an order compelling third-party Noble Americas Corp. ("Noble") to promptly produce documents and data in response to Plaintiffs' June 22, 2015 document subpoena ("Subpoena" – attached hereto as Ex. 1). After serving boilerplate objections on July 6, 2015 ("Boilerplate" – attached hereto as Ex. 2) – in which it refused to produce even a single document – Noble has steadfastly refused Plaintiffs' counsel's repeated invitations to participate in any meaningful discussions to facilitate a substantive response to the Subpoena, choosing instead simply to rely on its Boilerplate – which, in this case, constitutes the "paradigm of discovery abuse." *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009); *see also Apple Inc. v. Samsung Elecs. Co.*, No. 1 2-CV-0630, 2013 U.S. Dist. LEXIS 67085, *43 (N.D. Cal. May 9, 2013) ("Third-party status does not confer a right to obfuscation or obstinacy."). **Accordingly, Plaintiffs respectfully seek an Order from this Court overruling Noble's Boilerplate and directing Noble to comply fully with the Subpoena.**

      A.  <u>Nature of the Dispute</u>

      Plaintiffs allege a conspiracy where aluminum traders agreed among themselves and with their affiliate-warehouses to hoard aluminum. This allowed the traders to control the supply, and as a result, the price of the aluminum. During the Class Period, defendants used this ability to drive up the price of aluminum, damaging first-level purchasers of aluminum.

      Noble, which describes itself as "a complete supply chain management solutions across the entire aluminum spectrum including sourcing, storage, pricing, and sophisticated risk management

programs which are custom-made for each counterpart,"[1] is a primary aluminum physical holder, trader, and direct market participant who has entered into numerous aluminum warehousing transactions with defendants. Noble clearly has Subpoena-responsive documents that are relevant to Plaintiffs' claims.

The Subpoena is among several subpoenas Plaintiffs served in June on similarly-situated third-parties, consisting of 24 separate requests that may be broadly sorted among the following five categories:

(1) documents relating to the non-party's purchases, sales, deliveries, shipments and storage of primary aluminum, including warehouse and delivery charges during the relevant time period (Reqs. 1- 4, 11-14, 18-21, 23);
(2) communications or agreements with defendants or the LME concerning the warehousing, trade, sale or purchase of aluminum or aluminum derivatives during the relevant time period (Reqs. 5, 8, 15, 16, 22);
(3) documents sent to, received by or prepared for governmental, administrative, or regulatory bodies related to any investigations into the aluminum market (Reqs. 6, 7);
(4) documents concerning any agreements or financing offered to or provided by aluminum warehouses (Reqs. 9, 10); and
(5) documents showing the organizational structure of the company (Req. 24).

Notably, of all the similarly-situated subpoenaed entities, Noble is: (i) the only one which has objected to the entirety of the Subpoena; (ii) the only one which has refused to engage in any meaningful substantive discussions regarding its response to the Subpoena; and (iii) the only one which has categorically refused to produce even a single document. *See* Ex. 2. Instead, Noble's Boilerplate consists of nearly identical unqualified boilerplate and otherwise non-responsive objections including its repeated refrain that each request is "overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence because the request seeks documents that are beyond those relevant to the subject matter of this litigation." This repeated objection is clearly baseless: the Subpoena requests various categories of documents related to the purchase, sale, and storage of primary aluminum – the very subject matter of the litigation.

### B. Meet and Confer Process

Plaintiffs' counsel has sought repeatedly to meet and confer with Noble regarding its deficient Subpoena response. *See, e.g.*, Exs. 3 and 4. During an initial telephone call, Noble's counsel relayed Noble's firm intention to stand on its Boilerplate, alluding to a client concern regarding production of confidential information but refusing to identify any particular inadequacy with the protective order this Court has already entered. In response, Plaintiffs' counsel suggested that Noble at least meet and confer to discuss its responsive documents and data, and then later discuss any applicable protective order issues. Noble declined these repeated invitations to meet and confer.

---

[1] http://www.nobleamericas.com/aluminum.html.

### C. Noble Has Failed to Comply with Its Discovery Obligations

A non-party who is subpoenaed under Rule 45 to produce documents is under the same obligation to participate in discovery as a party responding to discovery requests under Rule 34. *See* Advisory Committee Notes, 1991 Amendments to Fed. R. Civ. P. 45 Sub (a). This obligation requires the responding party to provide both: (i) sufficient and particularized responses and objections, and (ii) collaboration in the discovery process. The burden is on the responding party to establish that the requested discovery should be denied. *See Freydl v. Meringolo*, No. 09 Civ. 07196, 2011 U.S. Dist. LEXIS 67742 at *8 (S.D.N.Y. June 16, 2011). "Third-party status does not confer a right to obfuscation or obstinacy." *Apple Inc. v. Samsung Elecs. Co.*, No. 1 2-CV-0630, 2013 U.S. Dist. LEXIS 67085, *43 (N.D. Cal. May 9, 2013).

Plaintiffs served specific requests, limited in scope and aimed at obtaining documents clearly relevant to their claims. The Subpoena was thus properly tailored to adduce case-relevant information. *See, e.g., Sierra Rutile Ltd. v. Katz*, 1994 U.S. Dist. LEXIS 6188, *9 (S.D.N.Y. May 11, 1994) ("This broad definition of relevance [under Rule 26] is applicable to discovery through a subpoena, pursuant to Rule 45[.]"). And to the extent any of the requests were troubling, Noble repeatedly refused to engage on the issues and should not now be heard on the matter.

Noble's Boilerplate, lacking a single particularized objection or rationale, amounts to a "blanket refusal to participate in discovery" and should be overruled. *Freydl* at *9. As with any party responding to document requests, "[b]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy [while producing no documents] . . . are a paradigm of discovery abuse." *Jacoby*, 254 F.R.D. at 478; *Freydl* at *9.

Noble's intransigence is magnified by its refusal to collaborate in any meaningful way to negotiate the bounds of the Subpoena. For example, Noble's repeated objection that the term "You" as defined in the Subpoena is "overly broad" could be easily resolved by a meet and confer to discuss appropriate parameters. Likewise, objecting that it will not produce documents responsive to the requests because some may be protected by the attorney-client privilege is improper: if the documents are in fact subject to protection, Noble need only comply with Rule 26(b)(5). *Freydl* at *7-8.

**Given Noble's hardline refusal to meaningfully participate in the discovery process, Plaintiffs respectfully request that this Court overrule Noble's Boilerplate and direct Noble to comply fully with the Subpoena.**

    Respectfully Submitted,

    */s Bradley J. Demuth*

    Bradley J. Demuth