**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | x |
|---|---|
| | : |
| **IN RE ALUMINUM WAREHOUSING** | :   No. 13-md-2481 (KBF) |
| **ANTITRUST LITIGATION** | : |
| | : |
| | : |
| This Document Relates To: | : |
| | : |
| Direct Purchaser Plaintiffs | : |
| | : |
| | : |
| | x |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO**
**INTERVENE AND MODIFY PROTECTIVE ORDER**

Non-Party Direct Purchaser Plaintiffs in the related matter *In re Zinc Antitrust Litigation*, Case No. 14-cv-03728-KBF ("Zinc Plaintiffs" or "Plaintiffs") hereby move the Court to permit Plaintiffs to intervene in the above referenced action (the "Action") for the limited purpose of modifying the Protective Order.  Dkt. Nos. 381, 856.  Plaintiffs seek such relief in order to obtain access to a limited amount of critical discovery materials already compiled and produced by Defendants in the Action.  Some of these discovery materials are directly relevant to Plaintiffs' claims in the related *Zinc* matter, and Plaintiffs seek to use this material to support an anticipated motion for reconsideration of the Court's January 7, 2016 Opinion and Order granting Defendants' motions to dismiss in the *Zinc* litigation.  Case No. 14-cv-03728-KBF, Dkt. No. 155.

Without access to these related discovery materials, Plaintiffs would be substantially prejudiced.  Unlike the direct purchaser plaintiffs in the Action, Zinc Plaintiffs did not have the benefit of discovery prior to this Court ruling on Defendants' motions to dismiss.  Indeed, Zinc Plaintiffs were prevented from serving discovery until only recently, and they served discovery

requests upon Defendants at the earliest possible juncture but not in time to obtain responsive documents or materials.  Further, Plaintiffs ability to rely on the U.S. Senate Report and related materials is limited, as that inquiry largely focused on alleged abuses relating to aluminum.

Plaintiffs are not seeking to engage in active discovery in the Action, but merely seek access to discovery materials that have already been produced to some of the same counsel who represent plaintiffs in both the *Zinc* and *Aluminum* matters (and who are parties to the Protective Order).  Thus, the burden on and prejudice to Defendants is minimal (if not non-existent), especially when weighed against Plaintiffs' compelling need for modification under the circumstances.  For the reasons set forth herein, Plaintiffs' Motion should be granted.

## I.   ARGUMENT[1]

### A.   The Court Should Grant Permissive Intervention Pursuant to Fed. R. Civ. Pro. 24(b)

Fed. R. Civ. P. 24(b) permits a court to allow anyone to intervene in an action who has a claim or defense that shares with the main action a common question of law or fact, so long as the intervention would not unduly delay or prejudice the adjudication of the original parties' rights.  *See* Rule 24(b).  *International Equity Investments, Inc. v. Opportunity Equity Partners Ltd.*, 2010 WL 779314, at *2 (S.D.N.Y. Mar. 2, 2010) ("A district court has broad discretion when considering permissive intervention, but must consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.") (internal quotations omitted).

A motion for permissive intervention pursuant to Rule 24(b) is the proper procedure for a third party to seek to modify a protective order in a private suit.  *Id.; Diversified Group, Inc. v.*

---

[1] Plaintiffs assume the Court's familiarity with the relevant procedural and factual histories of the Action and the *Zinc* matter.

*Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003).  Such motions should be granted where, as here, the motion is timely and the movant's claims or defense shares a common question of fact or law with the underlying action.  *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 315 (D. Conn. 2009).  As the Action remains ongoing, and granting access to the discovery materials will not delay the progress of those proceedings, the motion is timely.  *Id*. at 315-316.  In addition, there are common questions of law and fact in both the *Zinc* matter and the Action, as both cases involve allegations that the same defendants conspired to increase load-out queues at LME-licensed metals warehouses in order to drive up premiums and inflate the price of the physical metal.  *See International Equity,* 2010 WL 779314, at *2 (in considering narrow question of modifying protective order, Rule 24(b) is to be construed liberally and is satisfied when, despite factual differences between the parties, a common question of law is involved).  Moreover, where movants seek to intervene merely to modify a protective order shielding discovery materials and not to raise a claim on the merits, there is no need for the movant to prove that it has an independent basis for jurisdiction in the suit.  *EPDM*, 255 F.R.D. at 317.  Finally, intervention here neither delays nor prejudices any party in the adjudication of their rights in the Action as the materials at issue have already been produced by Defendants.  *Id*. (balancing interests of all parties and finding that movant's interest in saving time and expense of conducting duplicative discovery persuasive).

