**EXHIBIT 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ALUMINUM WAREHOUSING ANTITRUST LITIGATION | MDL No. 2481 13 MD 2481 (KBF) |
| This Document Pertains To: *Agfa Corporation and Agfa Graphics, N.V. v. The Goldman Sachs Group, Inc.*, Case No. 1:14-cv-0211-KBF (S.D.N.Y.) *Eastman Kodak Company v. The Goldman Sachs Group, Inc.*, Case No. 1:14-cv-06849-KBF (S.D.N.Y.) *Mag Instrument, Inc. v. The Goldman Sachs Group, Inc.*, Case No. 1:14-cv-00217-KBF (S.D.N.Y.) | |

**DEFENDANT JPMORGAN SECURITIES PLC'S RESPONSES AND OBJECTIONS TO THE INDIVIDUAL PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant JPMorgan Securities plc ("JPMorgan Securities") hereby submits the following responses to Plaintiffs Agfa Corporation, Agfa Graphics, N.V., Eastman Kodak Company, and Mag Instruments, Inc.'s (the "Individual Plaintiffs") First Set of Interrogatories to Defendants JPMorgan Securities, Henry Bath LLC, Pacorini Metals USA LLC, and Glencore Ltd. (the "Interrogatories").

**GENERAL OBJECTIONS**

The following General Objections are incorporated in full into all the Specific Objections set forth below:

1. JPMorgan Securities objects to the Interrogatories to the extent that they seek to impose obligations beyond, or otherwise inconsistent with, the Federal Rules of Civil

Procedure, the Local Rules of the Court, any Order of the Court, or any other applicable law, rule, or order, including but not limited to Civil Local Rule 33.3.

2. JPMorgan Securities objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, the joint-defense or common interest privilege, the bank supervisory privilege, any other applicable privilege, protection, or immunity, or protective order or confidentiality agreement, or otherwise exempted from discovery. JPMorgan Securities hereby asserts all applicable privileges and protections to the extent implicated by each interrogatory, whether based on statute or regulation or recognized at common law. Any disclosure of privileged and/or protected information is inadvertent and not intended to waive those privileges or protections.

3. JPMorgan Securities objects to the Interrogatories to the extent that they purport to impose an obligation on JPMorgan Securities to locate, obtain, and produce information not in the possession, custody, or control of JPMorgan Securities. JPMorgan Securities responds to these Interrogatories on behalf of itself and not on behalf of any subsidiaries, affiliates, or other corporations or separate legal entities, or any other persons.

4. JPMorgan Securities objects to the Interrogatories to the extent that they seek information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5. JPMorgan Securities objects to the Interrogatories to the extent that they seek confidential, proprietary, or other sensitive information. Such information will be provided pursuant to the Protective Order in this case. JPMorgan Securities further objects to the Interrogatories to the extent that they seek private information relating to JPMorgan Securities employees or customers subject to confidentiality obligations.

6. JPMorgan Securities' objections are made to the best of its knowledge, information, and belief. JPMorgan Securities reserves the right to revise, correct, clarify, supplement, and/or amend the objections set forth herein.

7. The above General Objections apply to each of the Individual Plaintiffs' specific interrogatories and are hereby incorporated into each of JPMorgan Securities' Specific Objections set forth below. JPMorgan Securities' Specific Objections may repeat or restate a General Objection for emphasis or some other reason; the failure to repeat or restate a General Objection in JPMorgan Securities' Specific Objections is not intended as a waiver of any General Objection.

### OBJECTIONS TO CERTAIN DEFINITIONS AND INSTRUCTIONS

By submitting these objections, JPMorgan Securities does not adopt, accede to, or waive objections to the Individual Plaintiffs' purported Definitions or Instructions. JPMorgan Securities objects to the Individual Plaintiffs' proposed Definitions and Instructions to the extent that they are vague, burdensome, susceptible to more than one meaning, or inconsistent with the ordinary and customary meaning of words and phrases or the rules governing discovery. JPMorgan Securities also objects to the extent that the Definitions or Instructions purport to impose obligations beyond those imposed by the operative rules and orders that apply in this Court. The following additional objections to the Individual Plaintiffs' proposed Definitions and Instructions are made in addition to, and not in lieu of, JPMorgan Securities' General and Specific Objections:

