**EXHIBIT 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ x
:
:
IN RE ALUMINUM WAREHOUSING : MDL No. 2481
ANTITRUST LITIGATION :
: Master Docket No.
This Document Relates To: : 13-md-2481-KBF
:
*Agfa Corporation and Agfa Graphics, N.V. v. The Goldman* :
*Sachs Group, Inc.*, Case No. 1:14-cv-0211-KBF (S.D.N.Y.) :
:
*Eastman Kodak Company v. The Goldman Sachs Group,* :
*Inc.*, Case No. 1:14-cv-06849-KBF (S.D.N.Y.) :
:
*Mag Instrument, Inc. v. The Goldman Sachs Group, Inc.*, :
Case No. 1:14-cv-00217-KBF (S.D.N.Y.) :
:
------------------------------------------ X

### GLENCORE LTD.'S RESPONSES AND OBJECTIONS TO THE INDIVIDUAL PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of this District, and any other applicable rules (together, the "Applicable Rules"), Defendant Glencore Ltd. submits these responses and objections (the "Response") to Plaintiffs Agfa Corporation's, Agfa Graphics, N.V.'s, Eastman Kodak Company's, and Mag Instrument, Inc.'s First Set of Interrogatories to Defendants JPMorgan Securities PLC, Henry Bath LLC, Pacorini Metals USA, LLC, and Glencore Ltd. (the "Interrogatories") in the above-captioned Action (the "Action").

### GENERAL OBJECTIONS

The General Objections set forth below apply to the Interrogatories generally and to each Definition, Instruction, and Specific Interrogatory included in the Interrogatories. Unless otherwise stated, they shall have the same force and effect as if set forth in full in response to

each Definition, Instruction, and Specific Interrogatory. Any undertaking to search for, or provide, information in response to any Specific Interrogatory remains subject to these objections. The fact that an objection is not listed herein does not constitute waiver of that objection or otherwise preclude Glencore Ltd. from raising that objection at a later time.

1. Glencore Ltd. objects to the Interrogatories to the extent they contravene the Court's Case Management Order No. 2 (Dkt. No. 216), dated March 6, 2014, requiring Interim Co-Lead Counsel to "[c]onduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all MDL plaintiffs."

2. Glencore Ltd. objects to the Interrogatories to the extent they purport to impose burdens or obligations on Glencore Ltd. that are broader than, or inconsistent with, the permissible scope of discovery under the Applicable Rules, including but not limited to Local Rule 33.3 of the U.S. District Courts for the Southern District of New York.

3. Glencore Ltd. objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, unreasonable, and lacking in particularity, or seek the discovery of information that is neither relevant to the claims or defenses of any party to, nor reasonably calculated to lead to the discovery of admissible evidence in, the Action.

4. Glencore Ltd. objects to the Interrogatories to the extent that they purport to require more than a reasonable and diligent search for information from reasonably accessible sources from which responsive information reasonably can be expected to be found. Glencore Ltd. objects to the Interrogatories to the extent that they seek to require Glencore Ltd. to undertake a search for information that is not centrally maintained by, or on behalf of, persons believed to have significant involvement in the conduct at issue in the Action.

5. Glencore Ltd. objects to the Interrogatories to the extent they purport to seek information already within Plaintiffs' possession or information that is publicly available or to which Plaintiffs have access equal to that of Glencore Ltd.

6. Glencore Ltd. objects to the Interrogatories to the extent they purport to seek confidential, proprietary, or other sensitive information. Such information will be provided pursuant to the Protective Order in this case. Glencore Ltd. further objects to the Interrogatories to the extent they purport to seek private information relating to Glencore Ltd. employees or customers subject to confidentiality obligations.

7. Glencore Ltd. objects to the Interrogatories to the extent they purport to seek information beyond Glencore Ltd.'s knowledge or control.

8. Glencore Ltd. objects to the Interrogatories to the extent that the information sought has or could have been obtained from other sources that were or are more convenient, less burdensome, and less expensive.

9. Glencore Ltd. objects to the Interrogatories to the extent they purport to seek information that is in the control of Glencore Ltd.'s parents, affiliates, or subsidiaries on the grounds that such information is not in Glencore Ltd.'s possession, custody, or control.

10. Glencore Ltd. objects to the Interrogatories to the extent they purport to require Glencore Ltd. to discern or inquire about relationships between or among entities that are not affiliated with Glencore Ltd.

11. Glencore Ltd. objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, and/or the joint defense or common interest privilege. Inadvertent disclosure of any information covered by such protections shall not constitute a waiver of any privilege, immunity, or protection or of any other

ground for objecting to discovery of such information, nor shall such disclosure constitute a waiver of Glencore Ltd.'s rights to object to the use of such information at any stage of this Action or in any other action or proceeding.

