UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re ALUMINUM WAREHOUSING ANTITRUST LITIGATION | No. 13 MD 2481 (KBF) <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS | NOTICE OF SUBPOENAS AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO NON-PARTIES MR. ROBERT BURGESS-ALLEN AND BURGESS-ALLEN PARTNERSHIP, LTD. |

TO: ALL PARTIES THROUGH THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that under Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned action hereby serve subpoenas *duces tecum* requesting production of documents from each of the entities listed below, as set forth in each of the subpoenas attached as exhibits hereto. For each subpoena recipient, the requested documents are to be produced at the date, time, and location noted below, unless modified by mutual agreement or the Court.

| Producing Party | Date/Time | Location |
| --- | --- | --- |
| Mr. Robert Burgess-Allen | December 4, 2015 9:00 a.m. | Nussbaum Law Group, P.C. 570 Lexington Av. New York, NY 10022 |
| Burgess-Allen Partnership, Ltd. | December 4, 2015 9:00 a.m. | Nussbaum Law Group, P.C. 570 Lexington Av. New York, NY 10022 |

DATED: November 20, 2015

NUSSBAUM LAW GROUP, P.C.
LINDA P. NUSSBAUM
BRADLEY J. DEMUTH
HUGH D. SANDLER
570 Lexington Avenue, 19th Floor
New York NY 10022
Telephone: 212/702-7053
212/681-0300 (fax)

s/ *Hugh D. Sandler*
HUGH D. SANDLER

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
DAVID W. MITCHELL
BRIAN O. O'MARA
CARMEN A. MEDICI
LONNIE A. BROWNE

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK DEARMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

LOVELL STEWART HALEBIAN
  JACOBSON LLP
CHRISTOPHER LOVELL
61 Broadway, Suite 501
New York, NY 10006
Telephone: 212/608-1900
212/719-4677 (fax)

Interim Co-Lead Counsel for Direct Purchaser Plaintiffs and the Proposed Direct Purchaser Class

BONSIGNORE, LLC
ROBERT J. BONSIGNORE
193 Plummer Hill Road
Belmont, NH 03220
Telephone: 781/856-7650

EMERSON POYNTER LLP
JOHN G. EMERSON
The Rozelle-Murphy House
1301 Scott Street
Little Rock, AR 72202
Telephone: 501/907-2555
501/907-2556 (fax)

GOLD BENNETT CERA & SIDENER, LLP
SOLOMON B. CERA
595 Market Street, Suite 2300
San Francisco, CA 94105
Telephone: 415/777-2230
415/777-5189 (fax)

HEINS MILLS &OLSON, P.L.C.
VINCENT J. ESADES
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: 612/338-4605
612/338-4692 (fax)

LIEFF CABRASER HEIMANN
   &BERNSTEIN LLP
DEAN M HARVEY
ERIC B. FASTIFF
LIN Y CHAN
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415/956-1000
415/956-1008 (fax)

LOWEY DANNENBERG COHEN
   &HART, P.C.
GEOFFREY MILBANK HORN
GERALD LAWRENCE
PETER DEXTER ST. PHILIP , JR.
RAYMOND PETER GIRNYS
VINCENT BRIGANTI
White Plains Plaza
One North Broadway, Suite 509
White Plains, NY 10601
Telephone: 914/997-0500
914/997-0035 (fax)

MORGAN & MORGAN, P.C.
PETER GEORGE SAFIRSTEIN
28 West 44th St., Suite 2001
New York, NY 10036
Telephone: 212/564-1637
212/564-1807 (fax)

OLIVER LAW GROUP, P.C.
ALYSON L. OLIVER
950 W. University Drive, Suite 200
Rochester, MI 48307
Telephone: 248/327-6556
248/436-3385 (fax)

VANEK, VICKERS &MASINI, P.C.
JOSEPH M VANEK
DAVID P. GERMAINE
JOHN PAUL BJORK
55 W. Monroe, Suite 3500
Chicago, IL  60606
Telephone:  312/224-1500
312/224-1510 (fax)

