STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP

May 12, 2016

<u>Via ECF</u>

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007-1312

    Re:    *In re Aluminum Warehousing Antitrust Litig.*, No. 13-md-2481 (KBF) (S.D.N.Y.)

Dear Judge Forrest:

    I write on behalf of the Class and Individual Plaintiffs ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 37, Local Rules 26.2 and 37.2, and Rule 2(F) of Your Honor's Individual Rules of Practice in Civil Cases. Plaintiffs request an Order compelling Defendant Glencore Ltd. to produce documents identified on its privilege log and an amended privilege log.

### A. Nature of the Dispute/Meet and Confer Process

    On Friday, April 29, 2016, Glencore Ltd. produced a privilege log identifying documents it has withheld from production in this case. *See* Attachments A and B. After briefly inspecting the log, Plaintiffs noted that Glencore Ltd. had failed to identify the persons on the privilege log who are or were attorneys for Glencore Ltd. and, therefore, were unable to analyze the appropriateness of the privilege assertions. On the same date, I sent an email to Glencore Ltd.'s counsel asking them to identify the attorneys for Glencore Ltd. who appear on the privilege log as authors and/or recipients of the documents identified on the privilege log. Glencore Ltd.'s counsel refused to provide the requested information, suggesting instead that Plaintiffs wait for the other defendants to produce their logs and then have a global discussion about format and content of the logs. *See* Attachment C. On May 5, 2016, I sent a letter to Glencore Ltd. identifying the apparent deficiencies with Glencore Ltd.'s privilege log and requesting to meet and confer either on May 6 or 9, 2016. *See* Attachment D. As of this filing, I have received no response to my May 5, 2016 letter.

### B. Plaintiffs' Request for Relief

    **Plaintiffs request entry of an Order compelling Glencore Ltd. to produce all documents identified on its privilege log that fall into the following categories: 1) communications that do not involve an attorney; and 2) communications disclosed to third parties. Plaintiffs further request entry of an Order compelling Glencore Ltd. to produce a supplemental Privilege log that: 1) identifies the basis for assertion of the attorney-client privilege with respect to each entry; 2) logs all documents individually; and 3) identifies post-litigation documents and communications not involving outside counsel. Finally, Plaintiffs request entry of an Order allowing Plaintiffs to recall Glencore Ltd. witnesses Wilson and Brigham to the extent Glencore later produces documents previously withheld from production that involve communications authored or received by them.**

One California Street, Suite 300 ● San Francisco, CA 94111 ● Tel. 415-421-3400

STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP

**C. Plaintiffs' Argument**

Glencore's April 29, 2016 privilege log is deficient and fails to provide sufficient detail of the basis for assertion of the attorney-client privilege for the following reasons: 1) communications that do not involve an attorney are not protected by the attorney-client privilege; 2) the privilege log fails to identify any basis for assertion of the attorney-client privilege; 3) disclosure of confidential communications to third parties waives the privilege; 4) attachments must be logged individually; and 5) post-litigation documents and communications not involving outside counsel must be identified on the log.

First, the privilege log fails to identify the persons involved in the communications who are or were attorneys for Glencore Ltd. at the time of the communications. Plaintiffs are unable to assess the appropriateness of the assertion of the attorney-client privilege without knowing which persons involved in the communications are or were attorneys for Glencore Ltd. The local rules require production of the information identifying "(iv) the author of the document, the addressees of the document, and any other recipients, *and, where not apparent, the relationship of the author, addressees, and recipients to each other*; . . . ." U.S. Dist. Ct. Rules S. & E.D.N.Y., Local Civil Rule 26.2(a)(2)(A) (emphasis added). Plaintiffs request entry of an Order compelling Glencore Ltd. to identify the persons on the log who are or were attorneys for Glencore Ltd. at the time of the communication.

Relatedly, there are many entries on the privilege log where it is apparent that *no* attorney is involved in the communication. *See* Exhibit D, p. 2 at fn. 1. *SEC v. Beacon Hill Asset Management LLC*, 231 F.R.D. 134, 143 (S.D.N.Y. 2004) ("[t]o the extent that BH relies on the attorney-client privilege to protect the spreadsheets, its index and affidavit are woefully inadequate. The index does not identify who prepared the spreadsheets or the attorney to whom each was sent. *Thus, the index fails to identify an essential element of the attorney-client privilege, namely the existence of an attorney-client communication*.") (emphasis added). Plaintiffs request entry of an Order compelling Glencore to produce these and any other similar documents.

