**COVINGTON**

BEIJING   BRUSSELS   LONDON   LOS ANGELES
NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

Robert D. Wick

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5487
rwick@cov.com

By ECF                                          May 27, 2016

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, New York  10007

> Re:   *In Re Aluminum Warehousing Antitrust Litigation*,
>       No. 13-md-2481-KBF

Dear Judge Forrest:

  I write on behalf of all defendants to seek a two-week extension of time for submission of defendants' opposition to the First Level Purchasers' ("FLPs") motion for class certification (ECF 917).  The requested extension should be granted for the reasons set forth below.

  1. <u>Untimely production of Dr. Gilbert's backup material</u>.

  On May 22, 2014, the Court entered a stipulated order regarding expert discovery (the "Expert Order").  *See* ECF No. 383.  Under the Expert Order, a party that serves an expert report must serve all code, data and backup files necessary to replicate the expert's work within 3 days of service of the report:

> To the extent that the disclosures describe or include exhibits, information or data processed or modeled by computer at the direction of a disclosed expert in the course of forming the expert's opinions, machine readable copies of the final data (including all input and output files) along with the appropriate computer program and instructions shall be produced to all Parties. . . .  All electronic data, together with programs and instructions, shall be made available within three (3) days of the disclosure of the expert witness's report to all Parties.  (*Id.* ¶ 2.)

  The FLPs did not comply with this requirement with respect to their primary expert, Dr. Christopher Gilbert.  Dr. Gilbert's class certification expert report uses a series of statistical analyses and econometric models to attempt to show (1) that the conduct challenged by the FLPs raised the Midwest Premium for aluminum, and (2) that proof of impact and damages may be made for all class members through common proof.  Dr. Gilbert's work is extensive, opaque, and complex:  he submitted dozens of different statistical analyses and econometric models in seven sets of appendices to his 125-page report.

COVINGTON

Under this Court's Expert Order, Dr. Gilbert's backup was due on March 28, 2016, three days after the class certification motion and accompanying expert reports were served. Although the FLPs served some limited backup material on that date, most of the backup necessary to replicate Dr. Gilbert's work was missing from their production. The missing material included, among other things:

- Information necessary to replicate Dr. Gilbert's Appendix A, which purports to summarize certain large warrant cancellations.

- Information necessary to replicate Dr. Gilbert's Exhibits B2 and B3, which purport to show his estimates of historical queue lengths.

- Information necessary to replicate Dr. Gilbert's Appendix C, which purports to analyze transaction prices paid by aluminum purchasers.

- Information necessary to replicate Dr. Gilbert's Exhibit D3, which reflects a number of "Granger causality" analyses.

- Information necessary to replicate Dr. Gilbert's Appendix E, which presents econometric analyses regarding the purported relationship among queues, the LME price, and the Midwest Transaction Price reported by Platts.

- Information necessary to replicate most of Dr. Gilbert's Appendix F, which presents eight econometric analyses that form the basis for Dr. Gilbert's damages model.

- Information necessary to replicate Dr. Gilbert's Exhibit G1, which presents a so-called counterfactual simulation of the Midwest Premium but-for the challenged conduct.

- Information necessary to replicate the creation of Dr. Gilbert's data files.

*See* Declaration of Kate Lee ("Lee Decl.") ¶ 2.

As further explained in the accompanying declaration of Dr. Kate Lee, a non-testifying economist retained by defendants, Dr. Gilbert's initial backup production was nowhere near complete. Lee Decl. ¶ 2. It took over a month of painstaking correspondence to obtain an adequate production of Dr. Gilbert's backup. *See id.* ¶ 3; Playforth Decl. Exs. 1-28. The missing backup material made it impossible for defendants' experts to begin replicating, understanding, and responding to the majority of Dr. Gilbert's work and substantially delayed the defense experts' work on responding to the Gilbert report. Lee Decl. ¶¶ 2, 8.

2. Dr. Gilbert's corrected report. On May 5, 2016, almost six weeks after his original report was served, Dr. Gilbert served a corrected report that increased his damages estimates by more than 30 percent. Lee Decl. ¶ 4. Although the FLPs assert that the corrections arose from "a data error" (ECF No. 960), that is inaccurate. Among other changes, Dr. Gilbert's corrected report substantively changed (1) his prior practice of "zeroing out" certain large negative warrant cancellations; (2) his methodology for allocating his reduction of Vlissingen warrant cancellations in his counterfactual "but-for" world; (3) his methodology for estimating excess warrant cancellations by no longer making a "stock run-down" adjustment that he used in his initial report; (4) the historical queue estimates he used in certain of his analyses; (5) the dependent variable in his Exhibit E3; and (6) the lag length in his Exhibit F7. Lee Decl. ¶ 4. Dr. Gilbert also failed to describe some of these changes in the text of his corrected report, thus

COVINGTON

forcing the defense experts to scour his corrected backup to see if he had made still other undisclosed changes.  *Id.*

It is unclear why the FLPs waited until May 5 to serve the corrected Gilbert report, given that the metadata associated with the backup to the corrected report indicates that the backup was completed two weeks earlier.  Lee Decl. ¶ 5.  Furthermore, even the corrected report contains a significant error that, as Dr. Gilbert acknowledged at his deposition, will require yet another correction.  *See* Lee Decl. ¶ 7; Playforth Decl. Ex. 30, Gilbert Tr. at 199.  Dr. Gilbert also acknowledged that he relied on certain econometric analysis that has never been produced to defendants to give him confidence in certain opinions expressed in his report.  *See* Playforth Decl. Ex. 30, Gilbert Tr. at 202-204.  The FLPs have not yet responded to a May 21 request for this still-missing analysis.  Playforth Decl. Ex. 29.

3. <u>Complexity and volume of work confronting defendants</u>.  Dr. Gilbert apparently began his quantitative work in this case more than two years ago.  Playforth Decl. Ex. 30, Gilbert Tr. at 12.  It is therefore unsurprising that he presented an extremely large volume of statistical and econometric work in his report.  The defense task of replicating, understanding, and responding to this work is equally large.  Defendants' task, moreover, is compounded by the fact that virtually all of the fact depositions in the entire case are occurring during defendants' period for responding to the class certification motion, thus reducing defense counsel's available time for working with their experts.

Defendants request a two-week extension of time in order to restore a portion of the time that they lost due to (i) the untimely production of Dr. Gilbert's backup and (ii) Dr. Gilbert's submission of a corrected report almost six weeks after submission of his original report.  Defendants and their experts need the requested extension to prepare class certification submissions that will give the Court appropriate assistance in deciding the crucial question of class certification.

4. <u>Prior extensions granted to the FLPs</u>.  Defendants have not sought any prior extension of the deadline for opposing the motion for class certification.  Plaintiffs, by contrast, have received two extensions of their time to move for class certification—one of 108 days and another of one week—both with defendants' consent.  *See* ECF Nos. 864, 902.

5. <u>Plaintiffs' position</u>.  Defendants asked for the FLPs' position with respect to a two-week extension on Monday May 23.  In response, Plaintiffs have indicated that they intend to respond to this request in writing.

\*     \*     \*

For the foregoing reasons, defendants respectfully request a two-week extension from June 24 to July 8, 2016 of the deadline for filing their class certification opposition.

Sincerely,

s/ Robert D. Wick

cc:   Counsel of Record (via ECF)