# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

June 13, 2016

BY ECF
PUBLIC VERSION

The Honorable Katherine B. Forrest
United States District Court for the
Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007

    Re:    *In re Aluminum Warehousing Antitrust Litigation*, 13 MD 2481 (KBF) Plaintiffs' Motion to Compel Production of the Goldman Sachs LME futures deliveries and daily aluminum physical positions.

Dear Judge Forrest:

    Pursuant to Federal Rules of Civil Procedure 26 and 37, Local Rules 26.2 and 37.2, and Rule 2(F) of Your Honor's Individual Rules of Practice in Civil Cases, the Class and Individual Plaintiffs ("Plaintiffs") respectfully move for an **Order compelling the Goldman Defendants[1] to produce data showing their deliveries of LME futures and their daily physical positions of aluminum on and off-warrant for locations in and outside of the United States.**

    Goldman Sachs data showing LME deliveries and daily physical aluminum positions are highly relevant. If Goldman took large deliveries of aluminum from their LME futures long positions and subsequently cancelled some of those warrants in order to further lengthen the time that it took to get aluminum out of the queues in Detroit and other locations (as described in the Senate Report), that would be highly relevant to Plaintiffs' claims. [REDACTED]

    On the record facts developed below, Goldman should have produced this data already given its crucial relevance to Plaintiffs' claims.

    1.    On June 3, 2015 Plaintiffs served their Second set of document requests on Defendants. Attachment B hereto. Requests 57 and 60 of that set required production of LME futures transactions. After several meet and confers over several months, Defendants affirmatively stated on a December 9, 2015 conference call that LME futures transactional data would be produced.

---

[1] The "Goldman Defendants" are Goldman, Sachs & Co., Goldman Sachs International, Metro International Trade Services LLC, J. Aron and Company and Mitsi Holdings LLC.

Hon. Katherine B. Forrest
June 13, 2016
Page 2 of 4

     2.    Plaintiffs emailed Goldman's counsel on February 20, 2016 (as well as several emails before this date) as to status of the production of LME futures transactions. On February 22, 2016 Goldman's counsel stated that LME futures transactions were already produced in the electronic trade spreadsheet that was produced on February 5, 2016. On March 11, 2016, Goldman's counsel stated that LME futures were in fact not included in the electronic physical trade spreadsheet production.

     3.    On April 13, 2016, Plaintiffs served Goldman with their 9th Request for production of documents. Attachment C hereto. The document request required a response return date that was within the time period allowed for discovery. The 9th Request of Set number 9 provided for all data regarding every LME future contract that Goldman took or made delivery on within the period of August 2009 through 2014.

     4.    On May 23, 2016, Plaintiffs met and conferred with Goldman's counsel on the request for LME delivery information as well as other requests. Plaintiffs sent an email to Goldman's counsel on June 10, 2016 asking again for production of LME delivery information for each delivery. Goldman has not responded to the email or responded any further since the meet and confer on May 23, 2016.

     5.    As to Plaintiffs request for Goldman's physical holdings on and off warrant on a daily basis, Plaintiffs requested this information on February 5, 2016 as Plaintiffs' sixth set of document requests to Goldman. Attachment D hereto. Request number 1 of that set covers aluminum daily holdings on and off warrant at various locations in and outside the United States.

     6.    On March 11, 2014 Plaintiffs discussed this request with Goldman's counsel. In response to Goldman's request for relevance as to daily holdings Plaintiffs replied by email dated March 14, 2016. On March 21, 2016 Plaintiffs again asked for a status update on daily positions. On March 24, 2016 Goldman's counsel stated that they were determining if daily physical positional data was readily available. Plaintiffs again contacted Goldman for a status update on April 5, 2016.

     7.    Goldman has not responded to Plaintiffs' request for LME future deliveries or daily physical position data any further and have not stated whether they even intend to produce the data.

