# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

June 13, 2016

BY ECF
<u>FILED UNDER SEAL</u>

The Honorable Katherine B. Forrest
United States District Court for the
Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007

      Re:    *In re Aluminum Warehousing Antitrust Litigation*, 13 MD 2481 (KBF); Plaintiffs' Motion to Compel Production of the Evans Text Messages.

Dear Judge Forrest:

      Pursuant to Federal Rules of Civil Procedure 26 and 37, Local Rules 26.2 and 37.2, and Rule 2(F) of Your Honor's Individual Rules of Practice in Civil Cases, the Class and Individual Plaintiffs ("Plaintiffs") respectfully seek leave to file this oversized letter-brief in support of their motion for an Order compelling the Goldman Defendants[1] to search for and produce the text messages with Defendants or others concerning aluminum that were sent or received by Scott Evans between April 1, 2010 and April 15, 2013 ("Evans Text Messages").



      The Evans Text Messages are highly relevant because ▮

      2.    Goldman had a duty to search for the Evans Text Messages. ▮

On these and the other record facts developed below, Goldman should have searched for and produced the Evans Text Messages. *Export-Import Bank v. Asia Pulp & Paper Co., Ltd.*, 233 F.R.D. 338, 341 (S.D. N.Y. 2005); *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007); *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (2004).

      3.    **In the alternative, Plaintiffs request** ▮

---

[1] The "Goldman Defendants" are Goldman, Sachs & Co., Goldman Sachs International, Metro International Trade Services LLC ("Metro"), J. Aron and Company ("J.Aron") and Mitsi Holdings LLC.

▮▮▮▮▮ *Export-Import Bank*, 233 F.R.D. at 342. Allowing the requested production will NOT interfere with any other litigation deadlines set by this Court. See 23 below.

4. On February 24, 2014, Plaintiffs served document requests on Defendants. On March 20, 2014, the Goldman Defendants responded. *See* Attachment E (request number 11 restated in response).[2]

5. During late February and March 2016, the Goldman Defendants made a large percentage of their document production in this action.

6. On March 31, 2016, Goldman's counsel informed Plaintiffs that Goldman's counsel was representing Scott Evans, who was the head physical aluminum trader at J.Aron and Goldman between April 2010 and April 2013, leaving J.Aron in April 2013. *See* n.1; Attachment F ("I can confirm that S&C does represent Scott Evans.").

7. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Attachment C; *compare In re Nasdaq Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 531 (S.D.N.Y. 1996) (defendants' control was sufficiently present to compel production of current and former employees' CID depositions where employees were "(i) briefed by a company representative or counsel prior to the CID deposition or debriefed after the deposition; (ii) represented by counsel recommended, retained, or paid for by a company representative or counsel; or (iii) informed by a representative of defendant or defense counsel of the possibility of ordering a copy of their CID transcript") (citation omitted).

8. On April 12, 2016, Plaintiffs noticed Mr. Evans for deposition pursuant to F.R.C.P. Rule 30. Attachment H. Unlike with other ex-employees of Goldman, Plaintiffs did not have to subpoena Mr. Evans to compel his appearance in this case. Rather, Goldman apparently had sufficient control over Mr. Evans to arrange the deposition without subpoena and through mere notice. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9. On the very next day, April 13, 2016, Plaintiffs emailed Defendants regarding the text messages pertinent to the upcoming depositions (including Evans). Attachment I. Therein, Plaintiffs stated, among other things:



---

[2] Although text messages were clearly called for in Plaintiffs' requests reflected in Attachment E, for the avoidance of doubt, Plaintiffs on April 13, 2016 served an additional request calling for production of text messages, to which Goldman responded and objected on May 17, 2016. *See* Attachment F, Numbers 11 and 12 (requests restated in responses).

*Id.* Attachment I at 1.

10. Plaintiffs further asked in such email for a "meet and confer" with Goldman, if Goldman disagreed. *Id.*

11. Goldman's counsel did not respond to this email.

12. But on April 21, 2016 at about 10:30 pm, Goldman belatedly produced text messages for Leo Prichard, who was deposed on April 22, 2016. Attachment J.

13. Moreover, on Friday, May 6, 2016 at 8:01p.m. Goldman belatedly produced text messages for Chris Wibbelman whose deposition began on Tuesday, May 10, 2016. Attachment K.

14. However, the next Goldman deponent was Mr. Evans, whose deposition was held on May 13, 2016, which was the **final day** of document discovery. Unlike with Messrs. Prichard and Wibbelman, Goldman did not produce text messages for Mr. Evans and Goldman, at the same time, continued to fail to respond to Plaintiffs' April 13 email regarding text messages. See 9-11 above.





22. It is reasonable in these circumstances that the Goldman Defendants be directed to produce the Evans text messages or, in the alternative, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23. Although document discovery has ended, Plaintiffs are not requesting to open document discovery generally. Allowing this limited documentary production will not hold up any other matter in this case (especially including expert reports and class certification or summary judgment). Nor will it entail any of the typical consequences of extending the discovery deadline. But allowing such discovery will further the administration of justice by providing the parties and the Court with these highly relevant documents that may contain conspiratorial conversations or admissions. FRCP 1 and Fed.R.Civ.P. 26(b)(1).

Thank you very much.

Respectfully submitted,

*s/ Christopher Lovell*
Christopher Lovell

cc: All Counsel of Record (by ECF)

Hon. Katherine B. Forrest
June 13, 2016
Page 5 of 5

Unredacted documents have been electronically mailed to:

Rachel Cohn, Esq. (rcohn@curtis.com)
Julia Pascuzzo, Esq. (jpascuzzo@curtis.com)
Richard Pepperman, Esq. (peppermanr@sullcrom.com)
Suhana Han, Esq. (hans@sullcrom.com)
Robert Wick, Esq. (rwick@cov.com)
David W. Haller, Esq. (dhaller@cov.com)
Eliot Lauer, Esq. (elauer@curtis.com)
John Nannes, Esq. (john.nannes@skadden.com)
John Lyons, Esq. (john.lyons@skadden)
Walter Noss, Esq. (wnoss@scott-scott.com)
Troy Terpening, Esq. (tterpening@scott-scott.com)
Derek Brandt, Esq. (derek@brandtlaw.com)
Carmen Medici, Esq. (cmedici@rgrdlaw.com)
Linda Nussbaum, Esq. (lnussbaum@nussbaumpc.com)