**Steyer Lowenthal Boodrookas**
    Alvarez & Smith LLP attorneys

June 16, 2016

<u>Via ECF</u>

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007-1312

    Re: *In re Aluminum Warehousing Antitrust Litig.*, No. 13-md-2481 (KBF) (S.D.N.Y.)

Dear Judge Forrest:

    I write on behalf of the Class and Individual Plaintiffs ("Plaintiffs"), pursuant to Rule 37 of the Federal Rule of Civil Procedure, Local Rules 26.2 and 37.2, and Rule 2(F) of Your Honor's Individual Rules of Practice in Civil Cases. The Plaintiffs request an order compelling Glencore Ltd. to produce documents identified on its revised privilege log or, in the alternative, conduct an *in camera* review of the documents identified herein.

### A. Nature of the Dispute/Meet and Confer Process

    On Friday, April 29, 2016, Glencore Ltd. produced a privilege log identifying documents withheld from production in this case. On May 12, 2016, Plaintiffs filed a motion to compel Glencore to produce documents and a supplemental privilege log. On May 17, 2016, the Court denied the motion without prejudice and set a June 16, 2016 deadline to file subsequent motions related to privilege logs. On May 27, 2016 Glencore produced a revised privilege log and hundreds of pages of documents it had previously withheld on privilege grounds. *See* Attachment A. After reviewing Glencore's newly produced documents and revised privilege log, Plaintiffs sent an email to Glencore's counsel on June 14, 2016 identifying continuing issues related to Glencore's revised privilege log and requesting to meet and confer. The parties met and conferred on June 15, 2016 but were unable to resolve all issues in dispute. *See* Attachment B.

### B. Plaintiffs' Request for Relief

    **Plaintiffs request entry of an order compelling Glencore Ltd. to produce all documents identified on the revised privilege log that fall into the following categories: 1) communications that do not involve an attorney; 2) communications made for a purpose other than requesting or providing confidential legal advice; and 3) communications disclosed to third parties. In the alternative, Plaintiffs request that the Court conduct an *in camera* review of the documents to assess whether the privilege has been asserted properly as to each document.**

### C. Plaintiffs' Argument

    The attorney-client privilege applies to "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *In re County of Erie,* 473 F.3d 413, 419 (2d

One California Street  Third Floor      San Francisco  California 94111      Tel  415 421 3400      Fax  415 421 2234

Steyer Lowenthal Boodrookas
   Alvarez & Smith LLP attorneys

The Honorable Katherine B. Forrest                                                                    Page 2
June 16, 2016

Cir. 2007); s*ee also United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). As the Second Circuit has repeatedly held, "the burden is on the party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship." *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.), *cert. denied*, 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987). Glencore Ltd. has failed to meet its burden of establishing the essential elements of the attorney-client privilege for the following three reasons.

### 1. Communications Not Involving An Attorney

First, the revised privilege log identifies communications that fail to involve any attorney for Glencore Ltd. *Securities and Exchange Commission v. Beacon Hill Asset Management LLC*, 231 F.R.D. 134, 143 (S.D.N.Y. 2004) ("[t]o the extent that BH relies on the attorney-client privilege to protect the spreadsheets, its index and affidavit are woefully inadequate. The index does not identify who prepared the spreadsheets or the attorney to whom each was sent. *Thus, the index fails to identify an essential element of the attorney-client privilege, namely the existence of an attorney-client communication*.") (emphasis added). Numerous entries on Glencore's revised privilege log fail to identify an attorney for Glencore Ltd. as a party to the communication. Moreover, the descriptions of the communications do not state that the documents contain confidential legal advice.[1] Plaintiffs request entry of an order compelling Glencore to produce these and other similar documents identified on its revised privilege log.[2]

### 2. Communications Made for a Purpose Other than Requesting or Providing Confidential Legal Advice

Second, the revised privilege log includes entries for which the primary purpose of the communication appears to be related to business advice, not confidential legal advice. Not every communication sent to or from an attorney is protected by the attorney-client privilege. *U.S. Postal Serv. v. Phelps Dodge Ref. Corp.*, 852 F. Supp. 156, 160 (E.D.N.Y. 1994) ("the mere fact that a communication is made directly to an attorney, or an attorney is copied on a memorandum, does not mean that the communication is necessarily privileged."). In the context of communications with in-house counsel, such as here, the question of whether the attorney-client privilege applies poses "special problems" because "in-house counsel often serve dual roles as legal advisors and business consultants." *Complex Systems, Inc. v. ABN AMRO Bank N.V.*, 279 F.R.D. 140, 150 (S.D.N.Y. 2011). A document may be withheld on the

