# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

June 17, 2016

Via ECF

The Honorable Katherine B. Forrest,
    United States District Court,
        Southern District of New York,
            500 Pearl Street,
                New York, New York  10007.

               Re:    *In re Aluminum Warehousing Antitrust Litig.*, 13-md-2481 (KBF)

Dear Judge Forrest:

      I write on behalf of the Goldman Sachs defendants in response to plaintiffs' June 13, 2016 letter, filed with the Court on June 14, 2016, seeking to compel Defendants to produce data showing (a) their "deliveries of LME futures," and (b) their "daily physical positions of aluminum on and off-warrant for locations in and outside of the United States." (Letter at 1.)

      As an initial matter, plaintiffs filed this motion without exhausting the meet-and-confer process, as required by Rule 2.F of Your Honor's Individual Rules of Practice. Plaintiffs apparently did so based on the mistaken belief that June 13 was the deadline to file motions to compel on document-related issues. Under this Court's prior orders, however, fact discovery closed on May 13, 2016, and the Court simply permitted both sides to take up to ten additional depositions by June 13, 2016. (*See* June 13, 2016 Scheduling Order ¶ 1, Dkt. No. 988.) The time to seek additional documents therefore has passed.

      Moreover, as explained below, the information that plaintiffs request in their motion already has been or will be produced to them. To the extent that plaintiffs identify any missing information in Defendants' production, Defendants are willing to discuss those issues with them, as they have done over the last several months.

      ***Deliveries of Aluminum to Settle LME Futures Positions.*** Plaintiffs move to compel the production of "data showing" Defendants' "deliveries of LME futures."

(Letter at 1.)[1] Defendants already produced or agree to produce documents sufficient to show such information for the relevant period. In particular, pursuant to the parties' agreed-upon search protocol, for the period April 2011 to December 2014, Defendants produced hundreds of LME Sword Reports prepared at that time containing daily information about aluminum deliveries (both incoming and outgoing) to satisfy LME futures positions. (*See, e.g.,* GS-METRO-00643303; GS-METRO-00758654; GS-METRO-00847166.) For the period November 2009 to March 2011, Defendants prepared reports at that time containing this same information. Because these reports did not "hit" on the agreed-upon search terms, they were not produced to plaintiffs. Notwithstanding plaintiffs' untimely request, Defendants agree to produce these reports from November 2009 to March 2011 in response to such request so that the Court need not be burdened by plaintiffs' unwarranted motion. These reports, along with the LME Sword Reports, contain all of the information requested by plaintiffs, except the identity of the counterparties to the LME futures transactions—which Defendants do not possess because these transactions are executed and settled through the LME.

***Daily On- and Off-Warrant Holdings of Aluminum.*** Plaintiffs also seek to compel the production of daily information about Defendants' on- and off-warrant holdings of physical aluminum. Once again, Defendants already have produced extensive information about their on- and off-warrant holdings of aluminum, including spreadsheets that contain reconciled on- and off-warrant holdings of physical aluminum in any U.S. or non-U.S. warehouse location on a monthly basis. (*See* GS-METRO-01244068; GS-METRO-01244069; GS-METRO-00479350; GS-METRO-00729259.) Defendants undertook the substantial burden and expense of creating these spreadsheets and validating the information contained in them in response to plaintiffs' requests. During the period for fact discovery, plaintiffs raised issues concerning the monthly data but never objected to receiving that information on a monthly basis. They instead requested in January 2016 additional monthly information for holdings of physical aluminum outside of the United States, which Defendants agreed to produce in February in an effort to avoid a discovery dispute. (*See* GS-METRO-00729259; GS-METRO-01244069.) In April 2016, plaintiffs then asked questions about the accuracy of certain information in the monthly spreadsheets. It was not until June 7, after the discovery

---

[1] During a meet-and-confer call on May 9, 2016, Defendants identified the specific information relating to LME futures that they were planning to produce, and plaintiffs raised no objection. Pursuant to the parties' agreement, on May 10, Defendants produced to plaintiffs a spreadsheet containing the agreed-upon information. (*See* GS-METRO-01245375.) After Defendants undertook the substantial burden and expense of creating such spreadsheet, plaintiffs requested additional information relating to LME futures on May 23.

The Honorable Katherine B. Forrest                                                                    -3-

deadline had passed, that plaintiffs objected to Defendants' production of such data on a monthly basis and insisted on daily information.

In any event, plaintiffs already have much of the information they now seek. The daily LME Sword Reports produced by Defendants contain information sufficient to show Defendants' *daily* on-warrant holdings of physical aluminum for the period April 2011 to December 2014. (*See, e.g.*, GS-METRO-00847168; GS-METRO-00835794.) For the period November 2009 to March 2011, the reports that Defendants have agreed to produce in response to plaintiffs' untimely request concerning LME futures deliveries also reflect Defendants' daily on-warrant holdings for that period. Defendants also already have produced documents that contain daily information on their off-warrant holdings. In particular, Defendants have produced hundreds of Base Metals Trading Inventory Reports that contain information sufficient to show Defendants' off-warrant holdings of aluminum on a daily basis. (*See, e.g.*, GS-METRO-00524584–GS-METRO-00524590; GS-METRO-00533068–GS-METRO-00533074.)

In short, because fact discovery closed over a month ago, the time to seek additional documents and data has long passed, and Defendants already produced or agree to produce the information plaintiffs now request. Their motion therefore should be denied in its entirety.

Respectfully,

Suhana H. Han

cc:     All Counsel (via ECF)