**Steyer Lowenthal Boodrookas**
    **Alvarez & Smith LLP** attorneys

June 27, 2016

<u>Via ECF</u>

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007-1312

      Re:    *In re Aluminum Warehousing Antitrust Litig.*, No. 13-md-2481 (KBF) (S.D.N.Y.)

Dear Judge Forrest:

      I write on behalf of the Class and Individual Plaintiffs ("Plaintiffs") in reply to Glencore Ltd.'s opposition (ECF 1007, "Opposition") to Plaintiffs' letter motion to compel (ECF 996, "Motion"). The burden is on Glencore, the party asserting the privilege, to provide evidence that each element of the attorney-client privilege is met as to each document. It has failed to do so. What Glencore has submitted instead are vague descriptions and conclusory statements unsupported by any case law. Because Glencore has failed to meet its burden, the Court should grant Plaintiffs' Motion and order Glencore to produce the documents at issue or, in the alternative, conduct an *in camera* review of the documents.

      **A.  Nature of the Dispute/Meet and Confer Process**

      Glencore spends over half of its Opposition criticizing Plaintiffs for failing to meet and confer. Glencore's recitation of the history of the meet and confer process contains numerous material omissions and is irrelevant to the present Motion. Glencore and the Plaintiffs have met and conferred *twice* regarding Glencore's two privilege logs over six weeks and have narrowed (but not resolved) the issues in dispute. Plaintiffs complied with the Court's May 17, 2016 Order by filing the Motion on June 16, 2016.

      Glencore's timeliness objection is not well taken. It was Glencore's failure to comply with the Court's order that resulted in a delay in the meet and confer process. On May 17, the Court ordered all parties who had not yet produced privilege logs to do so "immediately." ECF 975. Glencore did not produce its revised privilege log "immediately," but rather ten days later, on May 27. Four days later, on May 31, Glencore produced 431 pages of documents it previously had withheld as privileged. Those documents needed to be reviewed prior to meeting and conferring about the revised privilege log. Therefore, it was not possible for Plaintiffs' counsel to meet and confer with Glencore by May 31 given Glencore's failure to produce its revised privilege log and de-designated documents in a timely manner.

      Second, Plaintiffs offered to jointly contact the Court on June 15 to seek an extension of the June 16 deadline. Glencore's counsel, Mr. Dawes, agreed to discuss the matter with his

Steyer Lowenthal Boodrookas
   Alvarez & Smith LLP attorneys

The Honorable Katherine B. Forrest
June 27, 2016
Page 2

colleagues and revert back with a response. I did not hear back from Mr. Dawes until the following afternoon on the date Plaintiffs' motion was due. Mr. Dawes and I spoke with Your Honor's clerk who to advised that Your Honor was not available to speak with counsel. He said the parties could file a letter requesting an extension but cautioned that it was not Your Honor's practice to automatically grant extension requests. That admonition is set forth in Your Honor's Individual Rules of Practice in Civil Cases: "**The Court will make an independent determination as to all scheduling. Parties should not expect the Court to automatically accept a stipulated agreement as to timing.**" [Emphasis in original]. Given the clerk's representation, the Court's admonition and the lateness of the hour, I advised Mr. Dawes that Plaintiffs intended to file a motion to comply with the Court's Order. Plaintiffs believed the dispute to be ripe for resolution by the Court as the parties already had engaged in two meet and confer discussions and Glencore had ample time to produce the documents at issue and correct the defects on its privilege log but failed to do so.

   **B. Plaintiffs' Argument**

   **1. Glencore Failed to Submit Any Evidence to Prove the Applicability of the Attorney-Client Privilege**

Glencore states in conclusory fashion that "All of Glencore Ltd.'s Logged Entries Concern Confidential Legal Advice." Opposition at p. 3. Essentially, Glencore asks Plaintiffs and the Court to take its word. The law requires more. To meet its burden, the party asserting the privilege must submit "affidavits or other competent evidence to establish sufficient facts to prove the applicability of the privilege. [Citations omitted]. Conclusory or *ipse dixit* assertions are not enough." *Saxholm AS v. Dynal, Inc.*, 164 F.R.D. 331, 333 (E.D.N.Y. 1996); citing *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 225 (2d Cir.1984). In *Saxholm*, the court granted a motion to compel where the party asserting the privilege failed to submit evidence demonstrating the application of the privilege:

> [T]he plaintiffs have failed to submit the necessary proofs to establish the elements of the attorney-client privilege with respect to large classes of the documents they have withheld. For example, a host of documents were withheld because they were "presumably" authored by Julian Cohen, an attorney who served as a legal advisor to the deceased holder of the privilege that is asserted. No affidavit to establish that presumption was submitted by Mr. Cohen, who is apparently alive and well. Nor was any affidavit or other evidence submitted to establish the facts upon which the plaintiffs' presumption is based (typeface consistent with other documents authored by Mr. Cohen). Similarly, in some instances where the plaintiffs have sought to rely on the assertion that an author or recipient of a given document is an "agent" of an attorney or of a party, no proof of that status has been submitted. As detailed below,

Steyer Lowenthal Boodrookas
   Alvarez & Smith LLP attorneys

The Honorable Katherine B. Forrest
June 27, 2016
Page 3

> to the extent the plaintiffs have failed to submit such proofs in those and similar circumstances their assertions of privilege are rejected.

