Steyer Lowenthal Boodrookas
    Alvarez & Smith LLP attorneys

July 12, 2016

Via ECF

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007-1312

> Re: *In re Aluminum Warehousing Antitrust Litig.,* No. 13-md-2481 (KBF) (S.D.N.Y.)

Dear Judge Forrest:

I write on behalf of the Class and Individual Plaintiffs ("Plaintiffs"), pursuant to Rule 37 of the Federal Rule of Civil Procedure, Local Rules 26.2 and 37.2, and Rule 2(F) of Your Honor's Individual Rules of Practice in Civil Cases. Plaintiffs file this renewed letter motion pursuant to Your Honor's June 28, 2016 Order (Dkt. 1011) respectfully requesting entry of an order compelling Glencore to produce documents identified on its second revised privilege log or, in the alternative, an *in camera* review of the documents identified herein.

### A. Nature of the Dispute/Meet and Confer Process

On May 12, 2016, Plaintiffs filed a motion to compel Glencore to produce documents and a supplemental privilege log. The Court denied the motion without prejudice and set a June 16, 2016 deadline for all parties to file motions related to privilege logs. (Dkt. 975). On May 27, 2016 Glencore produced a revised privilege log and on May 31, 2016 produced 431 pages of documents it had previously withheld on privilege grounds. Plaintiffs filed a second motion to compel on June 16, 2016, in compliance with the Court's May 17 Order. On June 20, 2016, Glencore produced a second revised privilege log ("privilege log") (Ex. A) and an additional 637 pages of documents. On June 28, 2016, the Court denied Plaintiffs' motion without prejudice and set a July 12, 2016 deadline to file a renewed motion. *See* Dkt. 1011. On July 6, 2016, Plaintiffs and Glencore met and conferred regarding the remaining issues in dispute. On July 7, 2016, Glencore agreed to produce additional documents and affidavits in support of its privilege assertions. On July 11, 2016, Glencore produced a Declaration of A. Robert Dawes (Ex. B) and additional documents. The parties have been meeting and conferring about Glencore's privilege assertions since early May. Plaintiffs respectfully submit that these issues are ripe for resolution by the Court.

### B. Request for Relief

**Plaintiffs request entry of an order compelling Glencore Ltd. to produce all documents identified on the privilege log that fall into the following categories: 1) communications with foreign in-house counsel; 2) communications involving business**

Steyer Lowenthal Boodrookas
   Alvarez & Smith LLP attorneys

The Honorable Katherine B. Forrest
July 12, 2016
Page 2

**advice; and 3) communications regarding the same subject matter as documents produced by Glencore. In the alternative, Plaintiffs request that the Court conduct an *in camera* review of the documents to assess whether the privilege has been asserted properly as to each document.**

### C. Argument

The attorney-client privilege applies to "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007); see also *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). The Second Circuit instructs that the privilege "should be strictly confined within the narrowest possible limits underlying its purpose." *United States v. Goldberger & Dubin, P.C.*, 935 F.2d 501, 504 (2d Cir. 1991). It is undisputed that the burden is on Glencore, the party asserting the privilege "to establish those facts that are the essential elements of the privileged relationship." *Von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.), *cert. denied*, 481 U.S. 1015, 107 S. Ct. 1891, 95 L.Ed.2d 498 (1987). Glencore has failed to meet its burden of establishing the essential elements of the attorney-client privilege for the following three reasons.

### 1. Communications With Foreign In-House Counsel

Glencore's privilege log identifies in bold font the names of the parties to the communications who are attorneys. However, Glencore did not disclose key information about the attorneys, including whether they were licensed to practice law and, if so, in what jurisdictions. Because this information was necessary to evaluate Glencore's privilege assertions, Plaintiffs requested it during the meet and confer process. The Dawes declaration identifies Shaun Teichner as in-house counsel for Glencore International AG, located in Switzerland, who is not licensed to practice law in the United States. Ex. B, ¶8. Mr. Teichner's communications with employees of Glencore Ltd. are not protected by the attorney-client privilege.[1] Only communications with attorneys "actually [] admitted to the bar of a state or federal court" are subject to the attorney-client privilege. *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 2002 WL 31385824, at *6 (S.D.N.Y. Oct. 21, 2002); *Gucci Am. Inv. v. Guess?, Inc.*, 2011 WL 9375, at *2 (S.D.N.Y. Jan. 3, 2011) (an attorney must be "a member of the bar of a court"); *Veleron Holding, B.V. v. BNP Paribas SA*, 2014 WL 4184806, at *6 (S.D.N.Y. Aug. 22, 2014) (granting motion to compel communications with foreign attorneys).

---

[1] Exhibit A, entries 1042-1056; 1066-1110; 1156-1158; 1166-1167; 1171-1173. To the extent there are other entries on the log identifying communications with Glencore's in-house counsel who are not licensed to practice law in the United States, they should be produced as well.

