# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ALMATY ASHGABAT ASTANA BEIJING BUENOS AIRES DUBAI FRANKFURT GENEVA HOUSTON

ISTANBUL LONDON MEXICO CITY MILAN MUSCAT PARIS ROME WASHINGTON, D.C.

ATTORNEYS AND COUNSELLORS AT LAW

101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE +1 212 696 6000
FACSIMILE +1 212 697 1559
WWW.CURTIS.COM

A. ROBERT DAWES
TEL: +1 212 696 6191
FAX: +1 917 368 8981
E-MAIL: ardawes@curtis.com

July 12, 2016

<u>VIA ECF</u>

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007-1312

> Re:   *In re Aluminum Warehousing Antitrust Litigation*
> No. 13-MD-2481 (KBF) (S.D.N.Y.)

Dear Judge Forrest:

I write on behalf of Glencore Ltd., pursuant to Rule 37 of the Federal Rules of Civil Procedure, Local Rules 26.2 and 37.2, and Rule 2(F) of Your Honor's Individual Rules of Practice in Civil Cases. Glencore Ltd. requests an order compelling Plaintiffs Agfa Corporation and Agfa Graphics, N.V. (together, "Agfa"), Eastman Kodak Company ("Kodak"), Fujifilm Manufacturing U.S.A., Inc. ("Fujifilm"), and Mag Instrument, Inc. ("Mag") (together, the "Individual Plaintiffs" or "IPs") to produce certain documents identified on their privilege logs, or, in the alternative, for the Court to conduct an *in camera* review of the documents identified herein.

## A.   The IPs Failed to Meet and Confer with Glencore Ltd. in Good Faith

The IPs produced their privilege logs both shortly before and after they filed their first motion to compel against Glencore Ltd. on May 12, 2016. Previously, Glencore Ltd. had requested a global meet and confer to discuss both Plaintiffs' and Glencore Ltd.'s privilege logs. Instead of completing the meet and confer process, Plaintiffs prematurely attempted to involve the Court. Glencore Ltd. filed a letter the next day, on May 13, 2016, specifying a host of critical inadequacies with the IP privilege logs it had received at that time (ECF No. 972).

On May 17, 2016, the Court denied Plaintiffs' motion to compel and ordered the parties to return to the meet and confer process in order to "deal with all privilege log issues at one times to insure consistency as to all logs and all parties." (ECF No. 975) (the "May 17 Order"). The Court directed the parties to complete the meet and confer process "over the next two weeks" – *i.e.*, no later than May 31, 2016. *Id.* While Glencore Ltd. set about producing a

revised and expanded privilege log in response to Plaintiffs' queries, and produced additional documents, Plaintiffs did not even attempt to meet and confer regarding their motion to compel until well after the two weeks had expired (and over two weeks after Glencore Ltd. had produced its revised privilege log). As described in Glencore Ltd.'s opposition letter on June 23, 2016 (ECF No. 1007), at that time, Glencore Ltd. believed the meet and confer period had long passed.

Despite initially agreeing with Glencore Ltd. to extend the meet and confer period again, Plaintiffs filed a second motion to compel on June 16, 2016. The Court denied this motion as well, resetting the schedule and inviting "either party" to file a renewed letter motion by July 12, 2016 (ECF No. 1011). Glencore Ltd. remained committed to resolving any questions Plaintiffs had about Glencore Ltd.'s revised privilege log without the Court's involvement, but also insisted that Plaintiffs agree to meet and confer about their privilege logs as well.

On July 5, 2016, IP counsel wrote to Glencore Ltd. counsel that they would be "happy to talk to you about IP logs." *See* Attachment A. In fact, as a precondition to meeting and conferring about the IPs' privilege logs, IP counsel requested that the parties conduct separate calls for each group of privilege logs, and demanded that Glencore Ltd. first provide them with a written list of specific problems with their logs. *See* Attachment B. Glencore Ltd. immediately complied with both conditions, and scheduled calls with opposing counsel. But at the scheduled time, IP counsel reversed its position and refused to discuss the issues Glencore Ltd. had identified, aside from admitting that the Agfa log listed certain documents that had already been produced.

The IPs now refuse to meet and confer regarding their privilege log, applying standards and time limitations to Glencore Ltd. that the IPs themselves have flagrantly violated. In fact, Plaintiffs' filing from earlier today (ECF No. 1020) includes an entirely new issue with respect to Glencore Ltd.'s privilege log (regarding communications with "foreign" attorneys) that Plaintiffs never raised prior to the Court's last order denying their motion to compel, in disregard of the meet and confer process and the schedules set by the Court for the parties to identify and discuss privilege log issues in good faith.

## B. **The IPs' Privilege Logs Are Grossly Deficient**

As described in detail below, Agfa, Kodak, Fujifilm, and Mag have provided grossly deficient privilege logs that fail to support their assertions of attorney-client privilege.

