**Robbins Geller Rudman & Dowd LLP**

| | | | | |
|---|---|---|---|---|
| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Carmen A. Medici
cmedici@rgrdlaw.com

August 17, 2016

<u>VIA ECF</u>

The Honorable Katherine B. Forrest
United States District Court for the
   Southern District of New York
500 Pearl Street, Room 1950
New York, NY 10007

      Re:    *In re Aluminum Warehousing Antitrust Litig.*,
              No. 13-md-2481 (KBF) (S.D.N.Y.)

Dear Judge Forrest:

      FLPs write to the Court regarding the letter submitted yesterday by Southwire and Reynolds (ECF No. 1048) to flag an issue. Since 2013, FLPs, along with the IPs, have been working to build a strong case against defendants, logging tens of thousands of hours in time and millions in expenses investigation and pursuing claims against the well-funded defendants in this case. Since the filings of the original complaints, Plaintiffs have, among other things:

- Investigated and developed a case, filing several amended complaints, each with more detail relating to the conspiracy than the last;

- Hired and worked extensively with several experts to gain industry expertise, draft complaints, draft discovery requests, prepare for depositions, etc.;

- Conducted wide-ranging discovery, including preparing for and taking and defending dozens of depositions, many of which were overseas;

- Served numerous sets of discovery requests, processed and analyzed tens of millions of pages of complex documents and data sets, identified documents for use in depositions and in Court filings;

- Negotiated countless discovery disputes with defendants and third parties and brought those disputes to the Court's attention when necessary;

- Filed and argued dispositive and non-dispositive motions;

- Defended against motions served by multiple, sophisticated defense counsel; and

- Participated in numerous case management conferences and other hearings.

We write to reserve our rights with respect to seeking contribution and reimbursement from Southwire and Reynolds and to request the Court not enter any order that may inhibit our ability to raise this issue with the Court in the future, should it become necessary.[1]

On August 4, 2016, we reached out to Southwire and Reynolds about contributing their fair share, but have not received a response. We will continue to work with them to resolve this issue. We do not anticipate this issue having any effect on defendants' or Southwire and Reynolds' proposed schedules.

Very truly yours,

CARMEN A. MEDICI

CAM:sll

cc: Robert J. Palmersheim (via Electronic Mail Only)

---

[1] Courts have found it appropriate to award fees to class counsel for the benefit conferred on individual opt-out plaintiffs. *In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 343, 351 (E.D. Pa. 2004) (approving a disbursement of funds to class counsel from a special cost account set up by counsel for opt-out plaintiff based upon the equitable benefit conferred upon the opt-out plaintiffs); *accord In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig.*, 953 F.2d 162, 166-67 (4th Cir. 1992); *accord Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 165 (3d Cir. 1973).