**COVINGTON**

BEIJING   BRUSSELS   LONDON   LOS ANGELES
NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

Robert D. Wick

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5487
rwick@cov.com

**By ECF**                                                                August 19, 2016

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

      Re:   *In Re Aluminum Warehousing Antitrust Litigation*,
              No. 13-md-2481-KBF

Dear Judge Forrest:

      The FLPs' letter of August 18, 2016 confirms that the Third Amended Complaint ("TAC") alleges no viable theory of antitrust injury and that class certification proceedings should be adjourned pending a ruling on defendants' motion for judgment on the pleadings.  The letter also fails to provide any justification for converting defendants' straightforward Rule 12(c) motion into some sort of ill-defined summary judgment motion.

      The FLPs do not deny that the Second Circuit overruled the "inextricably intertwined" theory on which they were allowed to proceed in *Aluminum II*.  They also implicitly concede that the TAC fails to allege any alternative theory of antitrust injury:  they acknowledge "gaps" in the TAC and ask this Court to consider extrinsic evidence that they hope will plug those gaps.  *See* Letter at 5.  Their letter, however, identifies no viable strategy for filling the gaps; nor does it identify any reason why this case cannot be resolved now on the pleadings.

      First, it is far too late in the day to amend the complaint in this matter yet again, as this Court confirmed in rejecting the FLPs' most recent attempt to amend.  *See* Order, ECF No. 946 (Apr. 25, 2016).  Second, the FLPs wholly ignore the fact that the Commercials and Consumers argued in the Second Circuit that they should be permitted to amend their complaints to make exactly the same allegations of antitrust injury that appear in the TAC.  The Second Circuit nevertheless held that the Commercials and Consumers "failed to allege (and could not allege) antitrust injury." *In re Aluminum Warehousing Antitrust Litigation*, 2016 U.S. App. LEXIS 14579, at *30 (2d Cir. Aug. 9, 2016).  Third, the FLPs nowhere explain how the extrinsic evidence they urge this Court to consider would overcome the Second Circuit's holding that the purported anticompetitive conduct alleged in the TAC – all of which occurred in the warehouse services market – could not cause "antitrust injury" in the primary aluminum market because it did not "directly restrain" that market, but at most caused "collateral damage" there.  *Id.* at *28-29.  To be sure, the FLPs assert that certain defendants owned significant quantities of aluminum, but they do not allege that ownership of this aluminum was anticompetitive.  The

**COVINGTON**

Hon. Katherine B. Forrest
August 19, 2016
Page 2

actual *anticompetitive* conduct asserted in the TAC is alleged to have occurred solely in the distinct market for warehouse services.

      Defendants respectfully submit that the FLPs are not entitled to yet another opportunity to amend their complaint (or, equivalently, to rely on extrinsic evidence to fill the "gaps" in that complaint).  And the Court plainly should not proceed to a class certification hearing when the operative complaint fails to plead a cognizable claim for relief, a defect that is easily addressed in the context of a Rule 12(c) motion.  For these reasons and the additional reasons set forth in the pending motion for judgment on the pleadings, defendants submit that the Court should maintain its expedited schedule on the Rule 12(c) motion and that class certification and *Daubert* proceedings should be adjourned.

                                                              Sincerely,

                                                              s/ Robert D. Wick

cc:      Counsel of Record (via ECF)