UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ALUMINUM WAREHOUSING
ANTITRUST LITIGATION

13-MD-2481 (PAE)
and all related cases

ORDER

PAUL A. ENGELMAYER, District Judge:

This case has been reassigned to my docket by the Judicial Panel on Multi-District Litigation, following the Second Circuit's August 27, 2019 decision reversing a decision granting summary judgment to defendants.

To assist the Court in its supervision of this case, by the close of business on Friday, October 4, 2019, the parties shall submit to Chambers a joint letter that includes, in separate sections:

1. A statement of the nature of the claims and the principal defenses thereto;

2. A statement identifying the plaintiffs and defendants, and, to the extent that the parties on either side have been sorted in this litigation into distinct categories, identifying the category or categories into which each party fits;

3. A statement identifying counsel for each party and describing the organizational and leadership structure in this litigation for plaintiffs and defendants, including, to the extent, if any, whether that structure is the product of court appointment;

4. A detailed account of the history of the litigation, including, but not limited, to the resolution, in the district court or on appeal, of any substantive motions;

1

5. A description of the discovery (fact and expert) that has been completed and the time period during which discovery was taken; the statement should identify (and cite by docket number) any consequential discovery motions that were resolved;

6. A description of the discovery remaining and of any schedule and/or timetable for such discovery that is either in place or suggested by the case management plan;

7. A statement confirming that, in light of the earlier dismissal of the remaining claims and the recent appellate reversal of that decision, there are presently no existing deadlines, due dates, cut-off dates, or pending motions in the litigation; or stating, if there are, what the deadlines, dates, and/or pending motions are;

8. A statement setting forth the issues outstanding in this litigation, including anticipated motions, and setting out and explaining the parties' views as to the most orderly and efficacious course of this litigation going forward, including proposed timetables for completing outstanding discovery and for litigating anticipated motions;

9. A statement of the estimated length of trial and whether a jury has been demanded;

10. A statement as to whether settlement discussions have occurred and whether there are prospects for pretrial settlement either at present or after continued progression of pretrial litigation; the parties are not to reveal settlement offers or potential terms, but if a jury trial has been demanded, the parties should set out whether any settlement offer or demand was made (the response to this item is protected under Federal Rule of Evidence 408);

11. Insofar as the lawsuit captioned *In re: Zinc Antitrust Litigation*, Nos. 14 Civ. 3728, 14 Civ. 4290, and 14 Civ. 5066, has also recently been reassigned to this Court as related to this matter, a statement identifying the parties' views as to the relationship between that litigation and this MDL, and proposing how pretrial litigation in these related matters may be managed to best

achieve efficiencies; the Court is issuing a similar order in that case, and encourages counsel to confer with counsel in that litigation so as to coordinate their responses to this question; and

12. Any other information that you believe may assist the Court in advancing this case to trial or settlement.

Counsel for plaintiffs are responsible for ensuring that counsel for all parties are alerted to this order.

Following receipt of the parties' response to this order, the Court will likely hold a prompt conference to discuss the future course of this litigation, unless the parties' response makes that course sufficiently apparent as to make a conference unnecessary. The Court schedules this conference for **Monday, November 4, 2019 at 11 a.m.** in courtroom 1305 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, N.Y. 10007.

For avoidance of doubt, pending further order after receipt of counsels' joint letter, the Court does not invite the filing of substantive or discovery motions in this litigation.

Please consult the Court's Individual Practices, available at http://www.nysd.uscourts.gov/judge/Engelmayer, with respect to communications with Chambers and related matters.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 16, 2019
       New York, New York

3