UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ALUMINUM WAREHOUSING
ANTITRUST LITIGATION

13-md-2481 (PAE)
and all related cases

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received plaintiff Eastman Kodak Company's letter motion, pursuant to 28 U.S.C. § 1782(a), "for an order permitting Kodak to use the discovery materials produced by Defendants in this action to prosecute its parallel action against Defendants in the United Kingdom," Dkt. 1212, as well as defendants' response, Dkt. 1214.

As a threshold matter, a district court possesses jurisdiction to grant a § 1782 petition if: (1) "the person from whom discovery is sought reside[s] (or [is] found) in the district of the district court to which the application is made"; (2) "the discovery [is] for use in a proceeding before a foreign tribunal"; and (3) "the application [is] made by a foreign or international tribunal or any interested person." *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 243 (2d Cir. 2018).

Of these statutory requirements, only the first is at issue here. In October 2019, the Second Circuit clarified "that § 1782's 'resides or is found' language extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019); *see id.* at 523 (evaluating § 1782 request from foreign parent company separately from its U.S. affiliate). Resolving this factor, when in dispute, thus appears to require the Court

to analyze whether it has personal jurisdiction, as described in *del Valle Ruiz*, over each of the persons from whom discovery is sought.

The parties' submissions do not make sufficiently clear the identity of the persons from whom discovery is sought, and thus do not provide sufficient basis for the Court to determine its jurisdiction. Kodak seeks to use all "the discovery materials produced by Defendants in this action," but does not specify whether it refers to the defendants in its individual case, all of the defendants in this multi-district litigation, or some other combination of current and/or past defendants. Citing pre-*del Valle Ruiz* authority, defendants, in turn, argue that most or all defendants remaining in Kodak's particular case do not "have their corporate offices and principal place of business" in the Southern District of New York. Dkt. 1214 at 3–4 (citation omitted).

The Court cannot, on these submissions, reliably determine its jurisdiction over the § 1782(a) petition. The Court accordingly directs Kodak to submit a supplemental letter of no more than 4 pages that: (1) lists the specific persons (or corporate entities) from whom it seeks discovery pursuant to § 1782; (2) sets forth the bases for jurisdiction against each person from whom discovery is sought under *del Valle Ruiz*; and (3) addresses whether the Court's jurisdiction is impacted by the fact of its presiding over this MDL, *see* 28 U.S.C. § 1407(b) (allowing district judge overseeing MDL to "exercise the powers of a district judge in any district" for pretrial proceedings), and/or the fact of defendants' participation therein. Kodak's letter is due Friday, January 24, 2020. Defendants may submit a response, also of no more than 4 pages, to the narrow issues presented in Kodak's supplemental letter by Tuesday, January 28, 2020.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: January 21, 2020
       New York, New York