UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------

IN RE ALUMINUM WAREHOUSING
ANTITRUST LITIGATION

13-md-2481 (PAE)
14-cv-6849 (PAE)

OPINION & ORDER

------------------------------------------

PAUL A. ENGELMAYER, District Judge:

Since August 2014, Eastman Kodak Company ("Kodak") has been an individual plaintiff in this multi-district litigation, No. 13 MD 2481 (PAE). *See* Dkt. 551.[1] During the course of this MDL, Defendants have produced to Kodak and other plaintiffs "millions of pages of documents," and have appeared for "dozens of depositions." Dkt. 1214 ("Def. Ltr.").[2] Counsel for Kodak have expended "an enormous [amount of] time and expense" to "analyze[] and code[]" this voluminous discovery record. Dkt. 1212 ("Pl. Ltr.") at 2.

The production and use of discovery in this MDL has been, and continues to be, governed by the Protective Order filed on May 22, 2014. Dkt. 381. Paragraph 2 of the Protective Order provides that all discovery "produced or disclosed in connection with this action shall be used solely for the prosecution or the defense of this action (including any appeal therefrom) and for no other purpose." *Id.* ¶ 2.

---

[1] Unless otherwise noted, references to docket entries in this Order refer to the docket of the Aluminum Warehousing MDL, No. 13 MD 2481 (PAE).

[2] As used in this Order, "Defendants" refers to all remaining MDL defendants, *see* Dkt. 1216 at 1 (listing defendants), as opposed to only the defendants in Kodak's operative complaint.

On November 7, 2018, Kodak and its affiliates filed a parallel claim in the English High Court against Defendants and their affiliates. Kodak's U.K. action is "analogous" to, and largely overlaps with, the present litigation. Pl. Ltr. at 1. Although the U.K. action was stayed at an early stage, it is now proceeding, and Kodak's deadline to file its detailed "Particulars of Claim" expires at the end of February 2020. As things stand, Kodak cannot use the discovery it obtained in the MDL to prosecute its parallel foreign action—even though its U.S. counsel are in physical possession of the discovery record—due to the Protective Order.

Kodak now moves for "an order permitting Kodak to use the discovery materials produced by Defendants in this action to prosecute its parallel action against Defendants in the United Kingdom." *Id.* Kodak asserts that such relief could be granted by "an order of production under [28 U.S.C.] § 1782 and/or modification of the Protective Order to allow it to use the [discovery] materials in the U.K. action." *Id.*

Modification of the Protective Order would clearly afford Kodak the relief it seeks—*i.e.*, wholesale permission to use the entire MDL discovery record, which its counsel already possesses, for its U.K. action. However, in its letter motion, Pl. Ltr., and supplemental letter, Dkt. 1216 ("Pl. Supp. Ltr."), Kodak did not address the standards for modification of a protective order or how they would apply here.[3] Kodak's apparent decision not to pursue modification through traditional means is perhaps unsurprising, given the stringent standard for such relief in this Circuit: "Where there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order granted under Rule 26(c) absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need." *SEC v.*

---

[3] Subsequent to the parties' initial letters, the Court requested supplemental briefing regarding several issues relating to Court's jurisdiction over the § 1782 motion, Dkt. 1215 ("January 21, 2020 Order"), which the parties provided, *see* Pl. Supp. Ltr.; Dkt. 1219 ("Def. Supp. Ltr.").

*TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001) (internal quotation marks and citation omitted). Defendants have unquestionably relied on the Protective Order in producing certain documents and making deponents available in this litigation. And Kodak has not addressed—much less met its burden of showing—any improvidence in the grant of the Protective Order, extraordinary circumstance, or compelling need.

Kodak instead relies entirely on § 1782. Section 1782 "provide[s] federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). A district court possesses jurisdiction to grant a § 1782 petition if:

> (1) . . . the person from whom discovery is sought reside[s] (or [is] found) in the district of the district court to which the application is made, (2) . . . the discovery [is] for use in a proceeding before a foreign tribunal, and (3) . . . the application [is] made by a foreign or international tribunal or any interested person.

*Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 243 (2d Cir. 2018).

Once a district court determines it has jurisdiction to grant a § 1782 application, it must then use its discretion in balancing a number of factors. "To guide district courts in the decision to grant a Section 1782 petition, the Supreme Court in *Intel* discussed non-exclusive factors (the '*Intel* factors')." *Id.* at 244. "The *Intel* factors are not to be applied mechanically," and "[a] district court should also take into account any other pertinent issues arising from the facts of the particular dispute." *Id.* at 245. Those factors are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court assistance"; (3) "whether the § 1782(a) request conceals an

3

attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65. If these statutory and discretionary factors are met, § 1782 provides that "[t]he district court . . . may order [the § 1782 respondent] to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a).

