UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ALUMINUM WAREHOUSING ANTITRUST LITIGATION | 13-md-2481 (PAE)<br>16-cv-5955 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

On March 3, 2020, plaintiffs Reynolds Consumer Products LLC ("Reynolds") and Southwire Company LLC ("Southwire," and together with Reynolds, "plaintiffs") and defendant Access World (USA) LLC (f/k/a Pacorini Metals USA, LLC) ("Access") submitted a joint letter regarding plaintiffs' motion to compel Access to produce certain data responsive to Request No. 11 of plaintiffs' November 22, 2019 First Request for Production of Documents, Dkt. 131 ("Joint Ltr."),[1] and a letter motion to seal certain exhibits attached thereto, Dkt. 130. Access has already produced information responsive to Request No. 11 with respect to its aluminum stock located in warehouses in the United States. At issue is whether Access should be compelled to produce structured data regarding Access's affiliates' *worldwide* aluminum warehouse stocks, including the volume and dollar value of aluminum held on- and off-warrant on a location-by-location basis.

Plaintiffs argue that Access has "control," pursuant to Federal Rule of Civil Procedure 34, over the requested data because it has the "practical ability" to obtain such information. Joint

---

[1] Unless otherwise noted, references to docket entries in this Order refer to the docket of *Reynolds Consumer Products LLC v. Glencore, Ltd.*, No. 16 Civ. 5955 (PAE) (the "*Reynolds/Southwire* Action").

Ltr. at 2 (quoting *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, No. 17 Civ. 7417, 2020 WL 635169 (S.D.N.Y. Feb. 11, 2020)). Plaintiffs argue that Access's practical ability is evidenced by periodic reports containing snapshots of such data—often in the form of summary reports and, at least occasionally, in the form of spreadsheets containing raw data—which Access received from its foreign parent affiliate in the ordinary course of business. *Id.* at 2–4.

Access, in turn, avers that it has no ability to demand or obtain worldwide data from its affiliates, despite receiving periodic reports. *See id.* at 6–10. Access supports this position with the declaration of its Chief Financial Officer, David Paddy, Dkt. 131, Ex. F ("Paddy Decl."). Paddy attests Access does not have the legal right or practical ability to query the databases of its former affiliates or otherwise to obtain the requested data on demand—and that Access would be denied if it tried. Paddy Decl. ¶ 5.

Plaintiffs have failed to carry their burden of demonstrating that Access has "possession, custody, or control," Fed R. Civ. P. 34, of the worldwide data sought. Where, as here, the party seeking discovery contests the question of "control" over documents held by another party's affiliates, district courts undertake a "highly fact-specific" inquiry in which "the burden of proof falls on the party seeking discovery." *Sicav v. Wang*, No. 12 Civ. 6682 (PAE), 2014 WL 2624753, at *4 (S.D.N.Y. June 12, 2014) (citations omitted). "Under ordinary circumstances, a party's good faith averment that the items sought . . . are not in his possession, custody, or control, should resolve the issue of failure of production." *Jackson v. Edwards*, No. 99 Civ. 0982 (JSR) (HBP), 2000 WL 782947, at *3 (S.D.N.Y. June 16, 2000) (citations omitted). Here, plaintiffs have failed to show that Access has the legal right or practical ability to obtain the

worldwide data sought by Request No. 11, and Access has averred its lack of the same, by competent proof.[2]

Accordingly, the Court denies, without prejudice, plaintiffs' motion to compel.[3] The Clerk of Court is respectfully directed to close the motions pending at dockets 130 and 131.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: March 10, 2020
New York, New York

---

[2] Plaintiffs seek, in the alternative, limited discovery as to Access's practical ability to obtain the requested information. Joint Ltr. at 6. The Court does not regard the issue as central enough to justify discovery into Access's practical ability, given Paddy's good faith averment and the undisputed fact that Reynolds and Southwire only purchased aluminum from U.S. entities, No. 13 MD 2481 (PAE), Dkt. 1223 (teleconference transcript) at 21.

[3] The parties raise in passing a separate issue regarding the use of additional search terms. *See* Joint Ltr. at 3–4 & n.3, 7. This issue does not appear to be ripe for the Court's decision. The Court accordingly directs the parties to meet and confer regarding these search terms prior to seeking additional judicial resolution—with an understanding that the Court would expect the additional search terms to be appropriate if such additional terms would be likely to produce documents (i) responsive to Request No. 11, (ii) within Access's custodial files, and (iii) without presenting an undue burden.