UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE ALUMINUM WAREHOUSING
ANTITRUST LITIGATION

This Document Relates To:

*In re Aluminum Warehousing Antitrust Litigation* (Direct Purchaser Plaintiffs), No. 14-cv-3116-PAE (S.D.N.Y.)

13-md-2481 (PAE)
14-cv-3116 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court hereby schedules oral argument in this case for Thursday, June 25, 2020, at 2:30 p.m. using the Court's teleconference system.[1]

**Dial-in Number:**   (888) 363-4749 or (215) 446-3662
**Access Code:**   468-4906

The Court additionally requests 3 joint letters from the parties, each due Friday, June 12, 2020.

The first joint letter relates to the available methods for discerning whether a purchase incorporated the Midwest Premium ("MWP"). Specifically, the Court requests a letter attaching an exemplar of each relevant category of aluminum purchase agreement for each of Alcoa, Rusal, and Rio Tinto. The letter should set forth: (i) the approximate percentage of overall transaction volume attributable to each category of contract;[2] (ii) an illustration by the FLPs, using the attached exemplar contracts, of how to determine whether the MWP was incorporated

---

[1] The Court will provide notice to the parties and the public if, as discussed on the record of last week's conference, it instead decides to hold a videoconference.

[2] For example, one category discussed was contracts that explicitly incorporate the MWP through use of a Platts term in the language of the contract, which, the FLPs represented, accounted for approximately 70% of Alcoa's sales volume.

into the price paid by the purchaser; there should be a separate such illustration for each category; and (iii) defendants' response to the FLPs' analysis for each category, explaining why the FLPs are correct or incorrect that an MWP term can be discerned from such contracts or other means.[3]

The second joint letter relates to purchases from suppliers other than Alcoa, Rusal, and Rio Tinto. Specifically, the Court requests a joint letter setting out the FLPs' view as to why—and, in practice, how—purchases from Century, Noranda, or any other producer should properly remain part of the class, and defendants' view as to why such purchases must be excluded.

The third joint letter relates to the ability to sort the 286 proposed class members by type of purchaser. The Court directs the parties to confer forthwith to confirm that they have the same list of 286 proposed class members. The joint letter should set forth the FLPs and defendants' views as to the rough breakdown of the proposed class, in terms of both percentage of members and percentage of volume, between (i) "commercial purchasers (those who want aluminum for fabrication)," Dkt. 1040 (FLPs' reply brief) at 3 (citation omitted), (ii) traders, (iii) warehouses, (iv) producers or smelters; (v) financial institutions; and (vi) other categories of purchasers. The letter should also set forth, for each group, a brief summary of the parties' view as to whether

---

[3] The Court grants permission for the parties to file the unredacted versions of the joint letters (if containing material justifying redaction) and any confidential exhibits for Court-and-party view only on ECF. The Court further directs the parties promptly to file redacted versions of the joint letters and exhibits publicly on ECF, and to provide courtesy copies of the unredacted versions to the Court via email.

and why that group should or should not be excluded from any class that the Court might certify, including practical difficulties that might arise in classifying proposed class members.[4]

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 27, 2020
       New York, New York

---

[4] The Court's understanding is that the FLPs take a broader view—that all proposed class members fit under the CFTC definition of "commercial" and the only group meriting exclusion is financial institutions. The Court requests that the FLPs nevertheless address the sub-groups the Court has identified, and that defendants engage with the FLPs broader view.