<u>**VIA ECF**</u>

March 3, 2021

Honorable Paul A. Engelmayer
U.S. District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      RE:      *In re Aluminum Warehousing Antitrust Litigation*, No. 13-md-2481
                  *Fujifilm Manufacturing U.S.A., Inc. v. Goldman Sachs & Co.*, No. 15-cv-8307
                  *Reynolds Consumer Products LLC v. Glencore AG*, No. 16-cv-5955

Dear Judge Engelmayer:

      Pursuant to the Court's February 17, 2021 minute order (Dkt. 1321), the parties jointly submit this letter to provide the Court with a brief summary and views on next steps ahead of the March 12, 2021 teleconference.

**The Class Action**

      In its summary judgment decision, Dkt. 1320, the Court dismissed in full the claims brought by FLPs Custom, Claridge, and Extruded.  The Court also dismissed the claims brought by Ampal to the extent they do not arise from transactions directly with Glencore or Century.

      FLPs intend to appeal both the class and summary judgment decisions, and are working on the best mechanism to achieve this given that Ampal still has live claims in the matter, which means the issues FLPs wish to appeal are not subject to final judgment and thus are not yet ripe for appeal. F.R.C.P. 54(b).

      FLPs are in discussion with Defendants about how to proceed given Ampal's remaining claims arise from the purchase of only 2,182 metric tons of aluminum from Glencore and Century, a fraction of the FLPs total purchases, and an even smaller fraction of the total purchases by absent class members.

      Because FLPs do not wish to sit on the sidelines while issues that affect them are decided in the appeals court by Kodak, Mag, Agfa and Fujifilm, and because of

The Honorable Paul A. Engelmayer
March 3, 2021
Page 2

the relatively small nature of their remaining claims, and being cognizant of the statute of limitations as to absent class members, Ampal and the other FLPs are in discussion with Defendants on how to preserve their remaining claims concerning purchases from Glencore and Century, as well the remaining claims of the absent class members, should FLPs be successful on appeal.

For these reasons FLPs may seek an order from the Court under F.R.C.P. 54(b) entering final judgment as to the dismissed claims or may seek a stay or dismissal as to Ampal's remaining claims, while preserving absent class members' rights to recover on purchases from Glencore and Century.

Defendants note that they have been contacted by the FLPs about the foregoing matters and will respond to a specific proposal from the FLPs once they receive one. Defendants understand that, if Ampal's claims are not dismissed in their entirety, Ampal will be subject to the agreed-upon proposed briefing schedule set forth below.

**The Individual Plaintiffs' Actions**

In its summary judgment decision, the Court dismissed the claims of the Individual Plaintiffs Agfa, Mag, Kodak, and Fujifilm in full.

**Action Filed by Reynolds Consumer Products LLC and Southwire Company, LLC**

The parties have now completed fact discovery. Defendants' motion for summary judgment on the basis of umbrella standing was not directed at claims by Reynolds and Southwire. Instead, as explained in the August 7, 2020 Joint Letter, Dkt. 1278, Defendants anticipate that they will file summary judgment motions directed at Reynolds' and Southwire's claims after the parties exchange expert reports and conduct expert discovery. Those motions will include umbrella-standing arguments to the extent applicable. If Defendants conclude that one or more summary judgment issues can be efficiently addressed following receipt of Plaintiffs' opening expert reports, Defendants anticipate raising that question with the Court by pre-motion letter following receipt of Plaintiffs' opening reports.

Reynolds and Southwire disagree that Defendants should be granted leave to file piecemeal, serial motions for summary judgment, including umbrella-standing arguments that Defendants should have filed in September 2020 (Dkt. 1286) if they believed they had them.

The Honorable Paul A. Engelmayer
March 3, 2021
Page 3

Following the Court's minute order, counsel for Reynolds and Southwire and counsel for the Defendants conferred regarding a schedule for merits expert discovery and summary judgment. The parties propose the following schedule:

- Plaintiffs' expert report(s) shall be produced (along with backup data) not later than Friday, June 11, 2021;

- Defendants' expert report(s) shall be produced (along with backup data) not later than Thursday, September 9, 2021;

- Plaintiffs' reply report(s) shall be produced not later than Tuesday, November 23, 2021;

- Expert depositions shall be completed by Thursday, December 23, 2021;

- Pre-motion conference letters shall be filed by Friday, January 7, 2022;

- Motions for summary judgment and *Daubert* shall be due not later than Monday, February 7, 2022;

- Oppositions shall be due not later than Friday, April 8, 2022; and

- Replies shall be due not later than Monday, May 23, 2022.

- A hearing on summary judgment shall be set at directed by the Court following the conclusion of briefing.

**Conference Participants for March 12, 2021**

The participants for FLPs will be Patrick Coughlin (Robbins Geller Rudman & Dowd), Linda Nussbaum (Nussbaum Law Group, P.C.) and Benjamin Jaccarino (Lovell Stewart Halebian Jacobson)

The participants for Reynolds Consumer Products LLC and Southwire Company, LLC will be David Ettinger (Honigman LLP) and Robert Palmersheim (Palmersheim & Matthew LLP).

The participant for the JPMorgan Defendants will be Robert D. Wick (Covington & Burling LLP).

The Honorable Paul A. Engelmayer
March 3, 2021
Page 4

The participant for the Goldman Sachs Defendants will be Richard C. Pepperman II (Sullivan & Cromwell LLP).

The participant for the Glencore Defendants will be Eliot Lauer (Curtis, Mallet Prevost, Colt & Mosle LLP).

The participant for Access World (USA) LLC will be Boris Bershteyn (Skadden, Arps, Slate, Meagher & Flom LLP).

Respectfully submitted,

/s/ Patrick J. Coughlin
Robbins Geller Rudman & Dowd LLP
Counsel for First Level Purchaser Plaintiffs

/s/ Linda Nussbaum
Nussbaum Law Group, P.C.
Counsel for First Level Purchaser Plaintiffs

/s/ Benjamin Jaccarino
Lovell Stewart Halebian Jacobson
Counsel for First Level Purchaser Plaintiffs

/s/ David Ettinger
Honigman LLP
Counsel for Reynolds Consumer Products LLC and Southwire Company, LLC

/s/ Robert J. Palmersheim
Palmersheim & Matthew, LLP
Counsel for Reynolds Consumer Products LLC and Southwire Company, LLC

/s/ Robert D. Wick
Covington & Burling LLP
Counsel for JP Morgan Defendants

/s/ Richard C. Pepperman II
Sullivan & Cromwell LLP
Counsel for Goldman Sachs Defendants

/s/ Eliot Lauer
Curtis, Mallet Prevost, Colt & Mosle LLP
Counsel for Glencore Defendants

/s/ Boris Bershteyn
Skadden, Arps, Slate, Meagher & Flom LLP
Counsel for Access World (USA) LLC