Accordingly, the Court should grant Plaintiffs permission to intervene in the Action pursuant to Rule 24(b) for the limited purpose of modifying the Protective Order.

**B.       The Court Should Modify the Protective Order**

This Court is empowered to permit the modification of an existing protective order such as the one at issue here. *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 231 (2d Cir. 2001). Courts considering modification look to whether a litigant in the underlying action "reasonably relied" on the continuation of a protective order given the following four factors: "(1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order." *International Equity*, 2010 WL 779314, at *4. Courts have also considered the proposed intervener's purpose in seeking the modification and the type of materials sought. *Id.*

In applying these factors, district courts in this Circuit have permitted modification under analogous circumstances where intervening third parties sought to obtain and use discovery materials in related litigation. For instance, in *Charter Oak Fire Ins. Co. v. Electrolux Home Products, Inc.*, 287 F.R.D. 130 (E.D.N.Y. 2012), the district court granted a plaintiff insurer's motion to modify an existing protective order to allow documents and testimony produced in the underlying litigation to be shared with lawyers representing plaintiff in other cases against the same defendant based on similar facts and circumstances, *i.e.,* a dryer fire in which it is alleged that lint ignited in the heater pan. *Id*. at 132. Similarly, in *EPDM* the lead plaintiff in a collateral Canadian antitrust class action was permitted to intervene and obtain the modification of a protective order to access discovery materials produced by defendants in a related action pending in the United States District Court for the District of Connecticut. *EPDM*, 255 F.R.D. at 313. The analyses of the courts in *Charter Oak*, *EPDM* and other relevant authority[2] are instructive

---

[2] *See e.g. International Equity*, 2010 WL 779314 (S.D.N.Y. Mar. 2, 2010)(endorsing analyses of *EPDM* court but denying modification where movant sought to obtain documents for use in dissimilar Brazilian proceedings).

here where Plaintiffs seek to use discovery materials from the related Action to support their claims against the same Defendants in the *Zinc* litigation.  Indeed, a careful consideration of the relevant factors warrants the limited modification of the Protective Order to allow Plaintiffs to use certain discovery materials to assist them in the prosecution of the *Zinc* litigation.

First, the existing Protective Order in place in the Action is undoubtedly a broad "blanket order" granted on the basis of the parties' stipulation.  *EPDM*, 255 F.R.D. at 323.  Such "blanket" or "umbrella" orders provide parties "sweeping protection to most or all material produced in the litigation." *International Equity*, 2010 WL 779314, at *4; Protective Order, Dkt. No. 381, paragraphs 3 and 4 (granting parties authority to designate materials as "Confidential" and "Attorneys' Eyes Only"), paragraphs 6 and 7 (providing procedure by which parties can change discovery designations).  While such orders may be useful and expeditious in large scale litigation, they can be "simultaneously overboard and abusive." *International Equity*, 2010 WL 779314, at *4.  Such a blanket protective order is "more likely to be subject to modification than a more specific, targeted order because it is more difficult to show a party reasonably relied on a blanket order in producing documents or submitting to a deposition."  *EPDM*, 255 F.R.D. at 319. Moreover, stipulated protective orders, such as the Protective Order here, are "even less resistant to a reasonable request for modification." *Id*.

Second, where a protective order contains express language that "anticipates the potential for modification," it is not reasonable for a party to rely on an assumption that it will never be modified.  *EPDM*, 255 F.R.D. at 320; *International Equity*, 2010 WL 779314, at *5.  Here, the Protective Order explicitly sets forth procedures for changing (paragraphs 6 and 7) and challenging discovery designations (paragraphs 11 and 22) and permitting the parties to move for

an order compelling production of Inadvertently Disclosed Information (paragraph 16).  *See Charter Oak*, 287 F.R.D. at 133 (finding parties understood protective order could be modified given that order provided procedure for challenging designations).  In addition, the parties actually sought modification of the original Protective Order (adding protections for third parties providing discovery materials).  *See* Stipulated Addendum to Protective Order, Dkt. No. 856.  Such circumstances, on balance, weigh against a finding of reasonable reliance.  *International Equity*, 2010 WL 779314, at *6.

Third, where a blanket or umbrella protective order was the result of a stipulation and the Court did not review confidential designations before entering the Protective Order, the parties' reliance on the Order is diminished and the presumption against modification is undermined.  *International Equity*, 2010 WL 779314 at *6-7; *EPDM,* 255 F.R.D. at 321 ("A protective order granted on the basis of a stipulation by the parties carries less weight than a protective order granted after a hearing to show good cause."); *Charter Oak*, 287 F.R.D. at 133.  Here, where the Court has simply entered the Protective Order that the parties have stipulated to, and the Court's role is "largely circumscribed to prospective intervention" the parties to the Action cannot reasonably rely on the ongoing and everlasting confidentiality of materials produced under the Protective Order.  *International Equity*, 2010 WL 779314 at 7.