1. JPMorgan Securities objects to Definition Nos. 2, 3, 4, and 5, and to any Definition, Instruction, or Request that incorporates those Definitions, on the grounds that they are vague, ambiguous, overly broad, unduly burdensome, or seek information not reasonably calculated to lead to the discovery of admissible evidence. Among other things, the terms

"aluminum" and "aluminum warehouses" are vague, ambiguous, and overly broad. JPMorgan Securities will construe the term aluminum to mean primary aluminum within the scope of the Individual Plaintiffs' Joint Amended Complaint.

        2.      JPMorgan Securities objects to Definition No. 1, and to any Definition, Instruction, or Interrogatory that incorporates that Definition, on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Among other things, the proposed definition of "You" improperly seeks to impose an obligation on JPMorgan Securities to locate, obtain, and produce information, documents, and things not in the possession, custody, or control of JPMorgan Securities. Because the Interrogatories are vague, overbroad, and burdensome to the extent that they rely on Definition No. 1, JPMorgan Securities construes the term "You" to refer only to JPMorgan Securities for purposes of the responses set forth below, and objects to any attempt to require a broader response.

        3.      JPMorgan Securities objects to all Instructions, and to any Definition, Instruction, or Interrogatory that incorporates those Instructions, to the extent that they are vague, ambiguous, and unduly burdensome, seek information not reasonably calculated to lead to the discovery of admissible evidence, and/or impose burdens and obligations beyond those set forth in the Federal Rules of Civil Procedure and the Local Rules of the Court.

## RESERVATIONS OF RIGHTS

The following Reservations of Rights are incorporated in full into all the Specific Objections set forth below, and are without limitation:

1. Any response by JPMorgan Securities to any specific Interrogatory does not concede the materiality, admissibility, or relevance of such response.

2. JPMorgan Securities reserves all objections to the use of these responses, and JPMorgan Securities reserves the right to interpose such objections at the time of trial or otherwise as required by the rules or by order of the Court.

3. JPMorgan Securities' responses reflect only the current state of JPMorgan Securities' knowledge based upon a reasonable inquiry and information readily available to it. Further investigation may identify additional facts or information that could lead to amendment, supplementation, or withdrawal of these responses. JPMorgan Securities expressly reserves the right to amend, supplement, or withdraw these responses.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

Identify all persons involved in the December 2011 Aluminum Trade.

**Response:** JPMorgan Securities incorporates the foregoing General Objections as if fully set forth herein. JPMorgan Securities further objects to this Interrogatory on the ground that it exceeds the scope of, and imposes obligations beyond, Civil Local Rule 33.3. JPMorgan Securities further objects to this Interrogatory on the ground that it is vague, overly broad, and unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. JPMorgan Securities further objects to this Interrogatory to the extent it seeks information not in the possession, custody, or control of JPMorgan Securities.

Subject to and without waiving the foregoing objections, JPMorgan Securities responds that the following individuals are believed to have knowledge of relevant information concerning the December 2011 Aluminum Trade:  Neil Clift, Sam Hainsworth, and Martin Stanley.  These individuals may be contacted through counsel at Covington & Burling LLP, One CityCenter, 850 Tenth Street, NW, Washington, DC 20001, +1 202 662 6000.  JPMorgan Securities additionally incorporates by reference the responses of Henry Bath LLC.

**INTERROGATORY NO. 2:**

Identify all documents concerning the December 2011 Aluminum Trade.

**Response:**  JPMorgan Securities incorporates the foregoing General Objections as if fully set forth herein.  JPMorgan Securities further objects to this Interrogatory on the ground that it exceeds the scope of, and imposes obligations beyond, Civil Local Rule 33.3.  JPMorgan Securities further objects to this Interrogatory on the ground that it is vague, overly broad, and unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence.  JPMorgan Securities further objects to this Interrogatory to the extent it seeks information not in the possession, custody, or control of JPMorgan Securities.