12. Glencore Ltd. objects to the Interrogatories to the extent that they purport to require Glencore Ltd. to draw legal conclusions, or are predicated on legal conclusions or arguments. Subject to and without waiver of its objections herein, Glencore Ltd. states that any response, or provision of information in response, to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission concerning any of the terms used in the Interrogatories.

13. Glencore Ltd. objects to the Interrogatories to the extent they improperly assume the existence of incorrect facts or the occurrence of events that did not take place. Glencore Ltd.'s Response is not intended, and shall not be construed, as an admission that any factual predicates stated in the Interrogatories are accurate.

14. Glencore Ltd. objects to each Interrogatory to the extent it is duplicative or repetitive.

15. By responding, Glencore Ltd. does not concede the relevance or materiality of any of the Interrogatories or the subject to which any such Interrogatory refers. Glencore Ltd.'s responses to the Interrogatories are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competence, relevance, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the responses provided herein, or of the subject matter thereof, in any proceeding, including the trial of this Action.

16. Glencore Ltd. reserves the right (but does not assume the obligation) to (i) revise, correct, supplement, or clarify the content of this Response in accordance with the Applicable

-4-
23250391

-5-

Rules; (ii) provide additional responsive information in the future; (iii) object to further discovery in the Action; and (iv) rely upon any information produced in the Action, in any hearing or proceeding including, without limitation, any hearing, proceeding, or trial in the Action.

17. Glencore Ltd.'s Response reflects only the current state of Glencore Ltd.'s knowledge based upon a reasonable inquiry regarding the information Plaintiffs have requested. Further investigation may identify additional information that could lead to additions to, changes in, and/or variations from the responses provided herein. Without in any way obligating itself to do so, Glencore Ltd. expressly reserves the right to supplement, amend, correct, clarify, or modify its Response to the Interrogatories as further information becomes available.

**OBJECTIONS TO DEFINITIONS**

1. Glencore Ltd. objects to each of the Definitions, and to any Definition, Instruction, or Specific Interrogatory that incorporates that Definition, to the extent that Definition purports to broaden the obligations imposed by the Applicable Rules, or any discovery protocols agreed upon by the parties. Subject to and without waiving these objections, in responding to the Interrogatories, Glencore Ltd. will comply, and construe the Definitions consistently, with the Applicable Rules and any discovery protocols agreed upon by the parties.

2. Glencore Ltd. objects to Definition No. 2, and to any Definition, Instruction, or Specific Interrogatory that incorporates it, on the ground that Plaintiffs have specified that this case concerns only primary aluminum.

3. Glencore Ltd. objects to Definition No. 3, and to any Definition, Instruction, or Specific Interrogatory that incorporates it, on the grounds that it is vague, ambiguous, overbroad,

23250391

and purports to include all "LME-certified warehouses and non-LME-certified warehouses," irrespective of their location, contents, purpose, use, ownership, or any other criteria.

4. Glencore Ltd. objects to Definition No. 4, and to any Definition, Instruction, or Specific Interrogatory that incorporates it, on the grounds that it is vague, ambiguous, and overbroad.

5. Glencore Ltd. objects to Definition No. 5, and to any Definition, Instruction, or Specific Interrogatory that incorporates it, on the grounds that it is vague, ambiguous, overbroad, improperly defines "JPM" to refer to any and all affiliates of JPMorgan Chase & Co., and fails to even attempt to define "Glencore."

## OBJECTIONS TO INSTRUCTIONS

1. Glencore Ltd. objects to each of the Instructions, and to any Definition, Instruction, or Specific Interrogatory that incorporates that Instruction, to the extent that the Instruction purports to broaden the discovery obligations imposed by the Applicable Rules or by any discovery protocols agreed upon by the parties.

2. Glencore Ltd. objects to Instruction No. 1, and to any Definition, Instruction, or Specific Interrogatory that incorporates it, on the grounds that it purports to construe each Interrogatory "broadly," and to the extent that such interpretation places undue burden on Glencore Ltd. in a manner inconsistent with the Applicable Rules.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons involved in the December 2011 Aluminum Trade.

**Response to Interrogatory No. 1:**

Glencore Ltd. objects to Interrogatory No. 1 on the grounds that it exceeds the bounds of the Applicable Rules, including but not limited to Local Rule 33.3 of the U.S. District Courts for the Southern District of New York. Glencore Ltd. further objects to Interrogatory No. 1 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in the Action. Glencore Ltd. further objects to this Interrogatory on the grounds that it seeks information beyond Glencore Ltd.'s knowledge, possession, custody, or control.