Plaintiffs' Steering Committee for the Direct
Purchaser Plaintiffs

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| In re Aluminum Antitrust Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 13-md-2481 |
| | ) | |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Burgess-Allen Partnership, Ltd. c/o authorized agent, Mr. Richard Pepperman, II, Esq. Sullivan & Cromwell, LLP, 125 Broad St. New York, NY 10004-2498

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see Schedule A appended to this subpoena

| Place: Nussbaum Law Group, P.C. 570 Lexington Av., 19th Fl. New York, NY 10022-6822 | Date and Time: 12/04/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/20/2015

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Class Plaintiffs_____, who issues or requests this subpoena, are:

Hugh Sandler; 570 Lexington Av., New York, NY 10022; hsandler@nussbaumpc.com; 212 702-7057

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| In re Aluminum Antitrust Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 13-md-2481 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Mr. Robert Burgess-Allen c/o authorized agent, Mr. Richard Pepperman, II, Esq. Sullivan & Cromwell, LLP, 125 Broad St. New York, NY 10004-2498

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see Schedule A appended to this subpoena

| Place: Nussbaum Law Group, P.C. 570 Lexington Av., 19th Fl. New York, NY 10022-6822 | Date and Time: 12/04/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/20/2015

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Class Plaintiffs _____, who issues or requests this subpoena, are:

Hugh Sandler; 570 Lexington Av., New York, NY 10022; hsandler@nussbaumpc.com; 212 702-7057

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A
(Robert Burgess-Allen & Burgess-Allen Partnership, Ltd.)

**I.    DEFINITIONS**

1.    **Action**.  The "Action" refers to any one or all of the consolidated actions within *In re Aluminum Warehousing Antitrust Litigation*, 13-md-2481-KBF, pending in the Southern District of New York.

2.    **Aluminum**.  The term "Aluminum" means physical aluminum, including P1020 grade primary aluminum.

3.    **BAP**.  The term "BAP" refers to Burgess-Allen Partnership, Ltd., which, according to the Declaration, was established in 2009, organized under the laws of the United Kingdom, and maintains its principal place of business in Oxshott, Surrey, England.  The term "BAP" also encompasses any of BAP's predecessors, successors, parents, subsidiaries, affiliates, segments, divisions, operating units or business lines (foreign and domestic), any of its present or former officers, directors, administrators, agents, employees, investigators, accountants, attorneys and all other persons acting or purporting to act on its behalf.

4.    **Burgess-Allen**.  The term "Burgess-Allen" refers to Robert Burgess-Allen, who, according to the Declaration, is, among other things, a principal and director of BAP.

5.    **Communications**.  The term "communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6.    **Concerning**.  The term "concerning" means relating to, referring to, indicating, describing, evidencing or otherwise constituting.

7.    **Declaration**.  The term "Declaration" means the document titled the "Declaration of Robert Burgess-Allen In Support Of The Motion To Dismiss Of Robert Burgess-Allen and

Burgess-Allen Partnership Ltd" executed by Mr. Robert Burgess-Allen on July 10, 2015 and filed in the Action on July 13, 2015 (ECF 824).

8. **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). For avoidance of doubt, the term "documents" as used herein also encompasses the term "communication" as defined above. A draft or non-identical copy is a separate Document within the meaning of this term.

9. **Incentives**. "Incentives" means anything that may be described as an incentive or discount including, but not limited to, cash discounts, the absorption of inbound or outbound logistical costs, agreements to hold Aluminum at rental rates which are below the published rates of the Warehouse, and other similar benefits.

10. **LME**. "LME" means The London Metal Exchange, The London Metal Exchange, Ltd., LME Holdings, Ltd., Hong Kong Exchanges & Clearing, Ltd. affiliates, segments, divisions, committees (*e.g.* Aluminum Committee, Warehousing Committee), operating units or business lines (foreign and domestic), any of their present or former officers, directors, administrators, agents, employees, investigators, accountants, attorneys and all other persons acting or purporting to act on their behalf.

11. **Metro**. "Metro" means Metro International Trade Services LLC, and any of its predecessors, successors, parents, subsidiaries, affiliates, segments, divisions, operating units or business lines (foreign and domestic), any of their present or former officers, directors, administrators, agents, employees, investigators, accountants, attorneys and all other persons acting or purporting to act on its behalf.