Second, Glencore has failed to identify any basis for asserting the attorney-client privilege. As the Second Circuit repeatedly has held, "the burden is on the party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship." *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.), *cert. denied*, 481 U.S. 1015,107 S.Ct. 1891, 95 L.Ed.2d 498 (1987). The log fails to indicate whether the documents contain confidential legal advice or reflect communications for the purpose of requesting or providing confidential legal advice. *SEC v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 164 (S.D.N.Y. 2014) ("[a]lso lacking is any basis to conclude that the document contains legal advice that reflects a client confidence."). Not every communication sent to or from an attorney is protected by the attorney-client privilege. *TVT Records v. Island Def Jam Music Grp.*, 214 F.R.D. 143, 144 (S.D.N.Y. 2003) ("only those communications related to legal, as contrasted with business, advice are protected."); *U.S. Postal Serv. v. Phelps Dodge Ref. Corp.*, 852 F. Supp. 156, 160 (E.D.N.Y. 1994) ("the mere fact that a communication is made directly to an attorney, or an attorney is copied on a memorandum, does not mean that the communication is necessarily privileged."). Nothing on the privilege log informs us of the purpose of the

STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP

communications. *Wultz v. Bank of China Ltd.*, 979 F.Supp.2d 479, 497 (S.D.N.Y. 2013) (finding inadequate entries on privilege logs that failed to identify the basis for claiming attorney-client privilege). Plaintiffs request entry of an Order compelling Glencore Ltd. to produce an amended log that details the basis for each privilege assertion.

Third, the voluntary disclosure of a confidential communication to a third party waives the privilege. *National Education Training Group, Inc. v. Skillsoft Corp.,* 1999 WL 378337, at *3 (S.D.N.Y. June 10, 1999). It appears that several of the entries on the privilege log were shared with third parties. *See, e.g.*, Document Nos. 243-248 (sent to swright@cfaluminum.com); Document Nos. 251-252 (sent to richardd.johnson@constellium.com and patrick.mortier@constellium.com); Document Nos. 435-439 (sent to mvg@mundie.com.br). Plaintiffs request entry of an Order compelling Glencore Ltd. to produce these and any other similar documents.

Fourth, many documents identified on the privilege log do not identify anyone in the "from", "addressee", "copyee", "bcc", "subject/title" columns. *See, e.g.*, Document Nos. 2, 4, 6-7, 9, 11, etc.). It appears that these documents are attachments to the entries identified immediately above. However, Courts in this District have held that "attachments, like earlier strings in e-mail correspondence, need to be treated separately and logged as such absent an agreement of the parties or an order of the court providing otherwise." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*, 2011 WL 3738979, *4 (S.D.N.Y. Aug. 18, 2011). Indeed, Your Honor previously advised the parties to avoid "group designations." *See* February 6, 2014 Transcript (Dkt. 233), at 58:4-12. Plaintiffs request entry of an Order compelling Glencore Ltd. to produce an amended privilege log that logs attachments individually.

Finally, Glencore Ltd. contends incorrectly that all documents created after the commencement of litigation are presumptively privileged and need not be logged individually. *See* Exhibit A. We agree that Glencore need not log post-litigation documents that reflect communications between Glencore Ltd. and its outside counsel regarding the present litigation. However, all other post-litigation documents and communications should be identified on the log. Plaintiffs request entry of an Order compelling Glencore Ltd. to produce an amended log that identifies post-litigation communications other than those between Glencore Ltd. and its outside counsel regarding the present litigation.

          Sincerely,

          */s/ Jill M. Manning*

          Jill M. Manning

cc: All counsel of record (via ECF)

Encls: 1) Attachment A: April 29, 2016 Letter from Dawes to Medici and Noss
   2) Attachment B: Glencore Ltd. Privilege Log (*filed under seal*)
   3) Attachment C: April 29, 2016 and May 2, 2016 emails
   4) Attachment D: May 5, 2016 letter from Jill Manning to Chelsea McLean

One California Street, Suite 300 ● San Francisco, CA 94111 ● Tel. 415-421-3400