**The Goldman Defendants should be ordered to produce forthwith the data requested herein.** As amended effective December 1, 2015, Fed.R.Civ.P. 26(b)(1) provides in part: ". . . .Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *State Farm Mut. Automobile Ins. Co. v. Fayda*, No. 14 Civ. 9792, 2015 WL 7871037, at *2, quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

     As noted above, the relevance to the claims and defenses of the Goldman Defendants' LME future delivery and daily physical aluminum position data, for the November 1, 2009 through December 31, 2014 period, is indisputable. This Court has elsewhere affirmed that

without "full disclosure of the relevant facts". . . "confidence in the fair administration of justice would cease to exist." *Camp v. Berman*, No. 14 Civ. 1049, 2015 WL 3917538, at *1 (S.D.N.Y. June 25, 2015) (Forrest, J.), quoting *In re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir. 1992) (citation omitted). Regarding this action, the Court has acknowledged that "[T]he conspiracy involved complicated interactions between participants who are alleged to have gained benefits primarily from trading activity. . . ." *In re Aluminum Warehousing Antitrust Litig.*, 95 F.Supp.3d 419, 433-34 (S.D.N.Y. 2015) (Forrest, J.).

Any burden to Goldman in production of this data is minimal and far outweighed by the need of the Plaintiffs for this data. [redacted]

Courts have long permitted broad discovery in complex antitrust cases such as this one. *E.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, 2014 WL 5462496, at *8 (N.D.Cal. Oct. 23, 2014) ("'broad discovery may be needed to uncover evidence of invidious design, pattern, or intent' in antitrust cases"), citing *In re Urethane Antitrust Litig.*, 261 F.R.D. 570, 573 (D.Kan. 2009) ("Broad discovery is permitted because direct evidence of an anticompetitive conspiracy is often difficult to obtain, and the existence of a conspiracy frequently can be established only through circumstantial evidence, such as business documents and other records."); *In re Aspartame Antitrust Litig.*, No. 06 CV 1732, 2008 WL 2273331, at *1 (E.D.Pa. May 13, 2008) ("This broad scope of discovery 'has been held to be particularly appropriate in antitrust cases.'"); *In re Bulk Popcorn Antitrust Litig.*, No. 89 Civ. 710, 1990 WL 123750, at *2 (D. Minn. Jun. 19, 1990) ("An adequate opportunity for discovery is particularly important in a complex antitrust case such as this, where much of the potential proof is in the defendants' hands."); *Leonia Amusement Corp. v. Loew's, Inc.*, 16 F.R.D. 583 (S.D.N.Y. 1954) ("I think it is generally conceded that the rule for discovery in these anti-trust cases should be liberally construed to permit discovery. 'In such cases the facts of the conspiracy are largely in the possession and within the knowledge of the defendants. This is so because of the very nature of the claimed conspiracy. The acts which constitute it are usually unavailable and unknown to plaintiff.")

The Goldman Defendants have not objected to providing this discovery, but continue to delay production of these materials. The Goldman Defendants should be ordered forthwith **to produce all documents concerning the LME future deliveries and daily physical holdings on and off-warrant on a location basis of the Goldman Defendants from August 1, 2009 through December 31, 2014.**

Thank you very much.

Respectfully submitted,

*s/ Gary S. Jacobson*
Gary S. Jacobson

Hon. Katherine B. Forrest<br>
June 13, 2016<br>
Page 4 of 4

cc: All Counsel of Record (by ECF)

    Rachel Cohn, Esq. (rcohn@curtis.com)
    Julia Pascuzzo, Esq. (jpascuzzo@curtis.com)
    Richard Pepperman, Esq. (peppermanr@sullcrom.com)
    Suhana Han, Esq. (hans@sullcrom.com)
    Robert Wick, Esq. (rwick@cov.com)
    David W. Haller, Esq. (dhaller@cov.com)
    Eliot Lauer, Esq. (elauer@curtis.com)
    John Nannes, Esq. (john.nannes@skadden.com
    John Lyons, Esq. (john.lyons@skadden)
    Walter Noss, Esq. (wnoss@scott-scott.com)
    Troy Terpening, Esq. (tterpening@scott-scott.com)
    Derek Brandt, Esq. (derek@brandtlaw.com)
    Carmen Medici, Esq. (cmedici@rgrdlaw.com)
    Linda Nussbaum, Esq. (lnussbaum@nussbaumpc.com