---

[1] For example, entry 757 refers to a "Sunday Times Article" sent by Scheiner to Glencore employees (none of whom is a lawyer) on July 29, 2013. The description is "Forwarded press article to Shaun Teichner and Glencore personnel." However, Teichner is not identified as one of the persons to whom the article was sent, nor is there any indication that the article was sent for the purpose of requesting legal advice. *See also* entry 758.

[2] The entries that fall within this category include: 31-32, 60-72, 75-78, 119-126, 326-328, 696-702, 757, 758, 873-878, 1111-1112, 1126-1127, 1169-1175.

Steyer Lowenthal Boodrookas
Alvarez & Smith LLP attorneys

The Honorable Katherine B. Forrest                                                    Page 3
June 16, 2016

basis of the attorney-client privilege when "the predominant purpose of the communication is to render or solicit legal advice." *County of Erie,* 473 F.3d at 420. Moreover, even if a business decision can be viewed as both business and legal evaluations, the business aspects of the decision are not protected simply because legal considerations are also involved." *Complex Systems,* 279 F.R.D. at 150 (quotation marks and citation omitted); *TVT Records v. Island Def Jam Music Grp.,* 214 F.R.D. 143, 144 (S.D.N.Y. 2003) ("only those communications related to legal, as contrasted with business, advice are protected"). Here, a review of the entries shows that many appear to relate to business advice rather than legal advice.[3]

For many of these entries, Plaintiffs are unable to discern how Glencore determined to withhold certain documents sent to the same individuals bearing the same subject/title on or about the same date, but withheld others. For example, the entries that contain the Subject/Title "Fw: Sapa/Glencore Agts." appear to be email communications and draft contracts related to negotiations between Glencore Ltd. and Sapa Group. *See* Attachment C. Yet, the revised privilege log identifies similar documents that have been withheld. *See* Attachment A, entries 303-325, 331-338, 348-357, 818-827, 850-853, 873-890, 947-969. *See also* entries 632-658, 664-671, 680-682, 689-691, 693-695 and Attachment D ("Re: Alexin Spot Contract 2013 Q3-Q4"); entries 119-168 and Attachment E ("Wise – Revised Docs"); entries 659-663, 672-673 and Attachment F (GLEN-ALI-0800155) (Re: JP Morgan"). The attorney-client privilege may be waived if the "holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication." *In re Kidder Peabody Sec. Litig.,* 168 F.R.D. 459, 468 (S.D.N.Y. 1996). Plaintiffs request an *in camera* review of the documents identified herein to determine if Glencore waived the privilege or if the communications relate to business advice as opposed to legal advice. *County of Erie,* 473 F.3d at 421-422 (judge reviewed documents *in camera* to determine if they contained privileged communications).

### 3. Communications Disclosed to Third Parties

Third, the voluntary disclosure of a confidential communication to a third party waives the privilege. *National Education Training Group, Inc. v. Skillsoft Corp.,* 1999 WL 378337, at *3 (S.D.N.Y. June 10, 1999). It appears that several of the entries on the revised privilege log were shared with third parties. Plaintiffs request entry of an order compelling Glencore Ltd. to produce these and any other similar documents.[4]

---

[3] The entries that fall within this category include: 185-196, 198-199, 202-227, 250-253, 262-302, 363-382, 404-409, 774-777, 828-831, 858-859, 861-872, 891-910, 985-986, 993-1001, 1002-1048, 1063-1069, 1073-1097, 1188-1205.

[4] The entries that fall within this category include: 21-24, 236-237, 329-330, 340-341, 363-382, 410-417, 420-423, 632-648, 764-767, 854-857, 891, 908-911, 921-923, 985-986, 990-992, 1002-1004, 1029-1033, 1058-1061, 1065-1069, 1082-1097, 1206-1247.

Steyer Lowenthal Boodrookas
   Alvarez & Smith LLP attorneys

The Honorable Katherine B. Forrest                                                                                          Page 4
June 16, 2016

                                  Sincerely,

                                  /s/ *Jill M. Manning*

                                  Jill M. Manning

cc:     All counsel (*via ECF*)