164 F.R.D. at 334. For the same reasons, Glencore's privilege assertions should be rejected by the Court.

### a. Communications Not Sent to or From An Attorney

Plaintiffs challenge the entries on Glencore's log that fail to identify an attorney as a party to the communication. Glencore vaguely submits that the legal advice may remain privileged "even if the attorney subsequently drops off of the email chain." Opposition at page 3. However, Glencore submitted no affidavit from any of the attorneys declaring that the documents contain requests for confidential legal advice. Additionally, Glencore submitted no evidence that the attorneys identified on its privilege log are licensed to practice law. Only communications between a represented party and that party's licensed attorneys are subject to attorney-client privilege. *Malletier v. Dooney & Bourke, Inc.,* 2006 WL 3476735, at *17 (S.D.N.Y. Nov. 30, 2006) ("American law ... gives no protection to the communications of an unlicensed attorney."). Absent any evidence supporting the application of the attorney-client privilege to the communications at issue, the Court should grant Plaintiffs' motion.

### b. Communications Made for a Purpose Other than Requesting or Providing Confidential Legal Advice

Similarly, Glencore failed to submit any evidence supporting its assertion that the challenged entries contain communications that were made for the primary purpose of seeking or providing legal advice. Instead, Glencore states in conclusory fashion that "it has reviewed these documents and made a good faith determination that they concern legal advice." Opposition at p. 4. Glencore's "good faith determination" is not sufficient to meet its burden.

Glencore's asssertion that the subject lines of the emails conclusively establish that the emails contain confidential legal advice is also suspect. First, Glencore's counsel admitted during the meet and confer discussion that the email subject lines do not always accurately describe what is in the email: "email chains sometimes split, but continue to bear the same subject line, or change topics without the email subject line being updated." *See* ECF 1007-3. Second, the fact that a communication was sent to an attorney is not dispositive of whether the communication is protected by the attorney-client privilege. Many of the documents Glencore belatedly de-designated and produced on June 20 were sent to Glencore attorneys, evidencing the fact that Glencore employees regularly copied legal counsel on emails that do not request or provide confidential legal advice. *See* ECF 1007-4.

Steyer Lowenthal Boodrookas
   Alvarez & Smith LLP attorneys

The Honorable Katherine B. Forrest
June 27, 2016
Page 4

      Glencore ignored Plaintiffs' argument that it waived the privilege by producing some documents but withholding others that were sent to and from the same individuals on or about the same date and bearing the same subject/title. Motion at p. 3. Glencore's response that some of the documents contain legal advice and others do not misses the point. By producing documents that disclose a significant part of the communication but withholding others, Glencore may have waived the privilege. The Court should grant Plaintiffs' motion and conduct an *in camera* review of the documents identified herein to determine if Glencore waived the privilege or if the communications relate to business advice as opposed to legal advice.

### c. Communications Disclosed to Third Parties

      Finally, Glencore has submitted no evidence of the identities of the parties who sent and received the challenged communications. During the meet and confer discussion, Glencore's counsel stated that none of the entries challenged by Plaintiffs involved third parties but was unable to identify who all of the parties to the communications were. For example, entries 21-24 were sent to sextonfam@optonline.net. Glencore's counsel stated during the meet and confer discussion that he believed the email address is a personal email address of a Glencore employee. However, he was unable to identify the employee or confirm his belief. Glencore could have remedied these deficiencies in its log by providing a list identifying the authors and recipients of the communications at issue as required by the Local Rules.[1] Or Glencore could have provided an affidavit in support of its Opposition identifying the authors and recipients. It did neither.

      Plaintiffs respectfully request the Court grant the Motion.

                                        Sincerely,

                                        /s/ *Jill M. Manning*

                                        Jill M. Manning

cc:    All counsel (*via ECF*)

---

[1] The local rules require production of the information identifying "(iv) the author of the document, the addressees of the document, and any other recipients, *and, where not apparent, the relationship of the author, addressees, and recipients to each other*; . . . ." U.S. Dist. Ct. Rules S. & E.D.N.Y., Local Civil Rule 26.2(a)(2)(A) (emphasis added).