Steyer Lowenthal Boodrookas
  Alvarez & Smith LLP attorneys

The Honorable Katherine B. Forrest
July 12, 2016
Page 3

       That certain of the communications between Mr. Teichner and Glencore employees were copied to Glencore's outside counsel does not create a privilege where one did not already exist. The "privilege does not shield documents merely because they were transferred to or routed through an attorney." *Res. Trust Corp. v. Diamond,* 773 F. Supp. 597, 600 (S.D.N.Y.1991); *Andritz Sprout-Bauer, Inc. v. Beazer East,* 174 F.R.D. 609, 633 (E.D. Pa. 1997) ("[w]hat would otherwise be routine, non-privileged communications between corporate officers or employees transacting the general business of the company do not attain privileged status solely because in-house or outside counsel is 'copied in' on correspondence or memoranda.").

### 2. Communications Involving Business Advice

       The privilege log includes entries for which the primary purpose of the communication appears to be related to business advice, not confidential legal advice. In the context of communications with in-house counsel, such as here, the question of whether the attorney-client privilege applies poses "special problems" because "in-house counsel often serve dual roles as legal advisors and business consultants." *Complex Systems, Inc. v. ABN AMRO Bank N.V.,* 279 F.R.D. 140, 150 (S.D.N.Y. 2011). A document may be withheld on the basis of the attorney-client privilege when "the predominant purpose of the communication is to render or solicit legal advice." *County of Erie,* 473 F.3d at 420. Moreover, even if a business decision can be viewed as both business and legal evaluations, the business aspects of the decision are not protected simply because legal considerations are also involved." *Complex Systems,* 279 F.R.D. at 150 (quotation marks and citation omitted). As this Court noted, "[i]n determining whether the 'predominant purpose of the communication is to render or solicit legal advice,' the communication 'should be assessed dynamically and in light of the advice being sought or rendered, as well as the relationship between advice that can be rendered only by consulting the legal authorities and advice that can be given by a non-lawyer.'" *Regeneron Pharmaceuticals, Inc. v. Merus B.V.,* 2014 WL 11344040, at \* 2 (S.D.N.Y. Dec. 5, 2014). Here, a review of the entries shows that many appear to involve business advice rather than legal advice. [2]

       To meet its burden, the party asserting the privilege must submit "affidavits or other competent evidence to establish sufficient facts to prove the applicability of the privilege. Conclusory or *ipse dixit* assertions are not enough." *Saxholm AS v. Dynal, Inc.,* 164 F.R.D. 331, 333 (E.D.N.Y. 1996) [citations omitted]. In *Saxholm,* the court granted a motion to compel where the party asserting the privilege failed to submit evidence demonstrating the application of the privilege:

---

[2] Exhibit A, entries 248-251, 361-380, 402-407, 826-829, 856-858, 859-870, 890-904, 983-984, and 988-996.

Steyer Lowenthal Boodrookas
    Alvarez & Smith LLP attorneys

The Honorable Katherine B. Forrest
July 12, 2016
Page 4

> [T]he plaintiffs have failed to submit the necessary proofs to establish the elements of the attorney-client privilege with respect to large classes of the documents they have withheld. For example, a host of documents were withheld because they were "presumably" authored by Julian Cohen, an attorney who served as a legal advisor to the deceased holder of the privilege that is asserted. No affidavit to establish that presumption was submitted by Mr. Cohen, who is apparently alive and well. Nor was any affidavit or other evidence submitted to establish the facts upon which the plaintiffs' presumption is based (typeface consistent with other documents authored by Mr. Cohen).

164 F.R.D. at 334. Here, the Dawes declaration is insufficient to meet Glencore's burden. The declaration consists of conclusions, not facts, and Mr. Dawes is not among the attorneys on the log who provided or was requested to provide the advice in question.

### 3. Selective Disclosure of Communications

The attorney-client privilege may be waived if the "holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication." *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 468 (S.D.N.Y. 1996). Glencore has withheld documents sent to the same individuals bearing the same subject/title on or about the same date, but produced others (including those sent to legal counsel). For example, the entries that contain the Subject/Title "Fw: Sapa/Glencore Agts." appear to be email communications and draft contracts related to negotiations between Glencore Ltd. and Sapa Group. *See* ECF 996-3. Yet, the revised privilege log identifies similar documents that have been withheld. *See* Ex. A, entries 303-315, 329-337, 346-356, 816-825, 871-888, 945-968. *Compare also* entries 630-656, 662-669, 678-680, 687-689, 691-693 to ECF 996-4 ("Re: Alexin Spot Contract 2013 Q3-Q4"); entries 119-168 to ECF 996-5 ("Wise – Revised Docs"); entries 657-661 and 670-671 to ECF 996-6 ("Re: JP Morgan").

Plaintiffs respectfully request the Court grant the motion.

Sincerely,

/s/ *Jill M. Manning*

Jill M. Manning

cc:   All counsel (*via ECF*)