### 1. **Entries That Fail To Identify Any Attorneys**

First, on many entries, the IPs' privilege logs fail to identify any attorneys.[1] Mag's log does not identify any attorneys at all.[2] The Agfa, Fujifilm, and Kodak logs frequently cite communications purportedly with a "legal department" rather than indicating which (or whether)

---

[1] *See e.g.,* Attachment C (AGFA_0064355, AGFA_0072592, AGFA_0076188, AGFA_0199942); Attachment D (KODAK_105644, KODAK_105645, KODAK_105647).
[2] *See generally* Attachment F.

any attorneys were involved.[3] But for each purportedly privileged document, a party claiming privilege must identify each attorney by name and indicate that he or she is an attorney. *See In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 84 (S.D.N.Y. 2006) ("Without identifying the legal professional whose participation gives rise to the privilege claim, the plaintiffs cannot sustain their burden of establishing that the relevant individual is of a status that qualifies for the protection of the attorney-client privilege."), *abrogated on other grounds by In re Queen's Univ. at Kingston*, 820 F.3d 1287 (Fed. Cir. 2016); *NextG Networks of N.Y., Inc. v. City of New York*, No. 03 Civ. 9672RMBJCF, 2005 WL 857433, at *2 (S.D.N.Y. Apr. 13, 2005) ("Indeed, in some instances neither the author nor the recipient of the supposedly privileged document is identified except by name, and it is consequently impossible to determine whether either is an attorney."). Logged documents that did not involve an attorney should be produced.

## 2. Entries That Are Not Communications

Many of the entries on the IPs' privilege logs that are marked as attorney-client privileged do not appear to be communications at all, but are merely freestanding documents.[4] For example, document AGFA_0059415 is described as a freestanding "spreadsheet" that allegedly contains "legal advice and services of counsel regarding business strategy." Document KODAK_107938 is described as a "Contract," and in the "Author" field, the log merely states, "Document approved by the legal department." Neither of these documents appear to be a communication. The attorney-client privilege protects only "*communications . . .* between a client and his or her attorney." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (emphasis added) (citing *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007)). Logged documents marked as privileged that are not communications should be produced.

## 3. Entries That Do Not Contain Legal Advice

Several of the entries on the IPs' privilege logs do not even purport to contain confidential legal advice,[5] such as the Mag documents CTRL00004503 and CTRL00004504, which are described only as "Mag communication with outside counsel." These documents must also be produced. *See S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 164 (S.D.N.Y. 2014) (rejecting attorney-client privilege claim because, *inter alia*, the log was "lacking . . . any basis to conclude that the document contains legal advice that reflects a client confidence").

---

[3] *See e.g.*, Attachment C (AGFA_0025053, AGFA_0025352, AGFA_0055494, AGFA_0059415, AGFA_0060296, AGFA_0061497, AGFA_0070809, AGFA_0107411); Attachment E (FUJIFILM_056972, FUJIFILM_056978, FUJIFILM_056997, FUJIFILM_057008, FUJIFILM_057083, FUJIFILM_057085, FUJIFILM_057088, FUJIFILM_057167, FUJIFILM_057252); Attachment D (KODAK_107938-47).
[4] *See e.g.*, Attachment C (AGFA_0059415, AGFA_0064335, AGFA_0070809, AGFA_0076188, AGFA_0107411, AGFA_0199155, AGFA_0199353); Attachment E (FUJIFILM_056972, FUJIFILM_056978, FUJIFILM_057083, FUJIFILM_057088, FUJIFILM_057167, FUJIFILM_057252, FUJIFILM_057346); Attachment D (KODAK_107938-45).
[5] *See* Attachment F (CTRL00004503, CTRL00004504).

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 4                                                            July 12, 2016

### 4. Attachments Not Logged

None of the IPs' privilege logs properly identify email attachments, if there are any, which is not evident from the face of the logs.[6] "[C]ourts appear to expect that attachments, like earlier strings in e-mail correspondence, need to be treated separately and logged as such absent an agreement of the parties or an order of the court providing otherwise." *Abu Dhabi Com. Bank v. Morgan Stanley & Co., Inc.*, No. 08 Civ. 7508 SAS, 2011 WL 3738979, at *4 (S.D.N.Y. Aug. 18, 2011), *report and recommendation adopted*, No. 08 Civ. 7508 SAS, 2011 WL 3734236 (S.D.N.Y. Aug. 24, 2011). These attachments were never logged and must be produced or properly listed on a revised privilege log.

**As described above, Glencore Ltd. respectfully requests that the Court compel the Individual Plaintiffs to produce the documents identified herein, or in the alternative, for the Court to review these documents *in camera* to assess Plaintiffs' assertions of privilege.**

Sincerely,

A. Robert Dawes

CC: All Counsel of Record (via ECF)

Enclosures:

Attachment A: Email from Walter Noss to Robert Dawes dated July 5, 2016

Attachment B: Email from Jill Manning to Robert Dawes dated June 30, 2016

Attachment C: Agfa Privilege Log (filed under seal)

Attachment D: Kodak Privilege Log (filed under seal)

Attachment E: Fujifilm Privilege Log (filed under seal)

Attachment F: Mag Privilege Log (filed under seal)

---

[6] *See generally* Attachments C-F.

25992092