By its terms, § 1782 addresses the production of documents or the provision of testimony. In seeking to use § 1782 to obtain wholesale permission to transfer an entire MDL discovery record to a foreign action—despite a Protective Order prohibiting such action—Kodak attempts to fit a square peg into a round hole. As Defendants note, "Kodak does not cite a single case in which Section 1782(a) has been applied as a basis to order defendants in pending U.S. litigation"—much less in a pending MDL—"to make the entire U.S. discovery record available for use in a foreign proceeding to which the defendants are also parties." Def. Ltr. at 3.

Indeed, the few courts to address attempts to export an entire MDL discovery record through a § 1782 petition appear universally to have denied such relief.

For example, in *In re Volkswagen "Clean Diesel" Marketing, Sales Practices & Products Liability Litigation*, No. 15 MD 2672 (CRB) (N.D. Cal.) ("VW MDL"), several interested persons, represented by counsel who also represented VW MDL plaintiffs, applied for discovery pursuant to § 1782 for use in pending and contemplated foreign actions against the same defendants and their affiliates. *See* VW MDL, Dkts. 1415, 1577, 1600, 1768, 2147. This led to litigation in at least three judicial districts, in which the various defendants resided or were found: The § 1782 application for discovery from Volkswagen Group of America, Inc. ("VWGoA"), was resolved in the District of New Jersey; the § 1782 application for discovery

4

from Robert Bosch LLC (alleged inventor of the devices used by VWGoA) was resolved in the Eastern District of Michigan; and the VW MDL court, sitting in the Northern District of California, resolved the § 1782 applications for discovery from defendants purportedly residing or found in that district. *See financialright GmbH v. Robert Bosch LLC*, 294 F. Supp. 3d 721, 724 (E.D. Mich. 2018); *In re Application of Cal. State Teachers' Ret. Sys.*, No. 16. Civ. 4251 (SRC) (CLW), 2016 WL 7477753, at *4 (D.N.J. Dec. 28, 2016) ("*In re CalSTRS*"), *aff'd sub nom.*, *In re Cal. State Teachers' Ret. Sys.*, 2017 WL 1246349 (D.N.J. Apr. 3, 2017); VW MDL, Dkt. 2877.

In the New Jersey application, applicants sought an order authorizing a subpoena directing VWGoA to produce documents for use in a foreign proceeding against VWGoA's parent, Volkswagen AG. The proposed subpoena contained 27 requests, 26 of which were "tailored requests that target specific issues and seek particular documents." *In re CalSTRS*, 2016 WL 7477753, at *4. However, request number 27 sought "all documents [VWGoA and each of its members, parents, and subsidiaries] produced in the [VW MDL]." *Id.* at *1. The court granted the § 1782 application as to the first 26 requests, but directed the applicant to strike the 27th as part of its analysis of the *Intel* factors. *Id.* at *4.

In the Michigan application, applicants sought assistance obtaining discovery from Robert Bosch LLC and its affiliates for use in foreign litigation against several MDL defendants, including Robert Bosch LLC and/or its affiliates. The proposed subpoena contained 25 requests, the last of which sought "[a]ll Documents and Communications that [Bosch] produced to the plaintiffs [in the VW MDL]." *Robert Bosch LLC*, 294 F. Supp. 3d at 724. The court held that, with this request, "the Applicants make no effort to tailor their requests in any meaningful way to their purported claims . . . and instead seek to recapitulate discovery conducted in the VW MDL

5

litigation." *Id.* at 739. Accordingly, "[t]he scope of the request [was] unreasonable." *Id.* Notably, the court found it irrelevant that the VW MDL documents "would already have been reviewed for privilege and organized and could be reduced to a single thumb drive." *Id.*[4]

Similarly, the court overseeing the multi-district litigation in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (SC) (N.D. Cal.) ("CRT MDL") also denied wholesale requests to make available the entire CRT MDL discovery record for use in foreign litigation. There, the § 1782 petitioner had dropped out of the CRT MDL to pursue a similar antitrust case in South Korea against several of the CRT MDL defendants. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2012 WL 6878989, at *2 (N.D. Cal. Oct. 22, 2012), *aff'd* 2013 WL 183944 (N.D. Cal. Jan. 17, 2013). Petitioner sought the entire CRT MDL discovery record from counsel for the direct purchaser plaintiffs in the U.S. litigation. *Id.* Citing policy concerns and the *Intel* factors, the Court denied the application, noting that the petitioner "could frame a more limited § 1782 request to the particular defendants from whom it seeks discovery here." *Id.* at *4.