Fourth, a party cannot rely on a protective order if the documents it seeks to protect would have been subject to disclosure in the related litigation.  *Charter Oak*, 287 F.R.D. at 133.  *EPDM*, 255 F.R.D. at 323 ("where the parties have not given up any rights and indeed would have been *compelled* to produce the discovery materials even in the absence of a protective order, the presumption against modification is not as strong.").  Based on the undersigned's

review of discovery in the Action, it is beyond dispute that a large portion of the document discovery produced by Defendants in the Action relate to Defendants' involvement in LME-licensed metals warehousing, metals trading, and related financing transactions, which encompasses issues relating to both aluminum and zinc. Such materials are reasonably likely to lead to the discovery of admissible information and would otherwise be discoverable in the *Zinc* litigation. *See Charter* Oak, 287 F.R.D. at 134. Moreover, the undersigned has become aware of a limited number of documents contained within Defendants' production that are directly related to Plaintiffs' allegations in the *Zinc* litigation which may form the basis of a plausible Section 1 claim in that matter.

Finally, consideration of Plaintiffs' purpose in seeking modification and the types of materials sought also counsels in favor of modification. Where, as here, the intervening litigant could access the same materials by conducting their own discovery, it is in the interest of judicial efficiency to avoid such duplicative discovery. *EPDM*, 255 F.R.D. at 324. Indeed, allowing the sharing of discovery among related cases such as the Action and the *Zinc* matter is "an efficient and effective means of avoiding duplicative and costly discovery, as well as avoiding unnecessary delay in the adjudication of cases." *Charter Oak*, 287 F.R.D. at 134; *U.S. v. Hooker Chemicals & Plastics Corp*., 90 F.R.D. 421, 426 (D.C.N.Y. 1981) ("Use of the discovery fruits disclosed in one lawsuit in connection with other litigation, and even in collaboration among plaintiffs' attorneys, comes squarely within the purposes of the Federal Rules of Civil Procedure."). In addition, because Plaintiffs are not seeking modification to make discovery materials public and are not competitors of the Defendants, any concerns regarding the confidentiality of trade secrets and proprietary information is overblown and, regardless, can be

resolved by requiring Plaintiffs to be bound by the Protective Order's use and disclosure requirements.  *EPDM*, 255 F.R.D. at 324-325.

## II.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' motion to intervene in the Action and modify the Protective Order such that Plaintiffs may access relevant documents produced by Defendants.

Dated: January 13, 2016                                          Respectfully submitted,

                                                                 *s/ Linda P. Nussbaum*
                                                                 Linda P. Nussbaum
                                                                 Bradley J. Demuth
                                                                 **NUSSBAUM LAW GROUP, P.C.**
                                                                 570 Lexington Avenue, 19th Floor
                                                                 New York, NY 10022
                                                                 Tel.:  (212) 702-7053
                                                                 Fax:  (212) 281-0300
                                                                 Email:  lnussbaum@nussbaumpc.com
                                                                 Email:  bdemuth@nussbaumpc.com

                                                                 **KESSLER TOPAZ**
                                                                 **  MELTZER & CHECK, LLP**
                                                                 Joseph H. Meltzer
                                                                 Kimberly A. Justice
                                                                 Terence S. Ziegler
                                                                 280 King of Prussia Road
                                                                 Radnor, PA  19087
                                                                 Tel:  (610) 667-7706
                                                                 Fax:  (610) 667-7056
                                                                 Email:  jmeltzer@ktmc.com
                                                                 Email:  kjustice@ktmc.com
                                                                 Email:  tziegler@ktmc.com

                                                                 **LOVELL     STEWART     HALEBIAN**
                                                                 **JACOBSON LLP**
                                                                 Christopher Lovell
                                                                 Benjamin M. Jaccarino
                                                                 61 Broadway, Suite 501

New York. NY 10006
Tel:  (212) 608-1900
Fax:  (212) 719-4677
Email:  clovell@lshllp.com
Email:  bjaccarino@lshllp.com

**CERA LLP**
Solomon B. Cera
C. Andrew Dirksen
Pamela A. Markert
595 Market Street, Suite 2300
San Francisco, CA 94105
Telephone:  (415) 777-2230
Email:  scera@cerallp.com
Email:  cdirksen@cerallp.com
Email:  pmarkert@cerallp.com

*Interim Co-Lead Counsel for Zinc Plaintiffs*