Subject to and without waiving the foregoing objections, JPMorgan Securities responds that it will undertake a reasonable search using reasonable electronic search terms, and will produce any resulting non-privileged documents, not otherwise objected to, that are responsive to Plaintiffs' Second Set of Requests for Production of Documents to JPMorgan Securities dated June 3, 2015.

**INTERROGATORY NO. 3:**

Identify all persons involved in the cancellations of any warrant which was part of the December 2011 Aluminum Trade.

**Response:**  JPMorgan Securities incorporates the foregoing General Objections as if fully set forth herein.  JPMorgan Securities further objects to this Interrogatory on the ground that it exceeds the scope of, and imposes obligations beyond, Civil Local Rule 33.3.  JPMorgan Securities further objects to this Interrogatory on the ground that it is vague, overly broad, and unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence.  JPMorgan Securities further objects to this Interrogatory to the extent it seeks information not in the possession, custody, or control of JPMorgan Securities.

Subject to and without waiving the foregoing objections, JPMorgan Securities responds that, to the extent that this Interrogatory seeks names of individuals that are believed to have knowledge of relevant information concerning the December 2011 Aluminum Trade, JPMorgan Securities incorporates by reference its response to Interrogatory No. 1.

**INTERROGATORY NO. 4:**

Identify the "clients, primarily investors" with whom or with which JPM transacted such that at or around the time of the December 2011 Aluminum Trade, it "held a substantial volume of LME aluminum futures contracts that were due to expire, resulting in physical settlement, on December 21, 2011….", JPMS-ALI-0385694 (see also JPMS-ALI-0000424), and identify the date, quantity, location of aluminum, and parties involved in each such transaction.

**Response:**  JPMorgan Securities incorporates the foregoing General Objections as if fully set forth herein.  JPMorgan Securities further objects to this Interrogatory on the ground that it exceeds the scope of, and imposes obligations beyond, Civil Local Rule 33.3.  JPMorgan Securities further objects to this Interrogatory on the ground that it is vague, overly broad, and unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, JPMorgan Securities responds that, to the extent that this Interrogatory seeks names of individuals that are believed to have knowledge of relevant information concerning the December 2011 Aluminum Trade, JPMorgan Securities incorporates by reference its response to Interrogatory No. 1.

**INTERROGATORY NO. 5:**

Identify all documents concerning the transactions referenced in Interrogatory No. 4.

**Response:** JPMorgan Securities incorporates the foregoing General Objections as if fully set forth herein.  JPMorgan Securities further objects to this Interrogatory on the ground that it exceeds the scope of, and imposes obligations beyond, Civil Local Rule 33.3. JPMorgan Securities further objects to this Interrogatory on the ground that it is vague, overly broad, and unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence.  JPMorgan Securities further objects to this Interrogatory to the extent it seeks information not in the possession, custody, or control of JPMorgan Securities.

Subject to and without waiving the foregoing objections, JPMorgan Securities responds that it will undertake a reasonable search using reasonable electronic search terms, and will produce any resulting non-privileged documents, not otherwise objected to, that are responsive to Plaintiffs' Second Set of Requests for Production of Documents to JPMorgan Securities dated June 3, 2015.

October 5, 2015	Respectfully submitted,

	s/ Robert D. Wick
	Robert D. Wick (*rwick@cov.com*)
	David W. Haller (*dhaller@cov.com*)
	Henry B. Liu (*hliu@cov.com*)
	COVINGTON & BURLING LLP
	One CityCenter
	850 Tenth Street, N.W.
	Washington, DC 20001
	(202) 662-5487
	rwick@cov.com

	*Attorneys for Defendant JPMorgan Securities plc*

- 9 -

## VERIFICATION

I have read the foregoing Responses and Objections to Plaintiffs Agfa Corporation, Agfa Graphics, N.V., Eastman Kodak Company, and Mag Instruments, Inc.'s First Set of Interrogatories to Defendants JPMorgan Securities, Henry Bath LLC, Pacorini Metals USA LLC, and Glencore Ltd. and know the contents thereof. I certify that the Responses are true and correct to the best of my knowledge, information, and belief, and that I am authorized to execute this Verification on behalf of JPMorgan Securities plc.

As provided by 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October \_\_, 2015

_____
Sidney Tipples