Subject to and without waiving the foregoing objections, Glencore Ltd. responds that it will undertake a reasonable search using reasonable electronic search terms, and will produce any resulting non-privileged documents, not otherwise objected to, that are responsive to Plaintiffs' Second Set of Requests for Production of Documents to Glencore Ltd. dated June 3, 2015, including any such documents providing information responsive to this interrogatory.

**INTERROGATORY NO. 2:**

Identify all documents concerning the December 2011 Aluminum Trade.

**Response to Interrogatory No. 2:**

Glencore Ltd. objects to Interrogatory No. 2 on the grounds that it exceeds the bounds of the Applicable Rules, including but not limited to Local Rule 33.3 of the U.S. District Courts for the Southern District of New York. Glencore Ltd. further objects to Interrogatory No. 2 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in the Action. Glencore Ltd. further objects to this Interrogatory on the grounds that it seeks information beyond Glencore Ltd.'s knowledge, possession, custody, or control.

Subject to and without waiving the foregoing objections, Glencore Ltd. responds that it will undertake a reasonable search using reasonable electronic search terms, and will produce any resulting non-privileged documents, not otherwise objected to, that are responsive to Plaintiffs' Second Set of Requests for Production of Documents to Glencore Ltd. dated June 3, 2015, including any such documents responsive to this interrogatory.

**INTERROGATORY NO. 3:**

Identify all persons involved in the cancellations of any warrant which was part of the December 2011 Aluminum Trade.

**Response to Interrogatory No. 3:**

Glencore Ltd. objects to Interrogatory No. 3 on the grounds that it exceeds the bounds of the Applicable Rules, including but not limited to Local Rule 33.3 of the U.S. District Courts for the Southern District of New York. Glencore Ltd. further objects to Interrogatory No. 3 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in the Action. Glencore Ltd. further objects to this Interrogatory on the grounds that it seeks information beyond Glencore Ltd.'s knowledge, possession, custody, or control.

Subject to and without waiving the foregoing objections, Glencore Ltd. responds that it will undertake a reasonable search using reasonable electronic search terms, and will produce any resulting non-privileged documents, not otherwise objected to, that are responsive to Plaintiffs' Second Set of Requests for Production of Documents to Glencore Ltd. dated June 3, 2015, including any such documents providing information responsive to this interrogatory.

**INTERROGATORY NO. 4:**

Identify the "clients, primarily investors" with whom or with which JPM transacted such that at or around the time of the December 2011 Aluminum Trade, it "held a substantial volume of LME aluminum futures contracts that were due to expire, resulting in physical settlement, on December 21, 2011….", JPMS-ALI-0385694 (*see also* JPMS-ALI-0000424), and identify the date, quantity, location of aluminum, and parties involved in each such transaction.

**Response to Interrogatory No. 4:**

Glencore Ltd. objects to Interrogatory No. 4 on the grounds that it exceeds the bounds of the Applicable Rules, including but not limited to Local Rule 33.3 of the U.S. District Courts for the Southern District of New York. Glencore Ltd. further objects to Interrogatory No. 4 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in the Action. Glencore Ltd. further objects to this Interrogatory on the grounds that it seeks information beyond Glencore Ltd.'s knowledge, possession, custody, or control.

Subject to and without waiving the foregoing objections, Glencore Ltd. responds that it will undertake a reasonable search using reasonable electronic search terms, and will produce any resulting non-privileged documents, not otherwise objected to, that are responsive to Plaintiffs' Second Set of Requests for Production of Documents to Glencore Ltd. dated June 3, 2015, including any such documents containing information responsive to this interrogatory.

**INTERROGATORY NO. 5:**

Identify all documents concerning the transactions referenced in Interrogatory No. 4.

**Response to Interrogatory No. 5:**

Glencore Ltd. objects to Interrogatory No. 5 on the grounds that it exceeds the bounds of the Applicable Rules, including but not limited to Local Rule 33.3 of the U.S. District Courts for the Southern District of New York. Glencore Ltd. further objects to Interrogatory No.

-9-

5 on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in the Action. Glencore Ltd. further objects to this Interrogatory on the grounds that it seeks information beyond Glencore Ltd.'s knowledge, possession, custody, or control.

Subject to and without waiving the foregoing objections, Glencore Ltd. responds that it will undertake a reasonable search using reasonable electronic search terms, and will produce any resulting non-privileged documents, not otherwise objected to, that are responsive to Plaintiffs' Second Set of Requests for Production of Documents to Glencore Ltd. dated June 3, 2015, including any such documents responsive to this interrogatory.

Dated: New York, New York

October 5, 2015

/s/  Eliot Lauer
Eliot Lauer (*elauer@curtis.com*)
Jacques Semmelman (*jsemmelman@curtis.com*)
Chelsea McLean (*chelsea.mclean@curtis.com*)
CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Attorneys for Defendant Glencore Ltd.*