12. **Including**. "Including" means "including but not limited to" or "including without limitation."

13. **Party**. "Party" includes the terms "Plaintiff" and "Defendant" as well as any full or abbreviated name of any Plaintiff or Defendant named in the above-captioned lawsuit.

14. **Person**. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

15. **Regional Premiums**. "Regional Premiums" mean the physical premium delivery benchmarks, including the Platts' U.S. Midwest Premium, Duty-paid Rotterdam Premium, Duty-unpaid Rotterdam Premium, and CIF Japan.

16. **Senate Hearings**. "Senate Hearings" refer to certain hearings of the United States Senate, including *Examining Financial Holding Companies: Should Banks Control Power Plants, Warehouses, and Oil Refineries? Hearing Before the Committee on Banking, Housing, and Urban Affairs, Subcommittee on Financial Institutions and Consumer Protection*, 113th Cong. (July 23, 2013).

17. **Senate Investigation and Report**. "Senate Investigation and Report" means the two-year investigation by the United States Senate's Permanent Subcommittee on Investigation into the involvement of financial institutions in the physical commodities markets which resulted in a hearing and bipartisan report entitled "Wall Street Bank Involvement With Physical Commodities Hearing Before the Permanent Subcommittee on Investigations of the Committee on Homeland Security and Governmental Affairs" 113th Cong. (Nov. 20-21, 2014) and, as of November 11, 2015, available at the following website:

https://www.hsgac.senate.gov/subcommittees/investigations/hearings/wall-street-bank-involvement-with-physical-commodities-day-one

18. **Warehouse**. The term "Warehouse" includes both LME-certified and non-LME-certified warehouses.

19. All other words have their plain and ordinary meaning.

## II. INSTRUCTIONS

1. The following rules of construction apply to all discovery requests:

(a) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(b) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(c) Number. The use of the singular form of any word includes the plural and vice versa.

2. All documents shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

3. These requests relate to all documents which are in your possession, custody or control.

4. You shall produce the original of each document described below or if the original is not in your custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

5. If production of documents is withheld on the ground of privilege, as to each such withheld document furnish in writing in a text searchable privilege log at the time of the response to such discovery information sufficient to identify the nature of the privilege (including work

product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; as well as:

    (a)    the type of document, *e.g.*, letter or memorandum;

    (b)    the general subject matter of the document;

    (c)    the date of the document; and

    (d)    the author of the document, the addressees of the document, and any other recipients, and the relationship of the author, addressees, and recipients to each other.

6.    Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

7.    Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full and describe with particularity those portions of the document which are not being produced.

8.    If a document responsive to these requests was at any time in your possession, custody or control but is no longer available for production, as to each such document state the following information:

    (a)    whether the document is missing or lost;

    (b)    whether the document has been destroyed;

    (c)    whether the document has been transferred or delivered to another person and, if so, at whose request;

    (d)    whether the document has been otherwise disposed of; and

    (e)    the circumstances surrounding the destruction of the document and the date of its destruction.

9. These document requests are deemed continuing in nature and any documents or information secured after the service of your responses, which would have been included in the responses had they been known or available at the time of the response, must be supplied in supplemental responses as required by the Federal Rules of Civil Procedure.

10. No document request shall be construed to include individual transactional documents, unless otherwise specified.

## III. RELEVANT TIME PERIOD

Unless otherwise indicated, these requests relate to the period between August 1, 2009 and the present (the "Relevant Time Period"). Your responses should reflect information for that entire period. Where your responses relate to only a portion of that period, indicate the date or dates to which your response relates.

## IV. REQUESTS FOR THE PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1

All documents concerning the formation and establishment of BAP and its ongoing business operations, including, but not limited to, (i) all corporate governmental, administrative, regulatory, and/or tax filings, and (ii) all articles of organization, by-laws, shareholder agreements, partnership agreements, corporate meeting notices, meeting minutes, or equivalents for any of the foregoing.