These multi-district litigation decisions all accord with the Second Circuit's decision in *Kiobel*, 895 F.3d at 247. In that case, the district court had granted a § 1782 application to obtain the full discovery record, which was governed by a protective order, held by a defendant's counsel for use in foreign litigation against the defendant. The Circuit reversed, holding that the district court had abused its discretion and expressing concern that, among other issues, "the district court's ruling would undermine confidence in protective orders." *Id.*

---

[4] The VW MDL Court in the Northern District of California also denied similar § 1782 applications on grounds less relevant here. *See* VW MDL, Dkt. 2877.

6

These cases counsel strongly against granting Kodak's motion in its current form. The Court will not grant a blanket motion, purportedly pursuant to § 1782, seeking all documents produced by Defendants in this MDL, filed without regard for what those documents consist of, who those Defendants are, and where they "reside" or are "found" for purposes of the statute, *see In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019).[5]

However, the Court is mindful of § 1782's broad applicability and its "twin goals" of providing "equitable and efficacious discovery procedures in United States courts for the benefit of tribunals and litigants involved in litigation with international aspects" and encouraging "foreign countries by example to provide similar means of assistance to our courts." *Id.* (citation omitted). A tightly tailored request for specific discovery pursuant to § 1782 has clear potential to be granted, so as to permit discovery of discrete materials for use in Kodak's U.K. action. And—provided a finding has been made that § 1782 authorizes the provision of designated materials in discovery—the Court would have no intention of forcing counsel for Kodak to repeat hundreds of hours of work, at great expense, to re-analyze and re-code the documents to

---

[5] Notably, even with the benefit of supplemental briefing directed at the question of the Court's jurisdiction, the Court lacks sufficient information confidently to determine jurisdiction over several of the parties from whom discovery is sought, and the Court has no information that would connect specific documents or categories of documents to specific defendants. Put differently, Kodak's assertion that the presence of at least one defendant and the discovery record in this District "should end the inquiry" is incorrect, and again highlights the mismatch between Kodak's focus on its use of *documents* and § 1782's statutory focus on the location of *persons*.

Further, despite authority construing 28 U.S.C. § 1407(b) broadly to allow a district court presiding over an MDL to exercise the powers of a district judge in any district for the purpose of supervising all pretrial proceedings, it would be a bridge too far to bootstrap that provision onto collateral proceedings brought pursuant to § 1782. Such a ruling would set a dangerous precedent that any multi-district litigation would have nationwide jurisdiction over § 1782 applications directed at any defendants. Accordingly, the Court believes the method used in the VW MDL—filing § 1782 applications in districts where each defendant actually resides or is found—provides the proper procedural path here.

which it would be independently entitled in a standalone § 1782 application. Relief from the Protective Order would then be justified to avoid such wasteful efforts with respect to the pertinent subset of discovery whose production had been approved under § 1782.

Accordingly, the Court denies, without prejudice to Kodak's right to make a tailored application or applications under § 1782, Kodak's motion for wholesale export of the discovery record in this case via modification of the Protective Order or an order pursuant to § 1782. Kodak is at leave to file proper § 1782 application(s), attaching proposed subpoenas, that make tailored requests for discovery from specified defendants who reside or are found in the district of filing.[6] Any such applications must be made in a manner that allows for particularized and thorough analyses of the statutory and discretionary § 1782 factors, which the omnibus and overbroad request made here does not permit. To the extent that Kodak prevails in any such § 1782 application as to designated documents or categories of documents, the Court would expect to order that Kodak can use its existing discovery database, for those categories of documents only, for the sole purpose of prosecuting the U.K. action.

Finally, the Court further directs Kodak and Defendants to meet and confer to narrow the scope of contested categories of documents prior to Kodak's filing of any such § 1782 petitions, and, in any event, no later than February 7, 2020.

The Clerk of Court is respectfully directed to close the motion pending at Docket 1212.

---

[6] To the extent that some such petitions are properly filed as miscellaneous actions in the Southern District of New York, the Court would be receptive to treating them as related to the above-captioned litigation.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 31, 2020
 New York, New York