REQUEST FOR PRODUCTION NO. 2

Documents sufficient to show all principals, employees, and/or agents of BAP, their titles, their location(s), and the terms and conditions of each principal, employee, and/or agent's work for BAP.

REQUEST FOR PRODUCTION NO. 3

All documents concerning the "consulting services" referenced in paragraph 3 of the Declaration.

REQUEST FOR PRODUCTION NO. 4

All documents concerning the "services agreement" referenced in paragraph 13 of the Declaration.

REQUEST FOR PRODUCTION NO. 5

Documents and/or data sufficient to show all analyses, estimates, projections, presentations, and/or accounting of revenues concerning any contractual engagement, other business arrangements, and/or dealings involving Aluminum between Burgess-Allen and/or BAP on the one hand and Metro and/or any other market participant(s) on the other hand. This request includes documents sufficient to show the identities of all the non-Metro Aluminum market participants with whom/which Burgess-Allen and/or BAP conducted business.

REQUEST FOR PRODUCTION NO. 6

Documents and/or data sufficient to show all physical and derivative Aluminum transactions into which Burgess-Allen and/or BAP entered principally for the benefit of: (i) Burgess-Allen and/or BAP, and/or (ii) any other market participant other than Metro.

REQUEST FOR PRODUCTION NO. 7

Documents and/or data sufficient to show (i) all physical and/or financial transactions involving Aluminum under which Burgess-Allen and/or BAP stood to benefit from changes in Regional Premiums, and (ii) what such benefit(s) were.

REQUEST FOR PRODUCTION NO. 8

All documents Burgess-Allen and/or BAP either sent to or received from any governmental, administrative, or regulatory body (including, but not limited to, the United States Senate, Department of Justice, Commodity Futures Trading Commission, Financial Services Authority, Financial Conduct Authority, the Bank of England, Serious Fraud Office, etc.) concerning: (i) the LME, (ii) physical Aluminum purchases/sales, storage/warehousing, warranting/warrant cancellation/re-warranting, and/or transportation/delivery, (iv) Aluminum warehousing queues; and/or (iv) the trading of Aluminum-predicated derivative financial product(s).

REQUEST FOR PRODUCTION NO. 9

All documents concerning any investigation, inquiry, or proceeding, whether formal or informal, by any governmental, administrative, or regulatory body (including, but not limited to, the United States Senate, Department of Justice, Commodity Futures Trading Commission, Financial Services Authority, Financial Conduct Authority, the Bank of England, Serious Fraud Office, etc.) concerning: (i) the LME, (ii) physical Aluminum purchases/sales, storage/warehousing, warranting/warrant cancellation/re-warranting, and/or transportation/delivery, (iv) Aluminum warehousing queues; and/or (iv) the trading of Aluminum-predicated derivative financial product(s). This request includes documents concerning, but not limited to, the Senate Hearings and Senate Investigation and Report.

REQUEST FOR PRODUCTION NO. 10

All documents concerning the LME's rules, regulations, meetings, bylaws, or policies concerning the warehousing of metals, including Aluminum.

REQUEST FOR PRODUCTION NO. 11

All documents concerning physical Aluminum, including purchases/sales, storage/warehousing, warranting/cancelling of warrants/re-warranting, and/or transportation/delivery.

REQUEST FOR PRODUCTION NO. 12

All documents concerning the trading of Aluminum-predicated derivative financial product(s).

REQUEST FOR PRODUCTION NO. 13

All documents concerning Aluminum warehousing Incentives.

REQUEST FOR PRODUCTION NO. 14

All documents concerning Aluminum warehousing queues and queue management.

## CERTIFICATE OF SERVICE BY ELECTRONIC MAIL

I, Hugh D. Sandler, attorney at Nussbaum Law Group, P.C., certify that, on November 20, 2015, a copy of NOTICE OF SUBPOENA, SUBPOENAS, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO NON-PARTIES MR. ROBERT BURGESS-ALLEN AND BURGESS-ALLEN PARTNERSHIP, LTD was served on all parties through their counsel of record via email.

                                                          s/ *Hugh D. Sandler*
                                                       HUGH D. SANDLER